1 | Christopher T. Heffelfinger (SBN 118058)
2 | Nicole Lavallee (SBN 165755)
  | Anthony D. Phillips (SBN 259688)
3 | **BERMAN DEVALERIO**
  | One California Street, Suite 900
4 | San Francisco, CA 94111
  | Telephone: (415) 433-3200
5 | Facsimile: (415) 433-6282
  | Email: cheffelfinger@bermandevalerio.com
6 |       nlavallee@bermandevalerio.com
  |       aphillips@bermandevalerio.com
7
  | *Proposed Co-Lead Counsel for the Class*
8 | *and Co-Counsel for Proposed Lead Plaintiff*
  | *the Public Pension Funds*
9
  | [Additional Counsel Appear on Signature Page]

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| ANIKA R. RIECKBORN, Individually and on Behalf of All Others Similarly Situated, | **CLASS ACTION** |
| Plaintiff, | Case No. 3:13-cv-03889-WHO |
| v. | **REPLY MEMORANDUM OF THE PUBLIC PENSION FUNDS TO THE GLASSMAN GROUP'S MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF MOTION TO CONSOLIDATE, TO APPOINT VELTI INVESTOR GROUP AS LEAD PLAINTIFF AND TO APPROVE PROPOSED LEAD PLAINTIFF'S SELECTION OF COUNSEL; AND IN OPPOSITION TO ALL COMPETING MOTIONS** |
| VELTI PLC, ALEX MOUKAS, WILSON W. CHEUNG, and JEFFREY G. ROSS, | |
| Defendants. | |
| | Date: November 27, 2013 |
| | Time: 9:00 a.m. |
| | Dept.: Courtroom 2, 17th Floor |
| | Judge: Honorable William H. Orrick |
| | Complaint Filed: August 22, 2013 |

*Caption Continued on Next Page*

[3:13-cv-03889-WHO] THE PUBLIC PENSION FUNDS' REPLY MEMO ISO MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL SELECTION OF LEAD COUNSEL

| | | |
|---|---|---|
| 1 | CHRIS VAFINIS, Individually and on Behalf of All Other Persons Similarly Situated, | Case No. 4:13-cv-03954-YGR |
| 2 | | |
| 3 | Plaintiff, | Date: December 10, 2013<br>Time: 2:00 p.m.<br>Dept.: Courtroom 5, 2nd Floor |
| 4 | v. | Judge: Hon. Yvonne Gonzalez Rogers<br>Complaint Filed: August 26, 2013 |
| 5 | VELTI PLC, ALEX MOUKAS, WILSON W. CHEUNG, and JEFFREY G. ROSS, | |
| 6 | | |
| 7 | Defendants. | |
| 8 | HAN LEE, Individually and On Behalf Of All Others Similarly Situated, | Case No. 3:13-cv-04140-SI |
| 9 | Plaintiff, | Date: December 13, 2013<br>Time: 9:00 a.m. |
| 10 | v. | Dept.: Courtroom 10, 19th Floor<br>Judge: Honorable Susan Illston |
| 11 | VELTI PLC, ALEX MOUKAS, WILSON W. CHEUNG, and JEFFREY G. ROSS, | Complaint Filed: September 6, 2013 |
| 12 | | |
| 13 | Defendants. | |
| 14 | RAYMUND MANABAT, Individually and on Behalf of All Others Similarly Situated, | Case No. 3:13-cv-04606-JSC |
| 15 | Plaintiff, | Date: December 12, 2013<br>Time: 9:00 a.m. |
| 16 | VELTI PLC, ALEX MOUKAS, WILSON W. CHEUNG, JEFFREY G. ROSS, | Dept.: Courtroom F, 15th Floor<br>Magistrate Judge: Jacqueline Scott Corley |
| 17 | WINNIE W. TSO, CHRIS KASKAVELIS, DAVID W. MANN, DAVID C. HOBLEY, | Complaint Filed: October 4, 2013 |
| 18 | JERRY GOLDSTEIN, NICHOLAS P. NEGROPONTE, JEFFERIES & | |
| 19 | COMPANY, INC., RBC CAPITAL MARKETS, LLC, NEEDHAM & | |
| 20 | COMPANY, LLC, CANACCORD GENUITY INC., and THINKEQUITY LLC, | |
| 21 | | |
| 22 | Defendants. | |

28 [3:13-cv-03889-WHO] THE PUBLIC PENSION FUNDS' REPLY MEMO ISO MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL SELECTION OF LEAD COUNSEL

Lead Plaintiff movants the Public Pension Funds (an investor group comprised of St. Paul Teachers' Retirement Fund Association, the Oklahoma Firefighters Pension and Retirement System and the Newport News Employees' Retirement Fund) respectfully submit this memorandum in reply to the Memorandum of Points and Authorities in further Support of Motion to Consolidate, to Appoint Velti Investor Group as Lead Plaintiff and to Approve Proposed Lead Plaintiff's Selection of Counsel; and in Opposition to All Competing Motions (ECF No. 60) (the "Response") filed by lead plaintiff movants the Glassman Group (an investor group comprised of Bruce Glassman, James Caudle, George Syllantavos, Edward O'Connor, Leonard Doherty and Fedon John Capas).

## I. BACKGROUND

On October 21, 2013, the Public Pension Funds filed a Motion to relate and consolidate actions, to be appointed Lead Plaintiff and to have their counsel approved as Co-Lead Counsel for the putative class in the above-captioned actions. ECF No. 27. Eight other motions were filed that day, including one by Bobby Yadegar, an individual investor who alleged a loss in excess of $18 million based on transactions in Velti stock executed by accounts over which he claims to exercise authority. ECF No. 44.

After carefully reviewing the competing motions, the Public Pension Funds acknowledged that Mr. Yadegar appears to possess the "largest financial interest in the relief sought by the class," and that he appears to meet the other requirements for appointment as lead plaintiff under the Private Securities Litigation Reform Act of 1995 (the "PSLRA"). 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb). Accordingly, on November 4, 2013, the Public Pension Funds filed a Notice of Non-Opposition (ECF No. 59) to Mr. Yadegar's motion.

Also on November 4, the Glassman Group filed its Response. ECF No. 60. The Response mischaracterized the Public Pension Funds as "in-and-out traders" whose claims are atypical of class members and face unique defenses. *Id*. at 9.[1]

---

[1] Counsel for the Public Pension Funds are also perplexed by the Glassman Group's assertions against Mr. Yadegar, most notably that movant Mr. Yadegar's trading was "cut off" or difficult to understand. Response at 10-11. The Public Pension Funds had no difficulty verifying or cross-checking Mr. Yadegar's trading.

[3:13-cv-03889-WHO] THE PUBLIC PENSION FUNDS' REPLY MEMO ISO MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL   1

1    The Public Pension Funds respectfully submit this Reply to correct the record and to reiterate that, if called upon to do so, they will fulfill the lead plaintiff requirements of the PSLRA, including those of adequacy and typicality under Rule 23 of the Federal Rules of Civil Procedure.

**II.    ARGUMENT**

The Glassman Group's contention that the Public Pension Funds are atypical and subject to unique defenses because they are in-and-out traders who sold before the final partial disclosure is mistaken on two levels.

First, the Public Pension Funds are ***not*** "in-and-out" traders and, thus, do have standing to pursue the alleged claims. The term "in-and-out" trader refers to an investor that bought and sold its securities ***prior to*** a curative disclosure. *Brown v. China Integrated Energy, Inc.*, No. CV 11-02559 MMM (PLAx), 2011 U.S. Dist. LEXIS 151131, at *37 (C.D. Cal. Aug. 29, 2011) ("An '***in and out***' trader is one who bought *and sold* its securities prior to a curative disclosure.") (emphasis in original) (*citing In re Veritas Software Corp. Sec. Litig.*, 496 F.3d 962, 966 (9th Cir. 2007)).

In this case, the complaints allege either three or four dates as those on which the market learned the truth about Velti: May 15, 2012, November 14, 2012, March 12, 2013 and August 21, 2013. *See, e.g.*, ECF No. 1 at ¶¶ 32-33, 39, 47; *see also* Class Action Complaint for Violations of the Federal Securities Laws, at ¶ 41, *Vafinis v. Velti, plc*, No. 13-cv-03954-YGF (N.D. Cal. Aug. 26, 2013), ECF No. 1 ("*Valfinis* Cmplt.") (also alleging a March 12, 2013 curative disclosure). The company's stock price declined in response to each of these disclosures by $2.88, $2.27, $0.71 and $0.66 per share, respectively. ECF No. 1 at ¶¶ 34, 40, 48; *Valfinis* Cmplt. at ¶ 42.

As evidenced by the trading records submitted in support of their motion, each of the Public Pension Funds purchased Velti common stock that they held through May 15, 2012, November 14, 2012 and, in St. Paul's case, through March 12, 2013, which were the first three disclosure dates and resulted in the largest stock drops. *See* ECF Nos. 29-5 (St. Paul Teachers' Retirement Fund Association: final sale on March 12, 2013), 29-6 (Oklahoma Firefighters

Pension and Retirement System: final sale on January 11, 2013), and 29-7 (Newport News Employees' Retirement Fund: final sale on November 15, 2012). Thus, the Public Pension Funds purchased shares that were inflated by defendants' alleged fraud and then sold those shares upon the revelation of the true facts, as did all prospective class members.

Because they held through multiple disclosure dates, there can be no dispute that the Public Pension Funds have suffered losses caused by the alleged fraud and, thus, have standing to pursue this case. *China Integrated Energy*, 2011 U.S. Dist. LEXIS, at *41 ("[L]oss causation can be established by partial market disclosures that cause the price of the stock to decline."); *accord Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 346 (2005) (holding that defendant's misrepresentation must be the proximate cause of plaintiff's economic loss); and *c.f. In re Cornerstone Propane Partners, L.P.*, No. C 03-2522-MHP, 2006 U.S. Dist. LEXIS 25819, at *30 (N.D. Cal. May 3, 2006) (concluding that only "plaintiffs who sold their stock before . . . the first corrective disclosure occurred, did not suffer any loss causally related to defendants' alleged misrepresentations.").

Second, the fact that the Public Pension Funds sold before the *final* partial disclosure does not render them atypical or subject to unique defenses. Since they did not sell their shares prior to the *first* revelation of the alleged false statements, the Public Pension Funds have the same interest as the rest of the investor class, i.e., in proving that defendants inflated the stock price during the Class Period, and would therefore be adequate lead plaintiffs. *See, e.g.*, *In re Cornerstone*, 2006 U.S. Dist. LEXIS 25819, at *25 (certifying class to include investors who sold after first corrective disclosure but before end of class period) (*citing Dura*, 544 U.S. at 342-43); *China Integrated Energy*, 2011 U.S. Dist. LEXIS 151131, at *39 ("The fact that subsequent disclosures occurred after [movant] no longer owned [the company's] stock does not show that [movant] will be an inadequate lead plaintiff."); *see also id.* at *42 ("Since [movant] sold its China Integrated shares after [the first curative disclosure] date, and after it had suffered significant losses as a result of the plummeting stock price, there is no indication it will be subject to unique defenses that do not apply to the class as a whole."); *In re Gentiva Sec. Litig.*, 281 F.R.D. 108, 116 (E.D.N.Y. 2012) ("[W]here a putative lead plaintiff sold all its shares after

a partial disclosure of misconduct by the defendant but before the final disclosure that led to the lawsuit, that putative lead plaintiff does not face the unique defense of having to show loss causation to the extent it cannot serve as lead plaintiff.") (citation and quotation marks omitted).[2]  Moreover, it is equally well-established that at the lead plaintiff stage the court should not – and cannot – engage in a factual, expert intensive analysis to determined which partial disclosures are actionable and which are not.  *See, e.g.*, *China Integrated Energy*, 2011 U.S. LEXIS 151131, at *24 ("A wide ranging analysis is not appropriate to determine whether the movant has made a *prima facie* showing that he satisfies the requirements of Rule 23, such an inquiry should be left for consideration on a motion for class certification.") (citation and internal quotation marks omitted); *see also In re Cendant Corp. Litig.*, 264 F.3d 201, 263 (3d Cir. 2001) ("The initial inquiry . . . should be confined to determining whether the movant has made a prima facie showing of typicality and adequacy.").[3]

## III. CONCLUSION

The Public Pension Funds reiterate their non-opposition to the motion of Bobby Yadegar for appointment as lead plaintiff, as Mr. Yadegar appears to possess the largest financial interest

---

[2] The Glassman Group not only wrongly suggests that a large number of class members lack a valid claim, but also ignores the fact one of the Group's own members, George Syllantavos, himself sold all his Velti plc holdings prior to the last curative disclosure (final sale on March 19, 2013).  Certification and Loss Analysis of George Syllantavos (ECF Nos. 45-1 at p. 27-28, 45-2 at p. 16), attached as Exhibits A & B to the Declaration of Reed R. Kathrein in Support of Velti Investor Groups' Motion To Consolidate, To Appoint Themselves As Lead Plaintiffs and To Approve Proposed Lead Plaintiffs' Selection of Counsel, filed on October 21, 2013, ECF No. 45.

[3] The Glassman Group's out of Circuit cases are inapposite both because they address questions of whether plaintiffs sustained their burden of proof on class certification to show loss causation and because they are factually distinct.  In *In re Flag Telecom Holdings, Ltd. Sec. Litig.*, the Second Circuit denied class certification because plaintiffs, who sold their shares months before *any* disclosure of the fraud, failed to proffer any facts to support their leakage theory of loss causation and, thus, failed to meet their burden on class certification.  574 F.3d 29, 40 (2d Cir. 2009) ("we conclude that Plaintiffs have not presented sufficient evidence to demonstrate that the in-and-out traders will even 'conceivably' be able to prove loss causation as a matter of law, and that they therefore should not have been included in the certified class").  Similarly*,* in *In re IMAX Sec. Litig.*, 272 F.R.D. 138, 148 (S.D.N.Y. 2010) the proposed class representative bought prior to the false statements alleged and the alleged corrective disclosures did not pertain to statements relevant at the time of purchase, creating a potential loss causation defense.  Here, there is no question that the Public Pension Funds have alleged they purchased and sold Velti stock during the relevant time period and suffered losses as a result of the same corrective disclosures featured in every complaint.

in the relief sought by class. The Public Pension Funds also reiterate, however, that they possess the second largest such interest among the competing movants and that they remain willing and able to act as lead plaintiff should the Court deny Mr. Yadegar's motion.

DATED: November 12, 2013 **BERMAN DEVALERIO**

By: _/s/ Nicole Lavallee_
     Nicole Lavallee

Christopher T. Heffelfinger
Anthony D. Phillips
One California Street, Suite 900
San Francisco, CA 94111
Telephone: (415) 433-3200
Facsimile: (415) 433-6282
Email: cheffelfinger@bermandevalerio.com
      nlavallee@bermandevalerio.com
      aphillips@bermandevalerio.com

Christopher J. Keller
Eric J. Belfi
Michael W. Stocker
**LABATON SUCHAROW LLP**
140 Broadway
New York, NY 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477
Email: ckeller@labaton.com
      ebelfi@labaton.com
      mstocker@labaton.com

*Proposed Co-Lead Counsel for the Class and Co-Counsel for Proposed Lead Plaintiff the Public Pension Funds*