Reed R. Kathrein (139304)
Peter E. Borkon (212596)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
reed@hbsslaw.com
peterb@hbsslaw.com

*Attorneys for Proposed Lead Plaintiffs*

[Additional counsel listed on signature page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ANIKA R. RIECKBORN, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>VELTI, PLC, ALEX MOUKAS, WILSON W. CHEUNG, and JEFFREY G. ROSS,<br><br>Defendants. | No. 13-cv-3889 WHO<br><br>GLASSMAN GROUP'S OBJECTION TO NEW EVIDENCE SUBMITTED BY YADEGAR IN SUPPORT OF HIS REPLY MEMORANDUM<br><br>Date: November 27, 2013<br>Time: 9:00 a.m.<br>Dept: Courtroom 2, 17th Floor<br>Judge: Hon. William H. Orrick |
| CHRIS VAFINIS, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>VELTI, PLC, ALEX MOUKAS, WILSON W. CHEUNG, and JEFFREY G. ROSS,<br><br>Defendants. | No. 13-cv-3954 YGR |

010401-11 655095 V1

| | |
|---|---|
| HAN LEE, Individually and on Behalf of All Others Similarly Situated,<br><br>       Plaintiff,<br><br> v.<br><br>VELTI, PLC, ALEX MOUKAS, WILSON W. CHEUNG, and JEFFREY G. ROSS,<br><br>       Defendants. | No. 13-cv-4140 SI |
| RAYMOND MANABAT, Individually and on Behalf of All Others Similarly Situated,<br><br>       Plaintiff,<br><br> v.<br><br>VELTI, PLC, ALEX MOUKAS, WILSON W. CHEUNG, JEFFREY G. ROSS, WINNIE W. TSO, CHRIS KASKAVELIS, DAVID W. MANN, DAVID C. HOBLEY, JERRY GOLDSTEIN, NICHOLAS P. NEGROPONTE, JEFFRIES & COMPANY, INC., RBC CAPITAL MARKETS, LLC, NEEDHAM & COMPANY, LLC, CANACCORD GENUITY INC., and THINKEQUITY LLC,<br><br>       Defendants. | No. 13-cv-4606 JSC |

010401-11  655095 V1

1       Lead Plaintiff Movant, Velti Investor Group II ("VIG II" or "the Glassman Group"), consisting of Bruce Glassman, James Caudle, George Syllantavos, Edward O'Connor, Leonard Doherty, and Fedon John Capas, hereby objects to Bobby Yadegar's ("Yadegar") submission of new evidence in support of his reply memorandum – namely, the Declaration of Bobby Yadegar in Support of Reply Memorandum and Motion For Order Granting Consolidation of Related Actions, Appointment as Lead Plaintiff, and Approval of Yadegar's Selection of Lead Counsel ("Yadegar Decl."). *See* ECF No. 65-1. Under applicable Ninth Circuit law, the Court should not consider new evidence presented for the first time in support of a reply brief. In the event the Court does consider this new evidence, the new evidence underscores that, at a minimum, there is a factual dispute regarding whether Yadegar has standing to pursue the claims at issue in this case.

## I.  ARGUMENT

      The introduction of new evidence in reply papers is improper where the opposing party does not have the opportunity to respond to the new evidence. *See J.G. v. Douglas County Sch. Dist.*, 552 F.3d 786, 803 n.14 (9th Cir. 2008) ("Where new evidence is presented in a reply to a motion for summary judgment, the district court should not consider the new evidence without giving the [non-]movant an opportunity to respond.") (quoting *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996)). Courts routinely apply this rule to exclude from consideration new evidence presented for the first time in a movant's reply brief. *See e.g., Wallace v. Countrywide Home Loans, Inc.,* No. SACV 08-1463, 2009 U.S. Dist. LEXIS 110140, at *18-19 (C.D. Cal. Nov. 23, 2009) (declining to consider new evidence presented for the first time in a reply and noting that "the opposing party should not have to incur the cost and effort of additional filings ... because the movants deliberately, or more likely inadvertently, held back part of their case") (quotations omitted)); *SEC v. Private Equity Mgmt. Group, Inc.,* No. CV 09-2901, 2009 U.S. Dist. LEXIS 75158, at *21 (C.D. Cal. Aug. 10, 2009) (declining to consider new evidence submitted for the first time on reply); *Iconix, Inc. v. Tokuda,* 457 F. Supp. 2d 969, 976 (N.D. Cal. 2006) (sustaining objection to new evidence presented in reply brief); *Wolfe v. Deeb*, No. C 04-5164 CRB, 2005 U.S. Dist. LEXIS 4873, at *2 n.1 (N.D. Cal. Mar. 22, 2005) (Court "did not rely" on new arguments submitted in reply); *Davenport v. M/V*

1   *New Horizon*, No. C 01-0933 SBA, 2002 U.S. Dist. LEXIS 26811, at *7-8 (N.D. Cal. Dec. 17, 2002)
2   ("the Court refuses to consider the evidence Tosco presented in support of its reply brief.").
3         Under this well established precedent, the Court should not consider the new evidence
4   submitted by Yadegar attempting to introduce for the first time on reply that Yadegar has standing
5   and control to assert the claims of the various entities and family members he seeks to represent in
6   his motion for lead plaintiff.  Yadegar's Declaration attached three documents entitled "Assignment"
7   in which Zybr Holdings LLC, Shahla and Danny Yadegar transfer their claims related to the
8   purchase or sale of Velti securities to an entity called Ygar Capital LLC.  As articulated in their
9   opposition to Yadegar's motion for lead, the Glassman Group believes that Yadegar's motion to
10  serve as lead plaintiff is flawed because Yadegar failed to demonstrate that he personally suffered
11  injury in fact sufficient to establish constitutional standing to serve as lead plaintiff.  On reply,
12  Yadegar appears to acknowledge this deficiency when he, for the first time, attempts to offer
13  evidence demonstrating that he has constitutional standing.  Such evidence is untimely, insufficient,
14  and, in any event, does not remedy the primary flaw that the claims and control still belong to entities
15  other than Bobby Yadegar, the movant.
16        First and foremost, the purported assignments do not cure the defect in Mr. Yadegar's
17  motion.  The assignments of claims attached to the Yadegar Declaration are to Ygar Capital LLC,
18  not Bobby Yadegar.  In other words, it is Ygar Capital LLC that suffered injury.  Yadegar may only
19  have losses indirectly associated with his claim that he is the sole owner of Ygar Capital LLC;
20  Yadegar's losses are not as the owner of claims associated with the purchase or sale of Velti
21  securities.  Hence, Yadegar's fails to demonstrate that he personally has standing to assert claims on
22  behalf of purchasers or sellers and his damages are not typical of the class members he seeks to
23  represent.
24        Second, neither Yadegar's Declaration, nor the assignment of Zybr Holdings indicates Mr.
25  Yadegar's authority to bind Zybr.  As a limited liability corporation Mr. Yadegar must be a member
26  or manager to assign the claims, depending on the Articles of Organization.  See N.Y. LLC. LAW §§
27  401 and 417.  Mr. Yadegar does not offer any evidence of his relationship to Zybr or authority to
28

1  assign Zybr's claims.  Yadegar's only authority, offered in his declaration, is "over the Zybr trading
2  accounts."  Yadegar Decl., ¶ 5.
3       Third, even assuming *arguendo* that an assignment to Ygar Capital LLC would give Yadegar
4  standing – which it does not, Yadegar offers no evidence of his authority or capacity to act on behalf
5  of Ygar Capital LLC.[1]  Rather, Yadegar makes the blanket statement in his declaration that he is the
6  sole owner and operator of Ygar Capital LLC.  Such allegations of ownership and operation are
7  insufficient.  He must be a member of the LLC or manager, with authority to bind Ygar Capital LLC.
8  *Id.*  There is no explanation for why Mr. Yadegar avoids declaring such capacity.
9       Lastly, the timing of the assignments and Yadegar's PSLRA Certification raise questions.
10  While not proof of back-dating, the assignments of claims were not referred to in Yadegar's original
11  PSLRA sworn Certification, *see* ECF No. 44-1, Ex. A, -- a certification signed just one day prior to
12  filing his motion for lead.  The sworn PSLRA Certification speaks only of "authority to bring suit to
13  recover investment losses on behalf of", and not an assignment or ownership of the claims.
14  Assignments of claims made after moving to be lead plaintiff are insufficient.  *See In re IMAX Sec.*
15  *Litig.,* No. 06 Civ. 6128, 2009 WL 1905033, at *2-3 (S.D.N.Y. Jun.29, 2009), *see also In re SLM*
16  *Corp. Sec. Litig.,* 258 F.R.D. 112, 114-116 (S.D.N.Y. 2009).
17       Similarly, if Mr. Yadegar had gone through the early effort to create such carefully drafted
18  assignments to Ygar Capital LLC, why did Mr. Yadegar ultimately sue personally and keep Ygar
19  Capital LLC a non-party?
20       If the Court considers this evidence for purposes of making a *prima facia* case for standing
21  and/or typicality, the Glassman Group respectfully requests that it be provided an opportunity to

---

[1] The New York State Division of Corporations does not list a Ygar Capital Holdings LLC, only a Y-GAR Capital LLC. While we assume these are the same, we do not know for sure. The only information provided by the Division are the (1) current entity name; (2) date of organization; (3) jurisdiction, if other than New York State; (4) county location; (5) service of process address; (6) registered agent, if any; and (7) the current status of the entity. *See* http://www.dos.ny.gov/corps/faq_entity_info.page.asp. The name and address of the incorporator(s) of a corporation, organizer(s) of a limited liability company, general partner(s) of a limited partnership and partner(s) of a limited liability partnership, as well as the name and address of the filer of any document on file in the Division of Corporations, may be obtained only through the examination of documents *in person* at the Division's Albany office. *See* http://www.dos.ny.gov/corps/faq_officers_directors.page.asp .

conduct limited discovery in order to respond to this new evidence. *See e.g. A.F. Rothschild Fund v. HHS*, No. C 11-02760, 2001 U.S. Dist. LEXIS 109842, at *1 (N.D. Cal. Sept. 26, 2011) ("Given that Defendants raised new evidence in their reply brief, Plaintiff is entitled to respond."). See 15 USC § 78u–4(a)(3)(iv) to PSLRA allowing discovery ("discovery relating to whether a member or members of the purported plaintiff class is the most adequate plaintiff may be conducted by a plaintiff only if the plaintiff first demonstrates a reasonable basis for a finding that the presumptively most adequate plaintiff is incapable of adequately representing the class."). Here the Glassman Group has demonstrated a reasonable basis for finding that Bobby Yadegar is not capable of adequately representing the class. The limited discovery requested is as follows:

- All correspondence, drafts, transmittals and faxes relating to the assignments and the PSLRA certification;
- All articles of incorporation/ organization, and amendments thereto of Ygar and Zybr in effect since August 1, 2013;
- The deposition of Bobby Yadegar on the subject of the facts stated in his declaration and certification, and foundational facts relating to the same.

This discovery should be permitted now; rather than allow this case to proceed until class certification, at which time, defendants will surely raise these issues.

## II.   CONCLUSION

For the foregoing reasons, the Glassman Group's respectfully requests that the Court exclude Yadegar's Declaration in Support of the Reply Memorandum and its supporting exhibits from consideration.

Dated: November 18, 2013         HAGENS BERMAN SOBOL SHAPIRO LLP

By:  /s/ Reed R. Kathrein
      REED R. KATHREIN
Peter E. Borkon
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
reed@hbsslaw.com
peterb@hbsslaw.com

1
2
3
4
5
6
                                Steve Berman
HAGENS BERMAN SOBOL SHAPIRO, LLP
1918 Eighth Avenue, Suite 3300
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com

*Attorneys for Proposed Lead Plaintiffs*

7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**CERTIFICATE OF SERVICE**

I hereby certify that on November 18, 2013, I electronically filed the foregoing document using the CM/ECF system which will send notification of such filing to the e-mail addresses registered in the CM/ECF system, as denoted on the Electronic Mail Notice List, and I hereby certify that I have caused to be mailed a paper copy of the foregoing document via the United States Postal Service to the non-CM/ECF participants indicated on the Manual Notice List generated by the CM/ECF system.

          /s/ Reed R. Kathrein
          REED R. KATHREIN