THE WEISER LAW FIRM, P.C.
KATHLEEN A. HERKENHOFF (168562)
12707 High Bluff Drive, Suite 200
San Diego, CA 92130
Telephone:  (858) 794-1441
Facsimile:  (858) 794-1450
kah@weiserlawfirm.com

Lead Counsel for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re VELTI PLC SECURITIES LITIGATION | Master File No. 3:13-cv-03889-WHO |
| | (Consolidated with Case Nos. 3:13-cv-03954-WHO 3:13-cv-04140-WHO 3:13-cv-04606-WHO 3:14-cv-00372-WHO) |
| This Document Relates To: | |
| ALL ACTIONS. | CLASS ACTION |
| | [PROPOSED] ORDER PRELIMINARILY APPROVING PARTIAL SETTLEMENT AND PROVIDING FOR NOTICE |
| | DATE:          July 2, 2014 TIME:          2:00 p.m. CTRM:        2, 17th Floor JUDGE:       The Hon. William H. Orrick |
| | Date Action Filed: 8/22/13 |

1   WHEREAS, an action is pending before this Court styled *In re Velti PLC Securities*
2   *Litigation*, Master File No. 3:13-cv-03889-WHO (the "Action");

3   WHEREAS, the Settling Parties having made application, pursuant to Federal Rule of Civil
4   Procedure 23(e), for (i) an order preliminarily approving the settlement of this Action, in accordance
5   with a Stipulation and Agreement of Partial Settlement dated May 23, 2014 (the "Settlement
6   Agreement"), which, together with the Exhibits annexed thereto, sets forth the terms and conditions
7   for a proposed settlement of the Action between the Settling Parties; (ii) for dismissal of the Action
8   against the Released Defendants with prejudice upon the terms and conditions set forth therein; and
9   (iii) certification of the Action as a class action for settlement purposes only; and the Court having
10  read and considered the Settlement Agreement and the Exhibits annexed thereto; and

11  NOW, THEREFORE, IT IS HEREBY ORDERED:

12  1.   This order (the "Preliminary Approval Order" or "Notice Order") hereby incorporates
13  by reference the definitions in the Stipulation, and all terms used herein shall have the same
14  meanings as set forth in the Stipulation.

15  2.   The Court hereby preliminarily approves the Partial Settlement and Plan of
16  Distribution as being fair, just, reasonable and adequate to the Settlement Class, pending a final
17  hearing on the Partial Settlement.

18  **SETTLEMENT CLASS CERTIFICATION**

19  3.   Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court certifies for
20  purposes of settlement only a Settlement Class defined as all Persons who purchased or otherwise
21  acquired the Shares of Velti between January 27, 2011 and August 20, 2013, inclusive. Excluded
22  from the Settlement Class are:

23  (a)   Persons who submit valid and timely requests for exclusion from the
24  Settlement Class; and

25  (b)   Defendants, members of the immediate family of any Defendant, any person,
26  firm, trust, corporation, officer, director or other individual or entity in which any Defendant has or
27  had a controlling interest, the officers and directors of any Defendant, and legal representatives,
28  agents, executors, heirs, successors or assigns of any such excluded Person. The Defendants or any

[PROPOSED] ORDER PRELIMINARILY APPROVING PARTIAL SETTLEMENT AND PROVIDING
FOR NOTICE - 3:13-cv-03889-WHO                                              - 1 -

1   entity in which any of the Defendants has or had a controlling interest (for purposes of this

2   paragraph, together a "Defendant-Controlled Entity") are excluded from the Settlement Class only to

3   the extent that such Defendant-Controlled Entity itself purchased a proprietary (*i.e.*, for its own

4   account) interest in the Company's Shares.   To the extent that a Defendant-Controlled Entity

5   purchased Velti Shares in a fiduciary capacity or otherwise on behalf of any third-party client,

6   account, fund, trust, or employee benefit plan that otherwise falls within the Settlement Class,

7   neither such Defendant-Controlled Entity nor the third-party client, account, fund, trust, or employee

8   benefit plan shall be excluded from the Settlement Class with respect to such Velti Shares.

9       4.    Solely for purposes of this Partial Settlement and for no other purpose, the Court

10  finds that the prerequisites for a class action under Rule 23 of the Federal Rules of Civil Procedure

11  have been satisfied in that: (a) the members of the Settlement Class are so numerous that joinder of

12  all Settlement Class Members in the class action is impracticable; (b) there are questions of law and

13  fact common to the Settlement Class that predominate over any individual question; (c) the claims of

14  Plaintiffs are typical of the claims of the Settlement Class; (d) Lead Plaintiff and his counsel have

15  fairly and adequately represented and protected the interests of Settlement Class Members; and (e) a

16  class action is superior to other available methods for the fair and efficient adjudication of the

17  controversy.

18      5.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of

19  this Partial Settlement only, Plaintiffs are appointed as Class Representatives for the Settlement

20  Class and The Weiser Law Firm, P.C. is appointed as counsel to the Settlement Class.

21      6.    Pursuant to Rule 23(c) of the Federal Rules of Civil Procedure, the Court approves

22  the appointment of Strategic Claims Services as the "Claims Administrator" to supervise and

23  administer the notice procedure, as well as the processing of claims as more fully set forth below:

24      (a)    No later than ten (10) business days after entry of this Preliminary Approval

25  Order, the Claims Administrator shall cause a copy of the Notice and Claim Form, substantially in

26  the forms annexed hereto as Exhibits A-1 and A-2, respectively, to be mailed by first-class mail,

27  postage prepaid, to those members of the Settlement Class who may be identified through reasonable

28

1  effort, including through the cooperation of Velti and/or its agents as set forth below (the "Notice

2  Date");

3      (b)    A summary notice (the "Summary Notice"), substantially in the form annexed

4  hereto as Exhibit A-3, shall be published once in the national edition of *Investor's Business Daily*

5  and over the *Business Wire* no later than ten (10) business days after the Notice Date; and

6      (c)    The Notice, the Summary Notice, and the Claim Form shall also be placed on

7  the website created for this Partial Settlement, on or before the Notice Date.

8  **NOTICE TO THE CLASS**

9      7.    The Court approves the form of Notice and Summary Notice (together, the "Notices")

10  and the Claim Form, and finds that the procedures established for publication, mailing, and

11  distribution of such Notices substantially in the manner and form set forth in ¶6 of this Preliminary

12  Approval Order meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section

13  21D(a)(7) of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private

14  Securities Litigation Reform Act of 1995 (the "PSLRA"), 15 U.S.C. §78u-4(a)(7), the Securities Act

15  of 1933 (the "Securities Act"), and the Constitution of the United States, and any other applicable

16  law, and constitute the best notice practicable under the circumstances.

17      8.    Not later than five (5) days after the entry of this Order, Velti shall cause its transfer

18  agent to provide to Lead Counsel and/or the Claims Administrator, in an electronic format

19  acceptable to the Claims Administrator, the last known names and addresses of all Persons who

20  purchased or otherwise acquired Velti Shares during the Class Period.

21      9.    No later than thirty-five (35) calendar days prior to the Settlement Hearing, Lead

22  Counsel shall cause to be filed with the Clerk of this Court an affidavit or declaration of the person

23  or persons under whose general direction the mailing of the Notice and the publication of the

24  Summary Notice shall have been made, showing that such mailing and publication have been made

25  in accordance with this Preliminary Approval Order.

26      10.    Nominees who purchased Velti Shares for the benefit of another Person during the

27  Class Period are directed to send the Notice and Proof of Claim and Release form to such beneficial

28  owners of Velti Shares within ten (10) calendar days after receipt thereof, or send a list of the names

[PROPOSED] ORDER PRELIMINARILY APPROVING PARTIAL SETTLEMENT AND PROVIDING
FOR NOTICE - 3:13-cv-03889-WHO

1 and addresses of such beneficial owners to the Claims Administrator within ten (10) calendar days of

2 receipt thereof, in which event the Claims Administrator shall promptly mail the Notice and Proof of

3 Claim and Release form to such beneficial owners.

4        11.     Other than the cost of providing the names and addresses of Persons who purchased

5 Velti Shares during the Class Period to Lead Counsel and/or the Claims Administrator, all fees,

6 costs, and expenses incurred in identifying and notifying members of the Settlement Class shall be

7 paid from the Settlement Fund and in no event shall any of the Released Persons bear any

8 responsibility for such fees, costs, or expenses.

9        12.     All members of the Settlement Class (except Persons who request exclusion pursuant

10 to ¶22 below) shall be bound by all determinations and judgments in the litigation concerning the

11 Partial Settlement, including, but not limited to, the releases provided for therein, whether favorable

12 or unfavorable to the Settlement Class, regardless of whether such Persons seek or obtain by any

13 means, including, without limitation, by submitting a Proof of Claim and Release form or any

14 similar document, any distribution from the Settlement Fund or the Net Settlement Fund.

15        13.     If not already done so prior to entry of this Preliminary Approval Order, no later than

16 ten (10) calendar days after the Stipulation was filed with the Court, the Settling Defendants shall

17 cause to be issued any settlement notice required by the Class Action Fairness Act of 2005.

18       **HEARING: RIGHT TO BE HEARD**

19        14.     A hearing (the "Settlement Hearing") shall be held before this Court on _____,

20 2014, at ___ _.m., at the San Francisco Courthouse of the United States District Court for the

21 Northern District of California, 450 Golden Gate Avenue, Courtroom 2, San Francisco, CA, to

22 determine whether the proposed Partial Settlement of the Action on the terms and conditions

23 provided for in the Settlement Agreement is fair, reasonable, and adequate to the Settlement Class

24 and should be approved by the Court; to determine whether a Judgment as provided in ¶ 1.9 of the

25 Settlement Agreement should be entered; to determine whether the proposed Plan of Distribution

26 should be approved; to determine any amount of fees and expenses that should be awarded to Lead

27 Counsel for their service to the Settlement Class; to hear any objections by Settlement Class

28 Members to the Settlement Agreement, Plan of Distribution, or any award of fees and expenses to

1  the Lead Counsel and to the Lead Plaintiff; and to consider such other matters as the Court may

2  deem appropriate.

3     15.    Papers in support of the Partial Settlement, the Plan of Distribution, and Lead

4  Counsel's application for attorneys' fees and reimbursement of expenses shall be filed no later than

5  thirty-five (35) calendar days prior to the Settlement Hearing.  Reply papers shall be filed no later

6  than seven (7) calendar days prior to the Settlement Hearing.

7     16.    At or after the Settlement Hearing, the Court shall determine whether the Plan of

8  Distribution proposed by Lead Counsel, and any application for attorneys' fees and expenses should

9  be approved.

10    17.    Any Member of the Settlement Class may appear at the Settlement Hearing and show

11  cause why the proposed Partial Settlement embodied in the Stipulation should or should not be

12  approved as fair, reasonable, adequate and in the best interests of the Settlement Class, or why the

13  Judgment should or should not be entered thereon, and/or to present opposition to the Plan of

14  Distribution or to the application of Lead Counsel for attorneys' fees and reimbursement of

15  expenses.

16    18.    No Settlement Class Member or any other Person shall be heard or entitled to object

17  to the approval of the terms and conditions of the Partial Settlement, or, if approved, the Judgment to

18  be entered thereon approving the same, or the terms of the Plan of Distribution or the application by

19  Lead Counsel for an award of attorneys' fees and reimbursement of expenses, unless that Settlement

20  Class Member or Person has: (i) filed a written objection with the Clerk of the Court no later than

21  _____, including the basis for such objection as well as copies of any papers and/or briefs in

22  support of his, her, or its position, and (ii) served, by hand or first-class mail, the same to the

23  following counsel for receipt no later than twenty-one (21) calendar days prior to the Settlement

24  Hearing:

25        THE WEISER LAW FIRM, P.C.
          ROBERT WEISER
26        22 Cassatt Avenue
          Berwyn, PA 19312
27
28        Counsel for Lead Plaintiff

WILSON SONSINI GOODRICH
& ROSATI, Professional Corporation
BORIS FELDMAN
CYNTHIA A. DY
650 Page Mill Road,
Palo Alto, CA 94304

Counsel for Settling Defendants

Any member of the Settlement Class who does not make his, her, or its objection in the manner provided herein shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the proposed Partial Settlement as incorporated in the Settlement Agreement, to the Plan of Distribution, and to the award of attorneys' fees and expenses to Plaintiffs' Counsel, unless otherwise ordered by the Court.

19.     The Court reserves the right to alter the time or the date of the Settlement Hearing without further notice to the members of the Settlement Class, provided that the time or the date of the Settlement Hearing shall not be set at a time or date earlier than the time and date set forth in ¶14 above, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Partial Settlement.  The Court may, for good cause, extend any of the deadlines set forth in this Order without further notice to Settlement Class Members.  The Court may approve the Partial Settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Settlement Class.

**CLAIMS PROCESS**

20.     Settlement Class Members who wish to participate in the Partial Settlement shall complete and submit the Proof of Claim and Release form in accordance with the instructions contained therein.  Unless the Court orders otherwise, all Proofs of Claim and Release must be postmarked no later than [a date approximately 90 days from the Notice Date] _____, 2014. Any Settlement Class Member who does not submit a Proof of Claim and Release within the time provided shall be barred from sharing in the distribution of the proceeds of the Net Settlement Fund, unless otherwise ordered by the Court, but shall nevertheless be bound by any final judgment entered by the Court.  Notwithstanding the foregoing, Lead Counsel shall have the discretion to accept late-

1   submitted claims for processing by the Claims Administrator so long as distribution of the Net

2   Settlement Fund is not materially delayed or altered thereby.

3        21.     Any Settlement Class Member may enter an appearance in the Action, at his, her, or

4   its own expense, individually or through counsel of their own choice.  If they do not enter an

5   appearance, they will be represented by Lead Counsel.

6   **REQUESTS FOR EXCLUSION FROM THE CLASS**

7        22.     Any Person falling within the definition of the Settlement Class may, upon request,

8   be excluded or "opt out" from the Settlement Class.  Any such Person must submit to the Claims

9   Administrator a request for exclusion ("Request for Exclusion"), postmarked no later than [a date

10  approximately 55 days after the Notice Date] _____, 2014.  A Request for Exclusion must

11  be signed and state (a) the name, address, and telephone number of the Person requesting exclusion;

12  (b) the Person's purchases or acquisitions and sales of Velti Shares between January 27, 2011 and

13  August 20, 2013, inclusive, including the dates, the number of Velti Shares purchased or sold, and

14  price paid or received for each such purchase or sale; and (c)  that the Person wishes to be excluded

15  from the Settlement Class.  All Persons who submit valid and timely Requests for Exclusion in the

16  manner set forth in this paragraph shall have no rights under the Settlement Agreement, shall not

17  share in the distribution of the Net Settlement Fund, and shall not be bound by the Settlement

18  Agreement or any final judgment.

19       23.     Lead Counsel or the Claims Administrator shall cause to be provided to Settling

20  Defendants' counsel copies of all Requests for Exclusion, and any written revocation of Requests for

21  Exclusion within three (3) days of receipt, but in no event later than ten (10) business days before the

22  Settlement Hearing.  Copies of untimely Requests for Exclusion shall be delivered to Settling

23  Defendants' counsel by Lead Counsel or the Claims Administrator within two (2) days of receipt.

24  **MISCELLANEOUS**

25       24.     All funds held by the Escrow Agent shall be deemed and considered to be in *custodia*

26  *legis*, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be

27  distributed pursuant to the Settlement Agreement and/or further order(s) of the Court.

28

25.     The Released Persons shall have no responsibility for the Plan of Distribution or any application for attorneys' fees or expenses submitted by Plaintiffs' Counsel, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Partial Settlement.

26.     All reasonable expenses incurred in identifying and notifying Settlement Class Members as well as administering the Settlement Fund shall be paid as set forth in the Settlement Agreement.  In the event the Court does not approve the Partial Settlement, or it otherwise fails to become effective, neither Plaintiffs nor any of their counsel shall have any obligation to repay any amounts actually and properly incurred or disbursed pursuant to ¶3.7 or ¶3.8 of the Settlement Agreement.

27.     Neither the Settlement Agreement, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by the Released Defendants or any other Released Persons of the truth of any of the allegations in the Action, or of any liability, fault, or wrongdoing of any kind.

28.     All proceedings against the Released Defendants in the Action are stayed until further order of this Court, except as may be necessary to implement the Partial Settlement or comply with the terms of the Settlement Agreement.  Pending final determination of whether the Partial Settlement should be approved, neither Plaintiffs nor any Settlement Class Member, either directly, representatively, or in any other capacity shall commence or prosecute against any of the Released Persons any action or proceeding in any court or tribunal asserting any of the Released Claims.

29.     Nothing in the Partial Settlement or this Order shall resolve the class claims against the defendants Jefferies LLC, RBC Capital Markets, LLC, Needham & Company, LLC, Canaccord Genuity Inc., or Baker Tilly Virchow Krause, LLP.  The Action will continue as against these Non-Settling Defendants.

30.     Unless otherwise ordered by the Court, in the event the Stipulation shall terminate, or be canceled, or shall not become effective for any reason, within five (5) business days after written notification of such event is sent by counsel for Settling Defendants or Lead Counsel to the Escrow Agent, the Settlement Fund (including accrued interest), less expenses which have either been

1  incurred or disbursed pursuant to the Stipulation, shall be refunded pursuant to written instructions

2  from Settling Defendants' counsel.

3       31.    In the event that the Stipulation is not approved by the Court or the Partial Settlement

4  set forth in the Stipulation is terminated or fails to become effective in accordance with its terms, the

5  Settling Parties shall be restored to their respective positions in the Action as of the day immediately

6  preceding the execution of the Stipulation.   In such event, the terms and provisions of the

7  Stipulation, with the exception of ¶¶1.1-1.28, 3.7-3.9, 8.2, 9.3-9.5, 10.4-10.5, and 10.6, shall have no

8  further force and effect with respect to the Settling Parties and shall not be used in this Action or in

9  any other proceeding for any purpose, and the Settling Parties shall be deemed to return to their

10  status as of the day immediately preceding the execution of the Stipulation, and shall be required to

11  present an amended schedule to the Court.

12       IT IS SO ORDERED.

13  DATED: _____     _____

14                           THE HONORABLE WILLIAM H. ORRICK
                             UNITED STATES DISTRICT JUDGE

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A-1

THE WEISER LAW FIRM, P.C.
KATHLEEN A. HERKENHOFF (168562)
12707 High Bluff Drive, Suite 200
San Diego, CA 92130
Telephone: (858) 794-1441
Facsimile: (858) 794-1450
kah@weiserlawfirm.com

Lead Counsel for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE VELTI PLC SECURITIES LITIGATION | ) Master File No. 3:13-cv-03889-WHO |
| | ) |
| | ) CLASS ACTION |
| This Document Relates To: | ) |
| | ) NOTICE OF PENDENCY AND |
| ALL ACTIONS. | ) PROPOSED PARTIAL SETTLEMENT OF |
| | ) CLASS ACTION |
| | ) |
| | ) EXHIBIT A-1 |
| | ) |

**TO:    ALL PERSONS OR ENTITIES WHO PURCHASED OR OTHERWISE ACQUIRED THE SECURITIES OF VELTI PLC ("SHARES") BETWEEN JANUARY 27, 2011 AND AUGUST 20, 2013, INCLUSIVE.**

IF YOU ARE A CLASS MEMBER, YOU MAY BE ENTITLED TO SHARE IN THE PROCEEDS OF THE SETTLEMENT DESCRIBED IN THIS NOTICE.  TO CLAIM YOUR SHARE OF THIS FUND, YOU MUST SUBMIT A VALID PROOF OF CLAIM AND RELEASE FORM POSTMARKED ON OR BEFORE _____, 2014.

**A federal court authorized this Notice.  This is not a solicitation from a lawyer.**

This notice is not intended to be and should not be construed as an expression of any opinion by the Court with respect to the truth of the allegations in the above-captioned action or the merits of the claims or defenses asserted. This notice is merely to advise you of the pendency of this action, the proposed settlement, and your rights with respect to the proposed settlement.

**NOTICE OF PARTIAL SETTLEMENT:** Please be advised that the Court-appointed Lead Plaintiff, Bobby Yadegar and Ygar Capital LLC, plaintiff St. Paul Teachers' Retirement Fund Association, plaintiff Newport News Employees' Retirement Fund, and plaintiff Oklahoma Firefighters Pension and Retirement System (collectively with the Lead Plaintiff, "Plaintiffs"), on behalf of themselves and the Settlement Class (defined below), have reached a proposed settlement of this Action with defendants Velti plc ("Velti" or the "Company"), Wilson W. Cheung ("Cheung"), Jeffrey G. Ross ("Ross"), Winnie W. Tso ("Tso"), and Nicholas P. Negroponte ("Negroponte") (the "Settling Defendants"), for a total of Nine Million Five Hundred Thousand Dollars ($9,500,000.00) in cash that will resolve certain claims in the Action (the "Partial Settlement").[1]  THIS PARTIAL SETTLEMENT DOES NOT RESOLVE THE

---

[1]    Defendants Cheung, Ross, Tso, and Negroponte, together with Alex Moukas ("Moukas"), Chris Kaskavelis ("Kaskavelis"), David W. Mann ("Mann"), David C. Hobley ("Hobley"), and Jerry Goldstein ("Goldstein") are collectively referred to herein as the "Individual Defendants."  Mann, Hobley, Goldstein and Negroponte are collectively referred to herein as the "Director Defendants."  Defendants Moukas, Cheung, Ross, Tso, and Kaskavelis are collectively referred to herein as the "Officer Defendants."

1  CLASS CLAIMS AGAINST DEFENDANTS JEFFRIES LLC, RBC CAPITAL MARKETS,

2  LLC, NEEDHAM & COMPANY, CANACCORD GENUITY INC., OR BAKER TILLY

3  VIRCHOW KRAUSE,   LLP.  THE LITIGATION WILL CONTINUE AS AGAINST THOSE

4  DEFENDANTS.

5          This Notice has been sent to you pursuant to Rule 23 of the Federal Rules of Civil

6  Procedure and an Order of the United States District Court for the Northern District of California

7  (the "Court").  The purpose of this Notice of Pendency and Proposed Partial Settlement of Class

8  Action ("Notice") is to inform you of the proposed settlement of this securities class action

9  litigation and of the hearing to be held by the Court to consider the fairness, reasonableness, and

10  adequacy of the Partial Settlement.  This Notice explains important rights you may have,

11  including your possible receipt of cash from the Partial Settlement.  **Your legal rights will be**

12  **affected whether or not you act.  Please read this Notice carefully and in its entirety!**

13          The proposed Partial Settlement creates a fund in the amount of $9,500,000.00 plus

14  interest earned.  Your recovery will depend on the number of Velti Shares you purchased or

15  otherwise acquired, when and if you sold, and the timing and amount of those transactions.  It

16  will also depend on the number of valid Claim Forms that Settlement Class Members submit and

17  the amount of such claims. Assuming that all of the investors who purchased or otherwise

18  acquired the Shares during the Class Period and allegedly were damaged by the alleged conduct

19  participate in the Partial Settlement, Lead Counsel estimates that the estimated average

20  distribution will be as described in the Plan of Distribution herein.  Historically, less than all

21  eligible investors submit claims, resulting in higher average distributions per Share.  See the Plan

22  of Distribution below for a more detailed description of how the settlement proceeds will be

23  allocated among Settlement Class Members.

24          Plaintiffs believe that the proposed Partial Settlement is an excellent recovery and is in

25  the best interests of the Settlement Class.  There were significant risks associated with continuing

26  to litigate and proceeding through motions to dismiss and for summary judgment and trial, and if

27  the Settling Defendants prevailed at any of those stages, the Settlement Class might receive

28

nothing.  One additional significant risk factor was the Company's deteriorating financial condition and its rapidly decreasing ability to fund a judgment or settlement.  Other risk factors included the location of key witnesses outside of the U.S., especially in Greece, and the fact that much of the key information upon which Plaintiffs expect to rely is likely subject to stringent privacy and data protection laws.  In addition, the amount of damages recoverable by the Settlement Class was and is challenged by the Settling Defendants.  Recoverable damages in this case are limited to alleged losses caused by the alleged improper conduct.  The Settling Defendants deny that they are liable to Plaintiffs or the Settlement Class and deny that Plaintiffs or any other member of the Settlement Class has suffered any damage, and had the Action gone to trial, the Settling Defendants intended to assert that all of the losses of Settlement Class Members were caused by non-actionable market, industry, general economic or company-specific factors, other than the revelation of the facts alleged to be misleadingly stated or omitted.

Plaintiffs' Counsel have not received any payment for their services in conducting this Action on behalf of Plaintiffs and the members of the Settlement Class, nor have they been paid their litigation expenses.  If the Partial Settlement is approved by the Court, Lead Counsel will apply to the Court for attorneys' fees of 25% of the settlement proceeds plus expenses not to exceed $225,000, plus interest on such amounts, all of which shall be paid from the Settlement Fund.  Assuming that all of the investors who purchased or otherwise acquired Velti Shares during the Class Period and allegedly were damaged as a result of the alleged conduct participate in the Partial Settlement, and if the Court approves Lead Counsel's fee and expense application as well the Notice and administration costs, Lead Counsel estimates that the average cost of such fees and expenses will be approximately $0.03 per Share.

This Notice is not an expression of any opinion by the Court about the merits of any of the claims or defenses asserted by any party in this Action or the fairness or adequacy of the proposed Partial Settlement.

1    For further information regarding this Partial Settlement you may contact:  the claims

2  administrator (Strategic Claims Services) at (866) 274-4004 or James M. Ficaro of The Weiser

3  Law Firm, P.C., 22 Cassatt Avenue, Berwyn, PA 19312, Telephone: (610) 225-2677.  Please do

4  not call any representative of the Defendants or the Court.

5  **I.    NOTICE OF HEARING ON PROPOSED PARTIAL SETTLEMENT**

6    A hearing (the "Settlement Hearing") will be held on _____, 2014, at __:__ __.m.,

7  before the Honorable William Orrick, United States District Judge, at the San Francisco

8  Courthouse of the United States District Court for the Northern District of California, Courtroom

9  2, 450 Golden Gate Avenue, San Francisco, CA.  The purpose of the Settlement Hearing will be

10  to determine: (1) whether the Court should grant final certification of the Settlement Class for the

11  purposes of the Partial Settlement; (2) whether the Partial Settlement consisting of $9,500,000 in

12  cash plus accrued interest on the Settlement Fund should be approved as fair, reasonable, and

13  adequate to the Settlement Class; (3) whether the proposed plan to distribute the settlement

14  proceeds (the "Plan of Distribution") is fair, reasonable, and adequate; (4) whether the

15  application by Lead Counsel for an award of attorneys' fees and expenses should be approved;

16  and (5) whether the Action against the Released Defendants should be dismissed with prejudice.

17  The Court may adjourn or continue the Settlement Hearing without further notice to the

18  Settlement Class.

19  **II.    DEFINITIONS USED IN THIS NOTICE**

20    1.    "Authorized Claimant" means any member of the Settlement Class who submits a

21  timely and valid Proof of Claim and Release form and whose claim for recovery has been

22  allowed pursuant to the terms of the Stipulation.

23    2.    "Claims Administrator" means the firm of Strategic Claims Services.

24    3.    "Class Period" means the period from January 27, 2011 and August 20, 2013,

25  inclusive.

26    4.    "Defendants" means Velti, Alex Moukas, Wilson W. Cheung, Jeffrey G. Ross,

27  Winnie W. Tso, Chris Kaskavelis, David Mann, David Hobley, Jerry Goldstein, Nicholas

28

1  Negroponte, Jefferies LLC, RBC Capital Markets, LLC, Needham & Company, LLC, Canaccord

2  Genuity Inc., and Baker Tilly Virchow Krause, LLP.

3       5.     "Effective Date" means the first date by which all of the events and conditions

4  specified in ¶ 9.1 of the Stipulation have been met and have occurred.

5       6.     "Escrow Agent" means the firm of Strategic Claims Services; the escrow bank

6  shall be PNC Financial Services Group, Inc.

7       7.     "Final" means when the last of the following with respect to the Judgment

8  approving the Partial Settlement, in the form of Exhibit B attached hereto, shall occur: (i) the

9  expiration of the time to file a motion to alter or amend the Judgment under Federal Rule of Civil

10  Procedure 59(e) has passed without any such motion having been filed; (ii) the expiration of the

11  time in which to appeal the Judgment has passed without any appeal having been taken; and

12  (iii) if a motion to alter or amend is filed or if an appeal is taken, the determination of that motion

13  or appeal in such a manner as to permit the consummation of the Partial Settlement, in

14  accordance with the terms and conditions of the Stipulation.  For purposes of this paragraph, an

15  "appeal" shall include any petition for a writ of certiorari or other writ that may be filed in

16  connection with approval or disapproval of this Partial Settlement, but shall not include any

17  appeal which concerns only the issue of attorneys' fees and expenses, or any Plan of Distribution

18  of the Settlement Fund.

19       8.     "Individual Defendants" means Alex Moukas, Wilson W. Cheung, Jeffrey G.

20  Ross, Winnie W. Tso, Chris Kaskavelis, David Mann, David Hobley, Jerry Goldstein, and

21  Nicholas Negroponte.

22       9.     "Judgment" means the judgment and order of dismissal with prejudice to be

23  rendered by the Court upon approval of the Partial Settlement, substantially in the form attached

24  hereto as Exhibit B.

25       10.     "Lead Counsel" means The Weiser Law Firm, P.C., 22 Cassatt Avenue, First

26  Floor, Berwyn, PA 19312.

27       11.     "Lead Plaintiff" means Bobby Yadegar /Ygar Capital LLC.

28

12. "Net Settlement Fund" means the portion of the Settlement Fund that shall be distributed to Authorized Claimants as allowed by the Stipulation, the Plan of Distribution, or the Court, after provision for the amounts set forth in ¶ 7.4 of the Stipulation of Partial Settlement.

13. "Non-Settling Defendants" means Baker Tilly and the Underwriter Defendants.

14. "Person(s)" means an individual, corporation, partnership, limited partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and his, her or its spouses, heirs, predecessors, successors, representatives, or assignees.

15. "Plaintiffs' Counsel" means The Weiser Law Firm, Berman DeValerio, and Labaton Sucharow, LLP.

16. "Plan of Distribution" means a plan or formula of allocation of the Net Settlement Fund whereby the Settlement Fund shall be distributed to Authorized Claimants after payment of expenses of notice and administration of the Partial Settlement, Taxes and Tax Expenses and such attorneys' fees, costs, expenses, and interest and other expenses as may be awarded by the Court. Any Plan of Distribution is not part of the Stipulation and the Released Persons shall have no responsibility or liability with respect thereto.

17. "Related Persons" means, with respect to the Released Defendants, each and all of their respective present or former parents, subsidiaries, affiliates, successors and assigns and each and all of their respective present or former officers, directors, employees, employers, attorneys, accountants (except for Baker Tilly), financial advisors, commercial bank lenders, insurers (including Released Defendants' insurers and those insurers' respective businesses, affiliates, subsidiaries, parents and affiliated corporations, divisions, predecessors, shareholders partners, joint venturers, principals, insurers, reinsurers, successors and assigns, and their respective past and present employees, officers, directors, attorneys, accountants, auditors, agents and representatives), reinsurers, investment bankers, representatives, general and limited partners and partnerships, heirs, executors, administrators, successors, affiliates, agents, spouses, associates and assigns of each of them or any trust of which any Released Defendant and/or their

Related Persons is the settlor or which is for the benefit of any Released Defendant and/or their Related Persons and/or member(s) of his or her family and any entity in which any such Released Defendant and/or their Related Persons has a controlling interest.  The Non-Settling Defendants are specifically excluded from the definition of "Related Persons."

18.     "Released Claims" means any and all claims (including Unknown Claims as defined in ¶ 1.28 in the Stipulation and below), demands, rights, liabilities, and causes of action of every nature and description whatsoever, whether known or unknown, contingent or absolute, mature or immature, discoverable or undiscoverable, whether concealed or hidden, suspected or unsuspected, whether arising under federal, state, common or foreign law, which now exist, or heretofore may have existed, asserted or that could have been asserted by Plaintiffs or any Settlement Class Member against the Released Persons, arising out of: (a) the purchase or acquisition of Velti Shares during the Class Period; and (b) the  facts, events, transactions, statements, disclosures, acts, omissions, or failures to act that were or could have been alleged in the Action.  The Released Claims extend only to any and/or all Released Defendants and any and/or all of their Related Persons.  "Released Claims" includes "Unknown Claims" as defined in ¶ 1.28 hereof.

19.      "Released Defendants" means Velti, Alex Moukas, Wilson W. Cheung, Jeffrey G. Ross, Winnie W. Tso, Chris Kaskavelis, David Mann, David Hobley, Jerry Goldstein, and Nicholas Negroponte.

20.     "Released Persons" means each and all of Released Defendants in their individual and corporate capacities and each and all of their Related Persons.

21.     "Settlement Class" means all Persons (defined above) who purchased or otherwise acquired the Shares of Velti between January 27, 2011 and August 20, 2013, inclusive. Excluded from the Settlement Class are:

(a)     Persons who submit valid and timely requests for exclusion from the Settlement Class; and

(b)      Defendants, members of the immediate family of any Defendant, any person, firm, trust, corporation, officer, director or other individual or entity in which any Defendant has or had a controlling interest, the officers and directors of any Defendant, and legal representatives, agents, executors, heirs, successors or assigns of any such excluded Person.  The Defendants or any entity in which any of the Defendants has or had a controlling interest (for purposes of this paragraph, together a "Defendant-Controlled Entity") are excluded from the Settlement Class only to the extent that such Defendant-Controlled Entity itself purchased a proprietary (*i.e.*, for its own account) interest in the Company's Shares.  To the extent that a Defendant-Controlled Entity purchased Velti Shares in a fiduciary capacity or otherwise on behalf of any third-party client, account, fund, trust, or employee benefit plan that otherwise falls within the Settlement Class, neither such Defendant-Controlled Entity nor the third-party client, account, fund, trust, or employee benefit plan shall be excluded from the Settlement Class with respect to such Velti Shares.

22.      "Settlement Class Member" and "Settlement Class Members" means a Person or Persons who fall within the definition of the Settlement Class as set forth herein.

23.      "Settlement Fund" means $9,500,000 in cash paid by or on behalf of the Settling Defendants pursuant to the Stipulation, together with all interest and income earned thereon. Such amount is paid in full and complete settlement of all the Released Claims.

24.      "Settling Defendants" means Velti, Wilson W. Cheung, Jeffrey G. Ross, Winnie W. Tso, , and Nicholas Negroponte.

25.      "Settling Parties" means Settling Defendants and Plaintiffs on behalf of themselves and the Settlement Class Members.

26.      "Shares" means securities of Velti.

27.      "Underwriter Defendants" means Jefferies LLC, RBC Capital Markets, LLC, Needham & Company, LLC, and Canaccord Genuity Inc.

28.      "Unknown Claims" means any Released Claims which Plaintiffs or any Settlement Class Member does not know or suspect to exist in his, her or its favor at the time of

the release of the Released Persons which, if known by him, her or it, might have affected his, her or its settlement with and release of the Released Persons, or might have affected his, her or its decision not to object to this Partial Settlement.  With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, Plaintiffs shall expressly and each of the Settlement Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived to the fullest extent permitted by law the provisions, rights, and benefits of California Civil Code §1542, which provides:

**A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

Plaintiffs shall expressly and each of the Settlement Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code §1542. Plaintiffs and Settlement Class Members may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Claims, but Plaintiffs shall expressly, and each Settlement Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts.  Plaintiffs acknowledge, and the Settlement Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Partial Settlement of which this release is a part.

### III.   THE LITIGATION

This case is currently pending before the Honorable William H. Orrick in the United States District Court for the Northern District of California.  On and after August 22, 2013, five putative class action complaints (the "Related Actions") were filed in the Northern District of California.   On December 3, 2013, Judge Orrick entered an order consolidating the Related Actions on file as of that date (the "Action"), setting a procedure for the consolidation of future filed Related Actions, and appointing Yadegar and Ygar Capital LLC as Lead Plaintiff and The Weiser Law Firm, P.C. as Lead Counsel for the Lead Plaintiff and the putative class.

On March 14, 2014, counsel for Plaintiffs, Velti, and certain of the Individual Defendants participated in an in-person mediation (the "Mediation") before the Honorable Layn Phillips (the "Mediator").  While a settlement of the Action was not reached at the Mediation, the Settling Parties continued their ongoing dialogue with the Mediator and with each other.

On April 22, 2014, Lead Plaintiff filed a consolidated complaint (the "Complaint").  The Complaint contains five counts.  Count One alleges violations of Section 11 of the Securities Act of 1933 (the "Securities Act") against all Defendants.  Count Two alleges violations of Section 12(a)(2) of the Securities Act against the Underwriter Defendants, Velti, Moukas, Kaskavelis, Mann, Goldstein, Hobley, and Negroponte.  Count Three alleges violations of Section 15 of the Securities Act against all Individual Defendants.  Count Four alleges violations of Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") and SEC Rule 10b-5 against the Company, Baker Tilly, and the Officer Defendants.  Lastly, Count Five alleges violations of Section 20(a) of the Exchange Act against the Officer Defendants. After the Complaint was filed, the Settling Parties continued their dialogue with the Mediator and ultimately agreed to the Partial Settlement outlined in the Settlement Agreement.

### IV.   CLAIMS OF THE LEAD PLAINTIFF AND BENEFITS OF PARTIAL SETTLEMENT

Lead Plaintiff and Lead Counsel believe that the claims asserted in the Action have merit. However, Lead Plaintiff and Lead Counsel recognize and acknowledge the expense and length of

continued proceedings necessary to prosecute the Action against the Released Defendants through discovery and trial.  Lead Plaintiff and Lead Counsel also have taken into account the uncertain outcome and the risk of any litigation, especially in complex actions such as this Action, as well as the risks posed by the difficulties and delays inherent in such litigation.  Lead Plaintiff and Lead Counsel also are aware of the defenses to the securities law violations asserted in the Action.  Lead Plaintiff and Lead Counsel believe that the Partial Settlement confers substantial benefits upon the Settlement Class in light of the circumstances present here including the Company's deteriorating financial situation.  Based on their evaluation, Lead Plaintiff and Lead Counsel have determined that the Partial Settlement is in the best interests of Lead Plaintiff and the Settlement Class.

## V.     THE SETTLING DEFENDANTS' DENIALS OF WRONGDOING AND LIABILITY

The Settling Defendants have denied and continue to deny that they have violated the federal securities laws identified in the Action or any laws, and maintain that their conduct was at all times proper and in compliance with all applicable laws.  The Settling Defendants have denied and continue to deny specifically each and all of the claims and contentions alleged in the Action, along with all charges of wrongdoing or liability against them arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in the Action.

In addition, the Settling Defendants maintain that they have meritorious defenses to all claims alleged in the Action.

Nonetheless, taking into account the uncertainty, risks, and costs inherent in any litigation, especially in complex cases such as this Action, the Settling Defendants have concluded that further conduct of the Action could be protracted and distracting.  The Settling Defendants have, therefore, determined that it is desirable and beneficial to them that the Action be settled in the manner and upon the terms and conditions set forth in the Stipulation.

## VI.   DISAGREEMENT AS TO AMOUNT OF DAMAGES

The issues on which the parties disagree include: (1) whether the statements made or facts allegedly omitted were false, material, or otherwise actionable under the federal securities laws; (2) whether defendants were liable for any false or misleading statements; (3) the extent to which the various matters that Lead Plaintiff alleged were materially false or misleading influenced (if at all) the trading price of Velti Shares; (4) the extent to which external factors, such as general market conditions, influenced the trading price of Velti Shares; (5) the effect of various market forces influencing the trading price of Velti Shares; (6) whether the market was aware of the adverse facts about which Lead Plaintiff complains; and (7) the amount by which the price of Velti Shares was allegedly artificially inflated (if at all).  Lead Plaintiff and Settling Defendants do not agree on the average amount of damages per Share that would be recoverable if Lead Plaintiff were to have prevailed on each claim asserted.  The Settling Defendants deny that they have violated the federal securities laws or any laws.

## VII.   TERMS OF THE PROPOSED PARTIAL SETTLEMENT

The sum of $9,500,000 will be transferred to the Escrow Agent.  The principal amount of $9,500,000, plus any accrued interest, constitutes the Settlement Fund.  A portion of the settlement proceeds will be used for certain administrative expenses, including costs of printing and mailing this Notice, the cost of publishing a newspaper notice of the settlement, payment of any taxes assessed against the Settlement Fund, and costs associated with the processing of claims submitted.  In addition, as explained below, a portion of the Settlement Fund may be awarded by the Court to Lead Counsel as attorneys' fees and for reimbursement of expenses incurred in litigating the case.  The balance of the Settlement Fund (the "Net Settlement Fund") will be distributed according to the Plan of Distribution described below to Settlement Class Members who submit valid and timely Proof of Claim and Release forms.

## VIII.   PLAN OF DISTRIBUTION

The Net Settlement Fund will be distributed to Settlement Class Members who submit valid, timely Proof of Claim and Release forms ("Authorized Claimants") under the Plan of

1  Distribution described below.  The Plan of Distribution provides that you will be eligible to

2  participate in the distribution of the Net Settlement Fund if you have a net loss arising out of all

3  transactions involving Velti Shares purchased pursuant to, or traceable to Velti's IPO, purchased

4  pursuant to, or traceable to Velti's SPO, or purchased on the open market during the Class

5  Period.  No distributions will be made to Authorized Claimants who would otherwise receive a

6  distribution of less than $10.00.

7        For purposes of determining the amount an Authorized Claimant may recover under the

8  Plan of Distribution, Lead Counsel has consulted with their damage consultant.  The Plan of

9  Distribution does not reflect an assessment of the damages that could have been recovered at trial

10  or Lead Plaintiff's counsel's assessment of the likelihood of establishing liability.

11        The Net Settlement Fund will be distributed to Settlement Class Members who submit

12  valid, timely Proof of Claim and Release forms ("Authorized Claimants") under the Plan of

13  Distribution described below. The Plan of Distribution provides that you will be eligible to

14  participate in the distribution of the Net Settlement Fund if you have a net loss arising out of all

15  transactions involving Velti Shares purchased during the Class Period.  No distributions will be

16  made to Authorized Claimants who would otherwise receive a distribution of less than $10.00.

17  For purposes of determining the amount an Authorized Claimant may recover under the Plan of

18  Distribution, Lead Plaintiff's counsel have consulted with their damage consultant. The Plan of

19  Distribution does not reflect an assessment of the damages that could have been recovered at trial

20  or Lead Plaintiff's counsel's assessment of the likelihood of establishing liability.

21        To the extent there are sufficient funds in the Net Settlement Fund, each Authorized

22  Claimant will receive an amount equal to the Authorized Claimant's claim, as defined below. If,

23  however, and as is more likely, the amount in the Net  Settlement Fund is not sufficient to permit

24  payment of the total claim of each Authorized Claimant, then each Authorized  Claimant shall be

25  paid the percentage of the Net Settlement Fund that each Authorized Claimant's claim bears to

26  the total of  the claims of all Authorized Claimants. Payment in this manner shall be deemed

27  conclusive against all Authorized Claimants.

28

The total of all profits shall be subtracted from the total of all losses from transactions involving Velti Shares purchased during the Class Period to determine if a Settlement Class Member has a claim. Only if a Settlement Class Member had a net loss from the Velti Shares purchased during the Class Period, will such Settlement Class Member be eligible to receive a distribution from the Net Settlement Fund. A claimant's Recognized Claim will be calculated as follows:

**1.      For shares of common stock purchased between January 27, 2011 and May 15, 2012, inclusive:**

A.      For shares retained at the end of trading on August 20, 2013, the Recognized Loss shall be the lesser of:

      (1)      $7.84 per share; or
      (2)      the difference between the purchase price per share and $.30.[2]

B.      For shares sold between January 27, 2011 and May 15, 2012, inclusive the Recognized Loss shall be zero.

C.      For shares sold between May 16, 2012 and November 14, 2012 inclusive, the Recognized Loss shall be the lesser of:

      (1)      $4.92 per share; or
      (2)      the difference between the purchase price per share and the sales price per share for each share sold.

D.      For shares sold on November 15, 2012, the Recognized Loss shall be the lesser of:

      (1)      $2.63 per share; or
      (2)      the difference between the purchase price per share and the sales price per share for each share sold.

E.      For shares sold between November 16, 2012 and January 30, 2013 inclusive, the Recognized Loss shall be the lesser of:

      (1)      $2.06 per share; or
      (2)      the difference between the purchase price per share and the sales price per share for each share sold.

---

[2] Pursuant to Section 21(D)(e)(1) of the Private Securities Litigation Reform Act of 1995, "in any private action arising under this title in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated."   $.30 was the mean (average) daily closing trading price of Velti common stock during the 90-day period beginning on August 21, 2013 and ending on November 18, 2013.

F.    For shares sold between January 31, 2013 and August 20, 2013, inclusive, the Recognized Loss shall be the lesser of:

(1)    $.66 per share; or
(2)    the difference between the purchase price per share and the sales price per share for each share sold.

**2.    For shares of common stock purchased between May 16, 2012 and November 14, 2012, inclusive:**

A.    For shares retained at the end of trading on August 20, 2013, the Recognized Loss shall be the lesser of:

(1)    $4.92 per share; or
(2)    the difference between the purchase price per share and $.30.

B.    For shares sold between May 16, 2012 and November 14, 2012, inclusive, the Recognized Loss shall be zero.

C.    For shares sold on November 15, 2012, the Recognized Loss shall be the lesser of:

(1)    $2.63 per share; or
(2)    the difference between the purchase price per share and the sales price per share for each share sold

D.    For shares sold between November 16, 2012 and January 30, 2013 inclusive, the Recognized Loss shall be the lesser of:

(1)    $2.06 per share; or
(2)    the difference between the purchase price per share and the sales price per share for each share sold.

E.    For shares sold between January 31, 2013 and August 20, 2013, inclusive, the Recognized Loss shall be the lesser of:

(1)    $.66 per share; or
(2)    the difference between the purchase price per share and the sales price per share for each share sold.

**3.    For shares of common stock purchased on November 15, 2012:**

A.    For shares retained at the end of trading on August 20, 2013, the Recognized Loss shall be the lesser of:

(1)    $2.63 per share; or
(2)    the difference between the purchase price per share and $.30.

B.    For shares sold on November 15, 2012, the Recognized Loss shall be zero.

C.  For shares sold between November 16, 2012 and January 30, 2013 inclusive, the Recognized Loss shall be the lesser of:

    (1)  $2.06 per share; or
    (2)  the difference between the purchase price per share and the sales price per share for each share sold.

D.  For shares sold between January 31, 2013 and August 20, 2013, inclusive, the Recognized Loss shall be the lesser of:

    (1)  $.66 per share; or
    (2)  the difference between the purchase price per share and the sales price per share for each share sold.

**4.  For shares of common stock purchased between November 16, 2012 and January 30, 2013, inclusive:**

A.  For shares retained at the end of trading on August 20, 2013, the Recognized Loss shall be the lesser of:

    (1)  $2.06 per share; or
    (2)  the difference between the purchase price per share and $.30.

B.  For shares sold between November 16, 2012 and January 30, 2013, inclusive, the Recognized Loss shall be zero.

C.  For shares sold between January 31, 2013 and August 20, 2013, inclusive, the Recognized Loss shall be the lesser of:

    (1)  $.66 per share; or
    (2)  the difference between the purchase price per share and the sales price per share for each share sold.

**5.  For shares of common stock purchased between January 31, 2013 and August 20, 2013, inclusive:**

A.  For shares retained at the end of trading on August 20, 2013, the Recognized Loss shall be the lesser of:

    (1)  $.66 per share; or
    (2)  the difference between the purchase price per share and $.30.

B.  For shares sold between January 31, 2013 and August 30, 2013, inclusive, the Recognized Loss shall be zero.

## IX.  PARTICIPATION IN THE SETTLEMENT CLASS

If you fall within the definition of the Settlement Class, you are a Settlement Class

Member unless you elect to be excluded from the Settlement Class pursuant to this Notice.  If

you do not request to be excluded from the Settlement Class, you will be bound by any judgment entered with respect to the Partial Settlement in the litigation whether or not you file a Proof of Claim and Release form.

*If you are a Settlement Class Member, you need do nothing (other than timely file a Proof of Claim and Release if you wish to participate in the distribution of the Net Settlement Fund). Your interests will be represented by Lead Counsel.* If you choose, you may enter an appearance individually or through your own counsel at your own expense.

TO PARTICIPATE IN THE DISTRIBUTION OF THE NET SETTLEMENT FUND, YOU MUST TIMELY COMPLETE AND RETURN THE PROOF OF CLAIM AND RELEASE THAT ACCOMPANIES THIS NOTICE. The Proof of Claim and Release must be postmarked on or before _____, 2014, and be delivered to the Claims Administrator at the address below. Unless the Court orders otherwise, if you do not timely submit a valid Proof of Claim and Release, you will be barred from receiving any payments from the Net Settlement Fund, but will in all other respects be bound by the provisions of the Settlement Agreement and the Final Judgment.

X.    **EXCLUSION FROM THE SETTLEMENT CLASS**

You may request to be excluded from the Settlement Class. To do so, you must mail a written request stating that you wish to be excluded from the Settlement Class to:

> *Velti Securities Litigation*
> Claims Administrator
> c/o Strategic Claims Services
> P.O. Box 230
> 600 N. Jackson Street, Suite 3
> Media, PA 19063

The request for exclusion must state: (1) your name, address, and telephone number; and (2) all purchases and sales of Velti Shares made from January 27, 2011 through August 20, 2013, inclusive, including all Shares purchased in the Velti IPO or SPO, the dates and prices of each purchase or sale, and the number of Shares purchased or sold. YOUR EXCLUSION REQUEST MUST BE POSTMARKED ON OR BEFORE _____, 2014. If you submit a valid

and timely request for exclusion, you shall have no rights under the Partial Settlement, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Settlement Agreement or the Judgment.

**XI.    DISMISSAL AND RELEASES**

If the proposed Partial Settlement is approved, the Court will enter a Final Judgment. The Judgment will dismiss the Released Claims with prejudice as to all Released Defendants as provided in the Settlement Agreement.

The Judgment will provide that all Settlement Class Members who have not validly and timely requested to be excluded from the Settlement Class shall be deemed to have released and forever discharged all Released Claims (to the extent members of the Settlement Class have such claims) against all Released Persons as provided in the Settlement Agreement.

**XII.   APPLICATION FOR ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES**

At the Settlement Hearing, Lead Counsel will request the Court to award attorneys' fees of 25% of the Settlement Fund, plus reimbursement of litigation expenses not to exceed $225,000 plus interest thereon.  Settlement Class Members are not personally liable for any such fees or expenses.

To date, Plaintiffs' Counsel have not received any payment for their services in conducting this Action on behalf of Lead Plaintiff and the members of the Settlement Class, nor have counsel been paid for their expenses.  The fee requested by Lead Counsel would compensate counsel for their efforts in achieving this Partial Settlement for the benefit of the Settlement Class, and for their risk in undertaking this representation on a contingency basis. The fee requested is within the range of fees awarded to plaintiffs' counsel under similar circumstances in litigation of this type.  Should any additional settlements or a judgment be reached in this Action as against the Non-Settling Defendants, Plaintiffs' Counsel may seek additional fees and reimbursement of additional expenses in achieving those settlements.

**XIII.   CONDITIONS FOR PARTIAL SETTLEMENT**

The Partial Settlement is conditioned upon the occurrence of certain events described in the Settlement Agreement.  Those events include, among other things: (1) entry of the Judgment by the Court, as provided for in the Settlement Agreement; and (2) expiration of the time to appeal from or alter or amend the Judgment.  Pending the Court's consideration of this Partial Settlement, the Court has stayed all proceedings, and Settlement Class Members are precluded from bringing or pursuing any litigation that seeks to prosecute the Released Claims.

If, for any reason, any one of the conditions described in the Settlement Agreement is not met, the Settlement Agreement might be terminated and, if terminated, will become null and void, and the Settling Parties to the Settlement Agreement will be restored to their respective positions as of May 22, 2014.

**XIV.   THE RIGHT TO BE HEARD AT THE SETTLEMENT HEARING**

Any Settlement Class Member who has not validly and timely requested to be excluded from the Settlement Class, and who objects to any aspect of the Partial Settlement, the Plan of Distribution, or the application for attorneys' fees and expenses may appear and be heard at the Settlement Hearing.   Any such Person must submit and serve a written notice of objection, to be received on or before _____, 2014, by each of the following:

CLERK OF THE COURT
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
450 Golden Gate Avenue, Box 36060
San Francisco, CA 94102-3489


THE WEISER LAW FIRM, P.C.
ROBERT WEISER
22 Cassatt Avenue
Berwyn, PA 19312

*Counsel for Lead Plaintiff*

WILSON SONSINI GOODRICH
    & ROSATI, Professional Corporation
BORIS FELDMAN
CYNTHIA A. DY
650 Page Mill Road,
Palo Alto, CA 94304

*Counsel for Settling Defendants*

The notice of objection must demonstrate the objecting Person's membership in the Settlement Class, including the number of Velti Shares purchased and sold from January 27, 2011 through August 20, 2013, inclusive, and contain a statement of the reason(s) for objection. Only Settlement Class Members who have submitted written notices of objection in this manner will be entitled to be heard at the Settlement Hearing, unless the Court orders otherwise.

## XV.     SPECIAL NOTICE TO BANKS, BROKERS, AND OTHER NOMINEES

If you hold or held any Velti ordinary Shares purchased between January 27, 2011 through August 20, 2013 as nominee for a beneficial owner, then, within ten (10) calendar days after you receive this Notice, you must either: (1) send a copy of this Notice and the Proof of Claim and Release by First-Class Mail to all such Persons; or (2) provide a list of the names and addresses of such Persons to the Claims Administrator:

> *Velti Securities Litigation*
> Claims Administrator
> c/o Strategic Claims Services
> P.O. Box 230
> 600 N. Jackson Street, Suite 3
> Media, PA 19063

If you choose to mail the Notice and Proof of Claim and Release yourself, you may obtain from the Claims Administrator (without cost to you) as many additional copies of these documents as you will need to complete the mailing.  Regardless of whether you choose to complete the mailing yourself or elect to have the mailing performed for you, you may obtain reimbursement for, or advancement of, reasonable administrative costs actually incurred or expected to be incurred in connection with forwarding the Notice and Proof of Claim and Release and which would not have been incurred but for the obligation to forward the Notice and Proof of Claim and Release, upon submission of appropriate documentation to the Claims Administrator.

1

## XVI.   EXAMINATION OF PAPERS

2      This Notice is a summary and does not describe all of the details of the Settlement

3 Agreement.  For full details of the matters discussed in this Notice, you may review the

4 Settlement Agreement filed with the Court, which may be inspected during business hours, at the

5 office of the Clerk of the Court, United States District Court, Northern District of California, 450

6 Golden Gate Avenue, San Francisco, CA 94102-3489.  The motion papers, with exhibits,

7 including the Settlement Agreement, are also available on the Court's ECF website (for a fee).

8 Certain papers relating to the Partial Settlement, including the Settlement Agreement, are also

9 available for free at the Claims Administrator's website http://www.strategicclaims.net/.

10      If you have any questions about the Partial Settlement of the Action, you may contact a

11 representative of Lead Counsel at (610) 225-2677.

12      **DO NOT TELEPHONE THE COURT REGARDING THIS NOTICE**

13 DATED: _____, 2014      BY ORDER OF THE COURT
                                      UNITED STATES DISTRICT COURT
14                                    NORTHERN DISTRICT OF CALIFORNIA

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A-2

THE WEISER LAW FIRM, P.C.
KATHLEEN A. HERKENHOFF (168562)
12707 High Bluff Drive, Suite 200
San Diego, CA 92130
Telephone: (858) 794-1441
Facsimile: (858) 794-1450
kah@weiserlawfirm.com

Lead Counsel for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE VELTI PLC SECURITIES LITIGATION | ) Master File No. 3:13-cv-03889-WHO |
| | ) |
| | ) CLASS ACTION |
| This Document Relates To: | ) |
| | ) PROOF OF CLAIM AND RELEASE |
| ALL ACTIONS. | ) |
| | ) EXHIBIT A-2 |
| | ) |
| | ) |
| | ) |
| | ) |

## I.      GENERAL INSTRUCTIONS

1.      To recover as a member of the Settlement Class based on your claims in the action entitled *In re Velti plc Securities Litigation*, Civil Action No. 3:13-cv-03889-WHO (the "Action"), you must complete and, on pages 3-10 hereof, sign this Proof of Claim and Release ("Claim Form").  If you fail to file a properly addressed (as set forth in paragraph 3 below) Proof of Claim and Release, your claim may be rejected and you may be precluded from any recovery from the Net Settlement Fund created in connection with the proposed Partial Settlement of the Action.

2.      Submission of this Proof of Claim and Release, however, does not assure that you will share in the proceeds of the Partial Settlement of the Action.

3.      YOU MUST MAIL YOUR COMPLETED AND SIGNED PROOF OF CLAIM POSTMARKED ON OR BEFORE _____, 2014, ADDRESSED AS FOLLOWS:

*In re Velti plc Securities Litigation*
Claims Administrator
c/o Strategic Claims Services
P.O. Box 230
600 N. Jackson Street, Suite 3
Media, PA 19063

If you are NOT a member of the Settlement Class (as defined in the Notice of Pendency and Proposed Partial Settlement of Class Action (the "Notice")), DO NOT submit a Proof of Claim and Release form.

4.      If you are a member of the Settlement Class and you do not timely request exclusion in connection with the proposed Partial Settlement, you will be bound by the terms of any judgment entered in the Action, including the releases provided therein, WHETHER OR NOT YOU SUBMIT A PROOF OF CLAIM AND RELEASE FORM.

**II.      CLAIMANT IDENTIFICATION**

If you purchased or otherwise acquired the Shares[1] of Velti plc ("Velti" or the "Company") between January 27, 2011 and August 20, 2013, inclusive, and held the Shares in your name, you are the beneficial purchaser as well as the record purchaser.  If, however, you purchased Velti Shares that were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial purchaser and the third party is the record purchaser.

Use Part I of this form entitled "Claimant Identification" to identify each purchaser of record ("nominee"), if different from the beneficial purchaser of the Shares which form the basis of this claim.  THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL PURCHASER(S) OR THE LEGAL REPRESENTATIVE OF SUCH PURCHASER(S) OF THE SHARES UPON WHICH THIS CLAIM IS BASED.

All joint purchasers must sign this claim.  Executors, administrators, guardians, conservators, and trustees must complete and sign this claim on behalf of persons represented by them and their authority must accompany this claim and their titles or capacities must be stated. The Social Security (or taxpayer identification) number and telephone number of the beneficial owner may be used in verifying the claim.  Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

If you are acting in a representative capacity on behalf of a Settlement Class Member (for example, as an executor, administrator, trustee, or other representative), you must submit evidence of your current authority to act on behalf of that Settlement Class Member.  Such evidence would include, for example, letters testamentary, letters of administration, or a copy of the trust documents.

**III.     CLAIM FORM**

Use Part II of this form entitled "Schedule of Transactions in Velti Shares" to supply all required details of your transaction(s) in Velti Shares.  If you need more space or additional

---

[1]      All capitalized terms not defined herein have the same meaning as set forth in the Settlement Agreement dated May 23, 2014.

1  schedules, attach separate sheets giving all of the required information in substantially the same

2  form.  Sign and print or type your name on each additional sheet.

3        On the schedules, provide all of the requested information with respect to *all* of your

4  purchases of Velti Shares between January 27, 2011 and August 20, 2013, inclusive, and *all* of

5  your sales of Velti Shares between January 27, 2011 and August 20, 2013, inclusive, whether

6  such transactions resulted in a profit or a loss.  You must also provide all of the requested

7  information with respect to *all* of the Velti Shares you held at the close of trading on August 20,

8  2013.  Failure to report all such transactions may result in the rejection of your claim.

9        List these transactions separately and in chronological order, by trade date, beginning

10  with the earliest.  You must accurately provide the month, day, and year of each transaction you

11  list.

12        The date of covering a "short sale" is deemed to be the date of purchase of Velti Shares.

13  The date of a "short sale" is deemed to be the date of sale of Velti Shares.

14        Copies of stockbroker confirmation slips, stockbroker statements, or other documents

15  evidencing your transactions in Velti Shares should be attached to your claim.  If any such

16  documents are not in your possession, please obtain a copy or equivalent documents from your

17  broker because these documents are necessary to prove and process your claim.  Failure to

18  provide this documentation could delay verification of your claim or result in rejection of your

19  claim.

20              UNITED STATES DISTRICT COURT
            NORTHERN DISTRICT OF CALIFORNIA
21              *In re Velti plc Securities Litigation,*
            Civil Action No. 3:13-cv-0889-WHO
22

23              **PROOF OF CLAIM AND RELEASE**

24              **Must Be Postmarked No Later Than:**

25              **_____, 2014**

26

27              Please Type or Print

28

**PART I: CLAIMANT IDENTIFICATION**

_____
Beneficial Owner's Name (First, Middle, Last)        / Joint Owner's Name

_____
Street Address

_____        _____
City                                          State                       Zip Code

_____        _____
Foreign Province                       Foreign Country

_____        _____ (Daytime)
Area Code                                Telephone Number

_____        _____ (Evening)
Area Code                                Telephone Number

_____    _____
Last 4 digits of Claimant's Social Security Number/Taxpayer Identification Number

_____
Record Owner's Name (if known and different from Beneficial Owner listed above)

Check appropriate box (check only one box):
☐        Individual/Sole Proprietor        ☐        Joint Owners        ☐ Pension Plan
☐        Corporation                               ☐        Partnership        ☐ Trust
☐        IRA                                            ☐        Other (describe: _____ )

NOTE:  Separate Claim Forms should be submitted for each separate legal entity (_e.g._, a claim from Joint Owners should not include separate transactions of just one of the Joint Owners, an Individual should not combine his or her IRA transactions with transactions made solely in the Individual's name).

NOTICE REGARDING ELECTRONIC FILES:  Certain claimants with large numbers of transactions may request to, or may be requested to, submit information regarding their transactions in electronic files.  All claimants MUST submit a manually signed paper Proof of Claim and Release form listing all their transactions whether or not they also submit electronic copies.  If you wish to file your claim electronically, you must contact the Claims Administrator at (866) 274-4004 or visit their website at www.strategicclaims.net to obtain the required file format.  No electronic files will be considered to have been properly submitted unless the Claims

Administrator issues to the claimant a written acknowledgement of receipt and acceptance of electronically submitted data.

**PART II:      SCHEDULE OF TRANSACTIONS IN VELTI SHARES**

A.      Purchases of Velti Shares between January 27, 2011 and August 20, 2013, inclusive:

| Trade Date<br>Mo. Day Year | Number of Shares<br>Purchased | Total Purchase Price |
|---|---|---|
| 1. _____ | 1. _____ | 1. _____ |
| 2. _____ | 2. _____ | 2. _____ |
| 3. _____ | 3. _____ | 3. _____ |

IMPORTANT: Identify by number listed above all purchases in which you covered a "short sale": _____

B.      Sales of Velti Shares between January 27, 2011 and August 20, 2013:

| Trade Date<br>Mo. Day Year | Number of Shares<br>Purchased | Total Purchase Price |
|---|---|---|
| 1. _____ | 1. _____ | 1. _____ |
| 2. _____ | 2. _____ | 2. _____ |
| 3. _____ | 3. _____ | 3. _____ |

C.      Number of Velti Shares held at the close of trading on August 20, 2013: _____.

IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS PLEASE PHOTOCOPY THIS PAGE, WRITE YOUR NAME ON THE COPY AND CHECK THIS BOX:

IF YOU DO NOT CHECK THIS BOX THESE ADDITIONAL PAGES MAY NOT BE REVIEWED.

III.     **RELEASE OF CLAIMS AND SIGNATURE**

1.     I (We) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally and forever settle, release and discharge from the Released Claims each and all of the Released Persons as provided in the Settlement Agreement.

2.     "Related Persons" means, with respect to the Released Defendants, each and all of their respective present or former parents, subsidiaries, affiliates, successors and assigns and each and all of their respective present or former officers, directors, employees, employers, attorneys, accountants, financial advisors, commercial bank lenders, insurers (including Released Defendants' insurers and those insurers' respective businesses, affiliates, subsidiaries, parents and affiliated corporations, divisions, predecessors, shareholders partners, joint venturers, principals, insurers, reinsurers, successors and assigns, and their respective past and present employees, officers, directors, attorneys, accountants, auditors, agents and representatives), reinsurers, investment bankers, representatives, general and limited partners and partnerships, heirs, executors, administrators, successors, affiliates, agents, spouses, associates and assigns of each of them or any trust of which any Released Defendant and/or their Related Persons is the settlor or which is for the benefit of any Released Defendant and/or their Related Persons and/or member(s) of his or her family and any entity in which any such Released Defendant and/or their Related Persons has a controlling interest.  The Non-Settling Defendants are specifically excluded from the definition of "Related Persons."

3.     "Released Claims" means any and all claims (including Unknown Claims as defined in ¶ 1.28 of the Settlement Agreement), demands, rights, liabilities, and causes of action of every nature and description whatsoever, whether known or unknown, contingent or absolute, mature or immature, discoverable or undiscoverable, whether concealed or hidden, suspected or unsuspected, whether arising under federal, state, common or foreign law, which now exist, or heretofore may have existed, asserted or that could have been asserted by Plaintiffs or any Settlement Class Member against the Released Persons, arising out of: (a) the purchase or acquisition of Velti Shares during the Class Period; and (b) the  facts, events, transactions, statements, disclosures, acts, omissions, or failures to act that were or could have been alleged in

the Action.  The Released Claims extend only to any and/or all Released Defendants and any and/or all of their Related Persons.  "Released Claims" includes "Unknown Claims" as defined in ¶ 1.28 of the Settlement Agreement.

4.      "Released Persons" means each and all of Released Defendants in their individual and corporate capacities and each and all of their Related Persons.

5.      "Unknown Claims" means any Released Claims which Plaintiffs or any Settlement Class Member does not know or suspect to exist in his, her or its favor at the time of the release of the Released Persons which, if known by him, her or it, might have affected his, her or its settlement with and release of the Released Persons, or might have affected his, her or its decision not to object to this Partial Settlement.  With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, Plaintiffs shall expressly and each of the Settlement Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived to the fullest extent permitted by law the provisions, rights, and benefits of California Civil Code §1542, which provides:

**A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

Plaintiffs shall expressly and each of the Settlement Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code §1542. Plaintiffs and Settlement Class Members may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Claims, but Plaintiffs shall expressly, and each Settlement Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or

1   coming into existence in the future, including, but not limited to, conduct that is negligent,

2   intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the

3   subsequent discovery or existence of such different or additional facts.  Plaintiffs acknowledge,

4   and the Settlement Class Members shall be deemed by operation of the Judgment to have

5   acknowledged, that the foregoing waiver was separately bargained for and a key element of the

6   Partial Settlement of which this release is a part.

7        6.        This release shall be of no force or effect unless and until the Court approves the

8   Settlement Agreement and the Partial Settlement becomes effective on the Effective Date.

9                        **SIGNATURE AND CERTIFICATIONS**

10       By signing and submitting this Claim Form, the Claimant(s) or the person(s) who

11  represents the Claimant(s) certifies, as follows:

12       1.        I (We) submit this Claim Form under the terms of the Stipulation described in the

13  Notice.

14       2.        I (We) also submit to the jurisdiction of the United States District Court for the

15  Northern District of California, with respect to my (our) claim as a Settlement Class Member and

16  for purposes of enforcing the release set forth herein.

17       3.        I (We) further acknowledge that I (we) am (are) bound by and subject to the terms

18  of any judgment that may be entered in the Action.

19       4.        I (We) agree to furnish additional information to the Claims Administrator to

20  support this claim if requested to do so.

21       5.        I (We) have not submitted any other claim covering the same purchases or

22  acquisitions of the Shares and alleging the Released Claims (including Unknown Claims) and

23  know of no other person having done so on my (our) behalf.

24       6.        I (We) hereby acknowledge full and complete satisfaction of, and do hereby fully,

25  finally and forever release, relinquish, waive, discharge and dismiss each and every Released

26  Claim (including Unknown Claims) against each and all the Released Persons as defined above.

27       7.        That the Claimant(s) is a (are) Settlement Class Member(s), as defined herein and

28  in the Notice;

8.      That I (we) have not filed a request for exclusion from the Settlement Class and that I (we) do not know of any request for exclusion from the Settlement Class filed on my (our) behalf with respect to my (our) transactions in the Shares at issue herein;

9.      That I (we) own(ed) the Shares identified in the Proof of Claim Form, or that, in signing and submitting this Claim Form, I (we) have the authority to act on behalf of the owner(s) thereof;

10.     That Claimant(s) may be eligible to receive a distribution from the Net Settlement Fund;

11.     That I (we) agree to furnish such additional information with respect to this Claim Form as the parties, the Claims Administrator or the Court may require;

12.     That I (we) waive trial by jury for claims against the Released Parties, to the extent it exists, and agree to the Court's summary disposition of the determination of the validity or amount of the claim made by this Claim Form;

13.     That I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof;

14.     That I (we) have included information requested above about all of my (our) transactions in the Shares during the Class Period and as otherwise requested in this Claim Form; and

15.     That I (we) certify that I am (we are) not subject to backup withholding under the provisions of Section 3406(a)(1)(c) of the Internal Revenue Code.

**NOTE**: If you have been notified by the Internal Revenue Service that you are subject to backup withholding, please strike the language that you are not subject to backup withholding in the certification above.  The Internal Revenue Service does not require your consent to any provision other than the certification required to avoid backup withholding.

1        I (We) declare, under penalty of perjury under the laws of the United States of America,

2 that the statements made and answers given in this Claim Form are true and correct and that the

3 documents submitted herewith are true and genuine.

4

5 _____

Signature of Claimant

6

7 _____         _____

Print Name of Claimant                                          Date

8

9 _____

Signature of Joint Claimant, if any

10

_____         _____

Print Name of Joint Claimant                                  Date

11

12 ***If Claimant is other than an individual, or is not the person completing this form, the following also must be provided:***

13

14 _____

Signature of Person Completing Form

15

_____         _____

Print Name of Person Completing Form                         Date

16

17 Capacity of Person Signing (Executor, President, Trustee, etc.)

18 **ACCURATE CLAIMS PROCESSING TAKES A**

19 **SIGNIFICANT AMOUNT OF TIME.**
**THANK YOU FOR YOUR PATIENCE.**

20

21 **<u>Reminder Checklist</u>**:

22     1.      Please sign the above release and declaration.

23     2.      Remember to attach supporting documentation, if available.

24     3.      Do not send original stock certificates.

25     4.      Keep a copy of your claim form for your records.

26     5.      If you desire an acknowledgment of receipt of your claim form, please send it Certified Mail, Return Receipt Requested.

27

28     6.      If you move, please send us your new address.

1170336-1     PROOF OF CLAIM AND RELEASE - EXHIBIT A-2

# EXHIBIT A-3

1  THE WEISER LAW FIRM, P.C.
2  KATHLEEN A. HERKENHOFF (168562)
   12707 High Bluff Drive, Suite 200
   San Diego, CA 92130
3  Telephone: (858) 794-1441
   Facsimile: (858) 794-1450
4  kah@weiserlawfirm.com

5  Lead Counsel for Plaintiffs

6

7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10                      SAN FRANCISCO DIVISION

11 IN RE VELTI PLC SECURITIES          )  Master File No. 3:13-cv-03889-WHO
   LITIGATION                          )
12 _____ )  CLASS ACTION
                                       )
13 This Document Relates To:           )  SUMMARY NOTICE
                                       )
14           ALL ACTIONS.              )  EXHIBIT A-3
                                       )
15                                     )
                                       )
16                                     )
   _____ )
17

18

19

20

21

22

23

24

25

26

27

28

1  TO:      **ALL PERSONS AND ENTITIES WHO PURCHASED OR OTHERWISE**

2            **ACQUIRED THE SECURITIES  OF VELTI PLC ("SHARES") BETWEEN**

3            **JANUARY 27, 2011 AND AUGUST 20, 2013, INCLUSIVE.**

4

5            YOU ARE HEREBY NOTIFIED that pursuant to an Order of the United States District

6   Court for the Northern District of California, a hearing will be held on _____, 2014, at

7   __:__ __.m., before the Honorable William H. Orrick, United States District Judge, at the San

8   Francisco Courthouse of the United States District Court for the Northern District of California,

9   450 Golden Gate Avenue, Courtroom 2, San Francisco, CA, for the purpose of determining:

10  (1) whether the Court should certify the Settlement Class for purposes of the Partial Settlement

11  pursuant to Federal Rule of Civil Procedure 23; (2) whether the Partial Settlement of the Action

12  consisting of Nine Million Five Hundred Thousand Dollars ($9,500,000.00) in cash plus accrued

13  interest on the Settlement Fund should be approved as fair, reasonable, and adequate;

14  (3) whether, thereafter, this Action should be dismissed with prejudice against the Released

15  Defendants as set forth in the Settlement Agreement dated May 23, 2014; (4) whether the Plan of

16  Distribution of settlement proceeds is fair, reasonable, and adequate and therefore should be

17  approved; (5) the reasonableness of the application of Lead Counsel for the payment of

18  attorneys' fees and expenses in connection with this Action, together with interest thereon; and

19  (5) such other matters as the Court may deem appropriate.

20          If you purchased Velti Shares, your rights may be affected by this Action and the

21  settlement thereof.  If you have not received a detailed Notice of Pendency and Proposed Partial

22  Settlement of Class Action and a copy of the Proof of Claim and Release Form, you may obtain

23  copies by writing to Velti Securities Litigation, Claims Administrator, c/o Strategic Claims

24  Services P.O. Box 230, 600 N. Jackson Street, Suite 3, Media, PA 19063, or by downloading this

25  information at www.strategicclaims.net.  If you are a Settlement Class Member, in order to share

26  in the distribution of the Net Settlement Fund, you must submit a Proof of Claim and Release

27  form postmarked no later than _____, 2014, establishing that you are entitled to a recovery.

28

1    You will be bound by any judgment rendered in the Action unless you request to be excluded, in

2    writing, to the above address, postmarked by _____, 2014.

3           Any objection to any aspect of the settlement must be filed with the Clerk of the Court no

4    later than _____, 2014, and received by the following law firms no later than

5    _____, 2014:

6           THE WEISER LAW FIRM, P.C.
            ROBERT WEISER
7           22 Cassatt Avenue
            Berwyn, PA 19312
8
            *Lead Counsel for Lead Plaintiff*
9
            WILSON SONSINI GOODRICH
10             & ROSATI, Professional Corporation
            BORIS FELDMAN
11          CYNTHIA A. DY
            650 Page Mill Road
12          Palo Alto, CA 94304

13          *Counsel for Settling Defendants*

14

15          PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE

16   REGARDING THIS NOTICE.

17   DATED: _____, 2014      BY ORDER OF THE COURT
                                              UNITED STATES DISTRICT COURT
18                                            NORTHERN DISTRICT OF CALIFORNIA

19

20

21

22

23

24

25

26

27

28

# EXHIBIT B

1  THE WEISER LAW FIRM, P.C.
   KATHLEEN A. HERKENHOFF (168562)
2  12707 High Bluff Drive, Suite 200
   San Diego, CA 92130
3  Telephone: (858) 794-1441
   Facsimile: (858) 794-1450
4  kah@weiserlawfirm.com

5  Lead Counsel for Plaintiffs

6

7

8                          UNITED STATES DISTRICT COURT

9                         NORTHERN DISTRICT OF CALIFORNIA

10                          SAN FRANCISCO DIVISION

11  IN RE VELTI PLC SECURITIES        )   Master File No. 3:13-cv-03889-WHO
    LITIGATION                        )
12  _____)   CLASS ACTION
                                      )
13  This Document Relates To:         )   [PROPOSED] FINAL JUDGMENT AND
                                      )   ORDER OF DISMISSAL WITH
14        ALL ACTIONS.                )   PREJUDICE
                                      )
15                                    )   EXHIBIT B
                                      )
16                                    )
    _____)
17

18        This matter came before the Court for hearing pursuant to the Order Preliminarily

19  Approving Partial Settlement and Providing for Notice ("Preliminary Approval Order") dated

20  _____, 2014, on the application of the Settling Parties for approval of the settlement set

21  forth in the Stipulation and Agreement of Partial Settlement dated May 23, 2014 (the

22  "Stipulation" or the "Settlement Agreement").  Due and adequate notice having been given to the

23  Settlement Class as required in said Order, and the Court having considered all papers filed and

24  proceedings had herein and otherwise being fully informed in the premises and good cause

25  appearing therefore, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

26

27

28

1.      This Final Judgment incorporates by reference the definitions in the Settlement Agreement, and all terms used herein shall have the same meanings as set forth in the Settlement Agreement, unless otherwise set forth herein.

2.      This Court has jurisdiction over the subject matter of the Action and over all Settling Parties to the Action, including all members of the Settlement Class.

3.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby certifies for purposes of settlement only a Settlement Class defined as all Persons who purchased or otherwise acquired Velti Shares between January 27, 2011 and August 20, 2013, inclusive. Excluded from the Settlement Class are:

(a)      Persons who submit valid and timely requests for exclusion from the Settlement Class, a list of which is attached hereto as Exhibit 1; and

(b)      Defendants, members of the immediate family of any Defendant, any person, firm, trust, corporation, officer, director or other individual or entity in which any Defendant has or had a controlling interest, the officers and directors of any Defendant, and legal representatives, agents, executors, heirs, successors or assigns of any such excluded Person.  The Defendants or any entity in which any of the Defendants has or had a controlling interest (for purposes of this paragraph, together a "Defendant-Controlled Entity") are excluded from the Settlement Class only to the extent that such Defendant-Controlled Entity itself purchased a proprietary (*i.e.*, for its own account) interest in the Company's Shares.  To the extent that a Defendant-Controlled Entity purchased Velti Shares in a fiduciary capacity or otherwise on behalf of any third-party client, account, fund, trust, or employee benefit plan that otherwise falls within the Settlement Class, neither such Defendant-Controlled Entity nor the third-party client, account, fund, trust, or employee benefit plan shall be excluded from the Settlement Class with respect to such Velti Shares.

4.      Solely for purposes of this Partial Settlement and for no other purpose, the Court finds that the prerequisites for a class action under Rule 23 of the Federal Rules of Civil Procedure have been satisfied in that: (a) the members of the Settlement Class are so numerous

1   that joinder of all Settlement Class Members in the class action is impracticable; (b) there are

2   questions of law and fact common to the Settlement Class that predominate over any individual

3   question; (c) the claims of Plaintiffs are typical of the claims of the Settlement Class;

4   (d) Plaintiffs and Class Counsel have fairly and adequately represented and protected the

5   interests of Settlement Class Members; and (e) a class action is superior to other available

6   methods for the fair and efficient adjudication of the controversy.

7       5.      Pursuant to Federal Rule of Civil Procedure 23, this Court hereby approves the

8   Partial Settlement set forth in the Settlement Agreement and finds that said Partial Settlement is,

9   in all respects, fair, reasonable, and adequate to the Settlement Class.

10      6.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court finds that

11  the Settlement Agreement and Partial Settlement are fair, reasonable, and adequate as to each of

12  the Settling Parties, and that the Settlement Agreement and Partial Settlement are hereby finally

13  approved in all respects, and the Settling Parties are hereby directed to perform its terms.

14      7.      Accordingly, the Court authorizes and directs implementation of all the terms and

15  provisions of the Settlement Agreement, as well as the terms and provisions hereof.  The Court

16  hereby dismisses, as to the Released Defendants, the Action and all Released Claims of the

17  Settlement Class with prejudice, without costs as to any of the Released Persons, except as and to

18  the extent provided in the Settlement Agreement and herein.

19      8.      Upon the Effective Date hereof, and as provided in the Settlement Agreement,

20  Plaintiffs and each of the Settlement Class Members (who have not validly opted out of the

21  Settlement Class) and their predecessors, successors, agents, representatives, attorneys, and

22  affiliates, and the heirs, executors, administrators, successors, and assigns of each of them shall

23  be deemed to have, and by operation of this Final Judgment shall have, fully, finally, and forever

24  released, relinquished, and discharged against the Released Persons any and all Released Claims

25  (including, without limitation, Unknown Claims), as well as any claims arising out of, relating

26  to, or in connection with, the defense, the settlement, or the resolution of the Action or the

27  Released Claims, and the distribution or investment of the Settlement Fund, whether or not such

28

Settlement Class Member executes and delivers the Proof of Claim and Release and whether or not such Settlement Class Member shares in the Settlement Fund.

9.     Upon the Effective Date hereof, and as provided in the Settlement Agreement, each of the Released Persons shall be deemed to have, and by operation of this Final Judgment and Order of Dismissal with Prejudice shall have, fully, finally, and forever released, relinquished, and discharged Plaintiffs, each and all of the Settlement Class Members, and Plaintiffs' Counsel from all claims (including, without limitation, Unknown Claims) arising out of, relating to, or in connection with, the institution, prosecution, assertion, settlement, or resolution of the Action or the Released Claims.

10.     Upon the Effective Date hereof, and as provided in the Settlement Agreement, Plaintiffs and each of the Settlement Class Members, and their predecessors, successors, agents, representatives, attorneys and affiliates, and the heirs, executors, administrators, successors, and assigns of each of them, shall also be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged the Released Persons and their counsel from all Released Claims (including, without limitation, Unknown Claims) arising out of the defense, conduct, settlement, or resolution of the Action or the Released Claims.

11.     Upon the Effective Date, Plaintiffs and each of the Settlement Class Members who have not timely opted out of the Settlement Class, and their predecessors, successors, agents, representatives, attorneys, and affiliates, and the heirs, executors, administrators, successors, and assigns of each of them, directly or indirectly, individually, representatively, or in any other capacity, shall be permanently barred and enjoined from the assertion, institution, maintenance, prosecution, or enforcement of any action or other proceeding against any Released Persons in any state or federal court or arbitral forum, or in the court of any foreign jurisdiction, of any and all Released Claims (including, without limitation, Unknown Claims), as well as any other claims arising out of, relating to, or in connection with, the defense, settlement, or resolution of the Action or the Released Claims.

12.     Upon the Effective Date, all Persons, including, but not limited to, Plaintiffs, on behalf of themselves and the Settlement Class, and the Non-Settling Defendants, shall be enjoined and barred from commencing or continuing any claim, cross-claim, third-party claim, claim over, or action in any forum against the Released Persons, seeking, as damages, indemnity, contribution, or otherwise, the recovery of all or part of any liability or settlement which such persons (i) paid, (ii) were obligated to pay or agreed to pay, or (iii) may become obligated to pay to the Settlement Class, as a result of such persons' liability for or participation in any acts, facts, statements or omissions that were or could have been alleged in the Action.  The Released Persons shall thus be released and discharged from all claims for indemnity or contribution or any other claim, however denominated, against the Released Persons that have been or may hereafter be brought by any Person, whether arising under state, federal, foreign or common law as claims, cross-claims, counterclaims, or third-party claims, in any state, federal, or foreign court, arbitration proceeding, administrative agency, or other forum in the United States or elsewhere, based upon, arising out of, relating to, or in connection with the Released Claims (collectively, the "Barred Claims"), and all such claims are permanently barred, and any Person seeking to bring such claims is permanently enjoined from doing so.

13.     Accordingly, to the full extent provided by Section 21D(f)(7)(A) of the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §78u-4(f)(7)(A), the Court hereby bars all Barred Claims against the Released Persons.

14.     Any final verdict or judgment obtained by or on behalf of Plaintiffs or the Settlement Class against any Person, other than the Released Persons, relating to the Released Claims, shall be reduced in accordance with applicable law.

15.     The Notice of Pendency and Proposed Partial Settlement of Class Action given to the Settlement Class in accordance with the Order Preliminarily Approving Partial Settlement and Providing for Notice entered on _____, 2014 was the best notice practicable under the circumstances, including the individual notice to all members of the Settlement Class who could be identified through reasonable effort.  Said notice provided the best notice practicable

under the circumstances of those proceedings and of the matters set forth therein, including the proposed Partial Settlement set forth in the Settlement Agreement, to all Persons entitled to such notice, and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23 and the requirements of due process.

16.     Any plan of distribution submitted by Lead Counsel or any order entered regarding any attorneys' fee and expense application shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.

17.     Neither the Settlement Agreement nor the Partial Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Settlement Agreement or the Partial Settlement (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Released Persons; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Released Persons; or (c) is or may be deemed to be or may be used as an admission or evidence that any claims asserted by Plaintiffs were not valid or that the amount recoverable was not greater than the Partial Settlement amount, in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal.  The Released Persons may file the Settlement Agreement and/or this Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

18.     Without affecting the finality of this Judgment in any way, this Court hereby retains continuing exclusive jurisdiction over: (a) implementation of this Partial Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees, interest, and expenses in the Action; and (d) all Settling Parties hereto for the purpose of construing, enforcing, and administering the Settlement Agreement.

19.     The Court finds that during the course of the Action, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

20.     In the event that the Partial Settlement does not become effective in accordance with the terms of the Settlement Agreement, or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to the Settling Defendants, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Settlement Agreement and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Settlement Agreement.

21.     Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Settlement Agreement.

22.     The Action is hereby dismissed with prejudice as to the Released Defendants and without costs.

23.     The Court directs immediate entry of this Final Judgment by the Clerk of the Court.

IT IS SO ORDERED.


DATED: _____     _____

THE HONORABLE WILLIAM H. ORRICK
UNITED STATES DISTRICT JUDGE

1

<u>CERTIFICATE OF SERVICE</u>

2

I hereby certify that on May 23, 2014, I authorized the electronic filing of the foregoing with

3

the Clerk of the Court using the CM/ECF system which will send notification of such filing to the

4

e-mail addresses denoted on the attached Electronic Mail Notice List.

5

I certify under penalty of perjury under the laws of the United States of America that the

6

foregoing is true and correct.  Executed on May 23, 2014.

7

   s/ KATHLEEN A. HERKENHOFF
KATHLEEN A. HERKENHOFF

8

9

THE WEISER LAW FIRM, P.C.
12707 High Bluff Drive, Suite 200
San Diego, CA 92130

10

Telephone: 858/794-1441
Facsimile: 858/794-1450

11

Email: kah@weiserlawfirm.com

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# Mailing Information for a Case 3:13-cv-03889-WHO Rieckborn v. Velti plc et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Peter E. Borkon**
  peterb@hbsslaw.com

- **Donald A. Broggi**
  dbroi@scott-scott.com

- **Joseph Daniel Cohen**
  jcohen@scott-scott.com

- **Hal Davis Cunningham**
  hcunningham@scott-scott.com,efile@scott-scott.com

- **Brock Dahl**
  bdahl@wsgr.com

- **Patrick Norton Downes**
  pdownes@loeb.com

- **Cynthia A. Dy**
  cdy@wsgr.com

- **Boris Feldman**
  bbahns@wsgr.com

- **Jonathan Gardner**
  jgardner@labaton.com,cvillegas@labaton.com,fmalonzo@labaton.com

- **Lionel Z. Glancy**
  info@glancylaw.com,lboyarsky@glancylaw.com,lglancy@glancylaw.com

- **Michael M. Goldberg**
  mmgoldberg@glancylaw.com,csadler@glancylaw.com,info@glancylaw.com,rprongay@glancylaw.com

- **Joseph P. Guglielmo**
  jguglielmo@scott-scott.com

- **Christopher T. Heffelfinger**
  cheffelfinger@bermandevalerio.com,ysoboleva@bermandevalerio.com

- **Kathleen Ann Herkenhoff**
  kah@weiserlawfirm.com,jmf@weiserlawfirm.com,hl@weiserlawfirm.com

- **Reed R. Kathrein**
  reed@hbsslaw.com,peterb@hbsslaw.com,pashad@hbsslaw.com,sf_filings@hbsslaw.com

- **Nicole Catherine Lavallee**
  nlavallee@bermandevalerio.com,ysoboleva@bermandevalerio.com

- **Robert Alan Meyer**
  rmeyer@loeb.com

- **Donald Anthony Miller**
  dmiller@loeb.com,vmanssourian@loeb.com

- **Matthew C Moehlman**
  mmoehlman@labaton.com

- **Christopher Leigh Nelson**
  cln@weiserlawfirm.com

- **John D. Pernick**
  john.pernick@bingham.com

- **Anthony David Phillips**
  aphillips@bermandevalerio.com,ysoboleva@bermandevalerio.com

- **Joseph Mark Profy**
  jmp@weiserlawfirm.com

- **Robert Vincent Prongay**
  rprongay@glancylaw.com,mmgoldberg@glancylaw.com,echang@glancylaw.com

- **Mark Punzalan**
  markp@punzalanlaw.com,office@punzalanlaw.com

- **Brian J. Robbins**
  notice@robbinsarroyo.com

- **Casey Edwards Sadler**
  csadler@glancylaw.com

- **Charlene Sachi Shimada**
  charlene.shimada@bingham.com

- **Evan Jason Smith**
  esmith@brodsky-smith.com

- **Michael Walter Stocker**
  mstocker@labaton.com,drogers@labaton.com,ElectronicCaseFiling@labaton.com,lmehringer@labaton.com

- **Jon A Tostrud**
  jtostrud@tostrudlaw.com,acarter@tostrudlaw.com

- **Diane Marie Walters**
  dwalters@wsgr.com,vshreve@wsgr.com

- **Lucy Han Wang**
  lucy.wang@bingham.com,andrew.obach@bingham.com

- **Robert Brian Weiser**
  rw@weiserlawfirm.com

- **Wendy Hope Zoberman**
  wzoberman@bermandevalerio.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)