UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANIKA R. RIECKBORN, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>VELTI PLC, et al.,<br><br>　　　　Defendants. | Case No. 13-cv-03889-WHO<br><br>**ORDER CONCERNING MOTION FOR PRELIMINARY APPROVAL OF PARTIAL SETTLEMENT**<br><br>Re: Dkt. No. 109 |

　　　　On May 23, 2014, lead plaintiff Bobby Yadegar/Ygar Capital LLC filed a motion for preliminary approval of a partial settlement between it and the other plaintiffs (St. Paul Teachers' Retirement Fund Association, Newport News Employees' Retirement Fund, and Plaintiff Oklahoma Firefighters Pension and Retirement System) and defendants Velti plc, Wilson W. Cheung, Jeffrey G. Ross, Winnie W. Tso, and Nicholas P. Negroponte. On July 7, 2014, I held a hearing on the motion.

　　　　My duty is to determine whether the proposed settlement is fair, reasonable, and adequate. *See* FED. R. CIV. P. 23(e)(2). At the hearing, I raised a number of questions about the settlement amount of $9.5 million (which includes attorney's fees, costs, and administrator's costs) that were not adequately addressed in the papers or during the argument. As a result, I need additional information to determine whether the proposed fund is or is not within an appropriate range.

　　　　I will allow the lead plaintiff to supplement the motion to address some or all of the concerns listed below. To be clear, I do not expect the lead plaintiff to provide a formal damages assessment, but I do expect more than conclusory and formulaic explanations. I am interested in: (i) what factors the lead plaintiff considered in deciding to settle or litigate; (ii) what damages it estimated this case involved at the time of the complaint's filing and how that determination was

reached, as well as subsequent modifications of that estimate and how those determinations were reached; (iii) what the relative proportion of liability is for the various defendants (or groups of defendants), both settling and non-settling; (iv) what litigation risks there are (i.e., what facts and legal arguments are strong or weak for the plaintiffs and defendants, settling and non-settling), how they weigh, and how the lead plaintiff assessed them; (v) why certain defendants have not been served, what efforts have been made to serve them, and why additional efforts were not made; (vi) the financial status of, and the likelihood of collection from, each of the defendants, both settling and non-settling, and how that likelihood was determined; and (vii) what discovery has been conducted, formal and informal, and how that discovery affected the decision to settle. I also wonder why electronic submission of claims is not an option for the class if I grant preliminary approval of the settlement.

The lead plaintiff should submit any supporting documentation and provide any other information that may be relevant to my determination of whether the proposed settlement is fair, reasonable, and adequate by July 22, 2014. If the information will be submitted primarily in the form of a brief, the brief shall not exceed 15 pages. Supporting declarations and exhibits, if any, shall not exceed 25 pages in total. Given that this filing will focus on the fairness, adequacy and reasonability of the amount of the settlement, no response from any defendant is necessary. The proponents of the settlement should also file revised Claims and Notice forms, as discussed at the hearing, by July 22, 2014 as well.

There are a number of other issues that the parties have briefed and argued concerning whether the settlement is fair, adequate and reasonable. I will address those issues and the settlement value in one order after receiving the briefing described above.

**IT IS SO ORDERED.**

Dated: July 8, 2014

WILLIAM H. ORRICK
United States District Judge

2