1   THE WEISER LAW FIRM, P.C.
    KATHLEEN A. HERKENHOFF (168562)
2   12707 High Bluff Drive, Suite 200
    San Diego, CA 92130
3   Telephone:  (858) 794-1441
    Facsimile:  (858) 794-1450
4   kah@weiserlawfirm.com
5   Lead Counsel for Plaintiffs
6

7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10                      SAN FRANCISCO DIVISION

11  In re VELTI PLC SECURITIES          )  Master File No. 3:13-cv-03889-WHO
    LITIGATION                          )
12                                      )  (Consolidated with Case Nos.
                                        )  3:13-cv-03954-WHO
13  _____ )  3:13-cv-04140-WHO
    This Document Relates To:           )  3:13-cv-04606-WHO
14                                      )  3:14-cv-00372-WHO)
            ALL ACTIONS.                )
15                                      )  CLASS ACTION
                                        )
16                                      )  ORDER PRELIMINARILY APPROVING
                                        )  PARTIAL SETTLEMENT AND PROVIDING
17                                      )  FOR NOTICE
                                        )
18                                      )  DATE:      July 7, 2014
                                        )  TIME:      2:00 p.m.
19                                      )  CTRM:      2, 17th Floor
                                        )  JUDGE:     The Hon. William H. Orrick
20                                      )
    _____ )  Date Action Filed: 8/22/13
21

22

23

24

25

26

27

28

1    WHEREAS, an action is pending before this Court styled *In re Velti PLC Securities*

2   *Litigation*, Master File No. 3:13-cv-03889-WHO (the "Action");

3    WHEREAS, the Settling Parties having made application, pursuant to Federal Rule of Civil

4   Procedure 23(e), for (i) an order preliminarily approving the settlement of this Action, in accordance

5   with a Stipulation and Agreement of Partial Settlement dated May 23, 2014 (the "Settlement

6   Agreement"), which, together with the Exhibits annexed thereto (including ECF Dkt. No. 111), sets

7   forth the terms and conditions for a proposed settlement of the Action between the Settling Parties;

8   (ii) for dismissal of the Action against the Released Defendants with prejudice upon the terms and

9   conditions set forth therein; and (iii) certification of the Action as a class action for settlement

10   purposes only; and the Court having read and considered the Settlement Agreement and the Exhibits

11   annexed thereto (including ECF Dkt. No. 111), as well as the Revised Proposed Order Preliminarily

12   Approving Partial Settlement and Providing for Notice and the exhibits submitted herewith;

13    NOW, THEREFORE, IT IS HEREBY ORDERED:

14    1.    This order (the "Preliminary Approval Order" or "Notice Order") hereby incorporates

15   by reference the definitions in the Stipulation, and all terms used herein shall have the same

16   meanings as set forth in the Stipulation.

17    2.    The Court hereby preliminarily approves the Partial Settlement and Plan of

18   Distribution (incorporating (i) the modified Notice, Claim Form, and Summary Notice attached to

19   this Order submitted after the hearing, and (ii) the Court's interpretation of the Partial Settlement

20   based on the parties' briefing, supplemental briefing, and argument) as being fair, just, reasonable,

21   and adequate to the Settlement Class, pending a final hearing on the Partial Settlement.

22   **SETTLEMENT CLASS CERTIFICATION**

23    3.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court certifies for

24   purposes of settlement only a Settlement Class defined as all Persons who purchased or otherwise

25   acquired the Shares of Velti between January 27, 2011, and August 20, 2013, inclusive.  Excluded

26   from the Settlement Class are:

27    (a)    Persons who submit valid and timely requests for exclusion from the

28   Settlement Class; and

(b)      Defendants, members of the immediate family of any Defendant, any person, firm, trust, corporation, officer, director, or other individual or entity in which any Defendant has or had a controlling interest, the officers and directors of any Defendant, and legal representatives, agents, executors, heirs, successors, or assigns of any such excluded Person.  The Defendants or any entity in which any of the Defendants has or had a controlling interest (for purposes of this paragraph, together a "Defendant-Controlled Entity") are excluded from the Settlement Class only to the extent that such Defendant-Controlled Entity itself purchased a proprietary (*i.e.*, for its own account) interest in the Company's Shares.  To the extent that a Defendant-Controlled Entity purchased Velti Shares in a fiduciary capacity or otherwise on behalf of any third-party client, account, fund, trust, or employee benefit plan that otherwise falls within the Settlement Class, neither such Defendant-Controlled Entity nor the third-party client, account, fund, trust, or employee benefit plan shall be excluded from the Settlement Class with respect to such Velti Shares.

4.      Solely for purposes of this Partial Settlement and for no other purpose, the Court finds that the prerequisites for a class action under Rule 23 of the Federal Rules of Civil Procedure have been satisfied in that: (a) the members of the Settlement Class are so numerous that joinder of all Settlement Class Members in the class action is impracticable; (b) there are questions of law and fact common to the Settlement Class that predominate over any individual question; (c) the claims of Plaintiffs are typical of the claims of the Settlement Class; (d) Lead Plaintiff and his counsel have fairly and adequately represented and protected the interests of Settlement Class Members; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

5.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of this Partial Settlement only, Plaintiffs are appointed as Class Representatives for the Settlement Class and The Weiser Law Firm, P.C., is appointed as counsel to the Settlement Class.

6.      Pursuant to Rule 23(c) of the Federal Rules of Civil Procedure, the Court approves the appointment of Strategic Claims Services as the "Claims Administrator" to supervise and administer the notice procedure, as well as the processing of claims as more fully set forth below:

1        (a)     No later than ten (10) business days after entry of this Preliminary Approval

2    Order, the Claims Administrator shall cause a copy of the Notice and Claim Form, as revised,

3    substantially in the forms annexed hereto as Exhibits A-1 and A-2, respectively, to be mailed by

4    first-class mail, postage prepaid, to those members of the Settlement Class who may be identified

5    through reasonable effort, including through the cooperation of Velti and its agents as set forth

6    below (the "Notice Date");

7        (b)     A revised summary notice (the "Summary Notice"), substantially in the form

8    annexed hereto as Exhibit A-3, shall be published once in the national edition of *Investor's Business*

9    *Daily* and over the *Business Wire* no later than ten (10) business days after the Notice Date; and

10       (c)     The Notice, the Summary Notice, and the Claim Form shall also be placed on

11   the website created for this Partial Settlement, on or before the Notice Date.

12   **NOTICE TO THE CLASS**

13       7.    The Court approves the form of Notice and Summary Notice (together, the "Notices")

14   and the Claim Form, and finds that the procedures established for publication, mailing, and

15   distribution of such Notices substantially in the manner and form set forth in ¶ 6 of this Preliminary

16   Approval Order meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section

17   21D(a)(7) of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private

18   Securities Litigation Reform Act of 1995 (the "PSLRA"), 15 U.S.C. § 78u-4(a)(7), the Securities Act

19   of 1933 (the "Securities Act"), and the Constitution of the United States, and any other applicable

20   law, and constitute the best notice practicable under the circumstances.

21       8.    Not later than five (5) days after the entry of this Order, Velti shall cause its transfer

22   agent to provide to Lead Counsel or the Claims Administrator, in an electronic format acceptable to

23   the Claims Administrator, the last known names and addresses of all Persons who purchased or

24   otherwise acquired Velti Shares during the Class Period.

25       9.    No later than thirty-five (35) calendar days prior to the Settlement Hearing, Lead

26   Counsel shall cause to be filed with the Clerk of this Court an affidavit or declaration of the person

27   or persons under whose general direction the mailing of the Notice and the publication of the

28

1    Summary Notice shall have been made, showing that such mailing and publication have been made

2    in accordance with this Preliminary Approval Order.

3         10.    Nominees who purchased Velti Shares for the benefit of another Person during the

4    Class Period are directed to send the Notice and Proof of Claim and Release form to such beneficial

5    owners of Velti Shares within ten (10) calendar days after receipt thereof, or send a list of the names

6    and addresses of such beneficial owners to the Claims Administrator within ten (10) calendar days of

7    receipt thereof, in which event the Claims Administrator shall promptly mail the Notice and Proof of

8    Claim and Release form to such beneficial owners.

9         11.    Other than the cost of providing the names and addresses of Persons who purchased

10   Velti Shares during the Class Period to Lead Counsel or the Claims Administrator, all reasonable

11   fees, costs, and expenses incurred in identifying and notifying members of the Settlement Class shall

12   be paid from the Settlement Fund and in no event shall any of the Released Persons bear any

13   responsibility for such fees, costs, or expenses.

14        12.    All members of the Settlement Class (except Persons who request exclusion pursuant

15   to ¶ 22 below) shall be bound by all determinations and judgments in the litigation concerning the

16   Partial Settlement, including, but not limited to, the releases provided for therein, whether favorable

17   or unfavorable to the Settlement Class, regardless of whether such Persons seek or obtain by any

18   means, including, without limitation, by submitting a Proof of Claim and Release form or any

19   similar document, any distribution from the Settlement Fund or the Net Settlement Fund.

20        13.    If not already done so prior to entry of this Preliminary Approval Order, no later than

21   ten (10) calendar days after the Stipulation was filed with the Court, the Settling Defendants shall

22   cause to be issued any settlement notice required by the Class Action Fairness Act of 2005.

23   **HEARING:  RIGHT TO BE HEARD**

24        14.    A hearing (the "Settlement Hearing") shall be held before this Court on **January 14,**

25   **2015**, at 2 p.m., at the San Francisco Courthouse of the United States District Court for the Northern

26   District of California, 450 Golden Gate Avenue, Courtroom 2, San Francisco, CA, to determine

27   whether the proposed Partial Settlement of the Action on the terms and conditions provided for in

28   the Settlement Agreement is fair, reasonable, and adequate to the Settlement Class and should be

approved by the Court; to determine whether a Judgment as provided in ¶ 1.9 of the Settlement Agreement should be entered; to determine whether the proposed Plan of Distribution should be approved; to determine any amount of fees and expenses that should be awarded to Lead Counsel for their service to the Settlement Class; to hear any objections by Settlement Class Members to the Settlement Agreement, Plan of Distribution, or any award of fees and expenses to the Lead Counsel and to the Lead Plaintiff; and to consider such other matters as the Court may deem appropriate.

15.     Papers in support of the Partial Settlement and the Plan of Distribution shall be filed no later than thirty-five (35) calendar days prior to the Settlement Hearing.   Reply papers shall be filed no later than fourteen (14) calendar days prior to the Settlement Hearing.  Lead Counsel's application for attorney's fees and reimbursement of expenses shall be filed no later than sixty (60) days after the Notice Date.

16.     At or after the Settlement Hearing, the Court shall determine whether the Plan of Distribution proposed by Lead Counsel, and any application for attorney's fees and expenses should be approved.

17.     Any Member of the Settlement Class may appear at the Settlement Hearing and show cause why the proposed Partial Settlement embodied in the Stipulation should or should not be approved as fair, reasonable, adequate, and in the best interests of the Settlement Class, or why the Judgment should or should not be entered thereon, or to present opposition to the Plan of Distribution or to the application of Lead Counsel for attorney's fees and reimbursement of expenses.

18.     Settlement Class Member or any other Person who wishes to object to the approval of the terms and conditions of the Partial Settlement, or, if approved, the Judgment to be entered thereon, or the terms of the Plan of Distribution, or the application by Lead Counsel for an award of attorney's fees and reimbursement of expenses shall: (i) file a written objection with the Clerk of the Court no later than **ninety (90) days** from the Notice Date, including the basis for such objection as well as copies of any papers or briefs in support of his, her, or its position, and (ii) serve, by hand or first-class mail, the same to the following counsel:

THE WEISER LAW FIRM, P.C.
ROBERT WEISER
22 Cassatt Avenue
Berwyn, PA 19312

*Counsel for Lead Plaintiff*

WILSON SONSINI GOODRICH
& ROSATI, Professional Corporation
BORIS FELDMAN
CYNTHIA A. DY
650 Page Mill Road,
Palo Alto, CA 94304

*Counsel for Settling Defendants*

19.     The Court reserves the right to alter the time or the date of the Settlement Hearing, provided that the time or the date of the Settlement Hearing shall not be set at a time or date earlier than the time and date set forth in ¶ 14 above, and retains jurisdiction to consider all further applications arising out of or connected to the proposed Partial Settlement.  The Court may, for good cause, extend any of the deadlines set forth in this Order.  The Court may approve the Partial Settlement, with such modifications as may be agreed to by the Settling Parties and approved by the Court, if appropriate.

**CLAIMS PROCESS**

20.     Settlement Class Members who wish to participate in the Partial Settlement shall complete and submit the Proof of Claim and Release form in accordance with the instructions contained therein.  Unless the Court orders otherwise, all Proofs of Claim and Release must be postmarked or submitted electronically, as set forth in the Notice, not later than midnight Pacific Standard Time (or Pacific Daylight Time, whichever is applicable at the time) on a date **ninety (90) days** from the Notice Date.  Any Settlement Class Member who does not submit a Proof of Claim and Release within the time provided shall be barred from sharing in the distribution of the proceeds of the Net Settlement Fund, unless otherwise ordered by the Court, but shall nevertheless be bound by any final judgment entered by the Court.  Notwithstanding the foregoing, Lead Counsel shall have the discretion to accept late-submitted claims for processing by the Claims Administrator so long as distribution of the Net Settlement Fund is not materially delayed or altered thereby.

21.     Any Settlement Class Member may enter an appearance in the Action, at his, her, or its own expense, individually or through counsel of their own choice.  If they do not enter an appearance, they will be represented by Lead Counsel in their capacity as a Settlement Class Member (and not in their individual capacity).

**REQUESTS FOR EXCLUSION FROM THE CLASS**

22.     Any Person falling within the definition of the Settlement Class may, upon request, be excluded or "opt out" from the Settlement Class.  Any such Person must submit to the Claims Administrator a request for exclusion ("Request for Exclusion"), postmarked no later than a date **ninety (90) days** from the Notice Date.  A Request for Exclusion must be signed and state (a) the name, address, and telephone number of the Person requesting exclusion; (b) the Person's purchases or acquisitions and sales of Velti Shares between January 27, 2011, and August 20, 2013, inclusive, including the dates, the number of Velti Shares purchased or sold, and price paid or received for each such purchase or sale; and (c) that the Person wishes to be excluded from the Settlement Class.  All Persons who submit valid and timely Requests for Exclusion in the manner set forth in this paragraph shall have no rights under the Settlement Agreement, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Settlement Agreement or any final judgment.

23.     Lead Counsel or the Claims Administrator shall cause to be provided to Settling Defendants' counsel copies of all Requests for Exclusion, and any written revocation of Requests for Exclusion within three (3) days of receipt, but in no event later than ten (10) business days before the Settlement Hearing.  Copies of untimely Requests for Exclusion shall be delivered to Settling Defendants' counsel by Lead Counsel or the Claims Administrator within two (2) days of receipt.

**MISCELLANEOUS**

24.     All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis*, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Settlement Agreement or further order of the Court.

25.     The Released Persons shall have no responsibility for the Plan of Distribution or any application for attorneys' fees or expenses submitted by Plaintiffs' Counsel, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Partial Settlement.

26.     All reasonable expenses incurred in identifying and notifying Settlement Class Members as well as administering the Settlement Fund shall be paid as set forth in the Settlement Agreement.  In the event the Court does not approve the Partial Settlement, or it otherwise fails to become effective, neither Plaintiffs nor any of their counsel shall have any obligation to repay any amounts actually and properly incurred or disbursed pursuant to ¶ 3.7 or ¶ 3.8 of the Settlement Agreement.

27.     Neither the Settlement Agreement, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by the Released Defendants or any other Released Persons of the truth of any of the allegations in the Action, or of any liability, fault, or wrongdoing of any kind.

28.     All proceedings against the Released Defendants in the Action are stayed until further order of this Court, except as may be necessary to implement the Partial Settlement or comply with the terms of the Settlement Agreement.  Pending final determination of whether the Partial Settlement should be approved, neither Plaintiffs nor any Settlement Class Member, either directly, representatively, or in any other capacity shall commence or prosecute against any of the Released Persons any action or proceeding in any court or tribunal asserting any of the Released Claims.

29.     Nothing in the Partial Settlement or this Order shall resolve the class claims against the defendants Jefferies LLC, RBC Capital Markets, LLC, Needham & Company, LLC, Canaccord Genuity Inc., or Baker Tilly Virchow Krause, LLP.

30.     Unless otherwise ordered by the Court, in the event the Stipulation shall terminate, or be canceled, or shall not become effective for any reason, within five (5) business days after written notification of such event is sent by counsel for Settling Defendants or Lead Counsel to the Escrow Agent, the Settlement Fund (including accrued interest), less expenses which have either been incurred or disbursed pursuant to the Stipulation, shall be refunded pursuant to written instructions from Settling Defendants' counsel.

31.     In the event that the Stipulation is not approved by the Court or the Partial Settlement set forth in the Stipulation is terminated or fails to become effective in accordance with its terms, the Settling Parties shall be restored to their respective positions in the Action as of the day immediately

preceding the execution of the Stipulation.   In such event, the terms and provisions of the Stipulation, with the exception of ¶¶ 1.1-1.28, 3.7-3.9, 8.2, 9.3-9.5, 10.4-10.5, and 10.6, shall have no further force and effect with respect to the Settling Parties and shall not be used in this Action or in any other proceeding for any purpose, and the Settling Parties shall be deemed to return to their status as of the day immediately preceding the execution of the Stipulation, and shall be required to present an amended schedule to the Court.

32.     Nothing in this Order shall prejudice the ability or right of the Non-Settling Defendants to object to the Partial Settlement to the extent it affects their rights.  Upon consideration of the parties' briefing and argument, the Court understands that the Partial Settlement provides for an appropriate judgment reduction to the Non-Settling Defendants in accordance with, and to the extent permitted by, the Securities Act of 1933, the Securities Exchange Act of 1934, and any other applicable statutory or common law rule.  The supplemental briefing clarifies that the Non-Settling Defendants' claims under the Securities Act will be reduced by the greater of the Director Defendants' proportional liability of the Partial Settlement only, not the proportional liability of all of the Settling Defendants or the other Released Persons.  The Court also understands that the Settling Defendants agree, and the Plaintiffs do not contest, that contribution bars are reciprocal. ECF Dkt. No. 125 at 7; ECF Dkt. No. 127.  Such bars shall account for all Released Persons.  Given this interpretation of the Partial Settlement, the Non-Settling Defendants' request to determine their liability now is premature.

33.     No later than five (5) business days after entry of this Preliminary Approval Order, the Settling Parties shall file with the Court a copy of the revised Partial Settlement and Plan of Distribution, modified as reflected in the modified Notice, Claim Form, and Summary Notice attached to this Order, and to reflect the Court's understanding of the Partial Settlement based on the parties' briefing and argument.  The revised Partial Settlement shall, among other modifications, incorporate the Joint Notice of Errata (ECF Dkt. No. 111) and clarify, to the extent necessary, the

current understanding of the Partial Settlement.

**IT IS SO ORDERED**.



DATED: August 19, 2014
_____

THE HONORABLE WILLIAM H. ORRICK
UNITED STATES DISTRICT JUDGE

THE WEISER LAW FIRM, P.C.
KATHLEEN A. HERKENHOFF (168562)
12707 High Bluff Drive, Suite 200
San Diego, CA 92130
Telephone:  (858) 794-1441
Facsimile:  (858) 794-1450
kah@weiserlawfirm.com

Lead Counsel for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re VELTI PLC SECURITIES LITIGATION | Master File No. 3:13-cv-03889-WHO |
| | (Consolidated with Case Nos. 3:13-cv-03954-WHO 3:13-cv-04140-WHO 3:13-cv-04606-WHO 3:14-cv-00372-WHO) |
| This Document Relates To: | |
| ALL ACTIONS. | |
| | CLASS ACTION |
| | NOTICE OF PENDENCY AND PROPOSED PARTIAL SETTLEMENT OF CLASS ACTION |
| | EXHIBIT A-1 |

**IMPORTANT NOTICE ISSUED AT DIRECTION OF FEDERAL COURT**

**(THIS IS NOT A LAWYER SOLICITATION)**

**YOU MAY BE ENTITLED TO BENEFITS FROM A PARTIAL CLASS ACTION SETTLEMENT[1]**

Subject to Court approval, Plaintiffs have reached a $9.5 million settlement with Velti plc ("Velti" or the "Company") and certain additional Settling Defendants, which is a partial settlement and only as to claims against these Settling Defendants (and Released Persons) in *In re Velti plc Securities Litigation*, Master File No. 3:13-cv-03889-WHO (the "Class Action"). The Class Action alleges that Velti and certain of its current and/or former officers and directors (the "Individual Defendants") and Velti's former auditor, Baker Tilly Virchow Krause, LLP ("Baker Tilly"), committed violations of the antifraud provisions of the Securities Exchange Act of 1934 (the "Exchange Act") during the Class Period of January 27, 2011, to August 20, 2013 (the "Class Period"). The Class Action also alleges that Velti, certain of the Individual Defendants, Baker Tilly, and the Underwriter Defendants issued materially false statements or omissions in connection with Velti's Initial Public Offering and Secondary Public Offering the in violation of the Securities Act of 1933 (the "Securities Act"), which violations also occurred during the Class Period. Specifically, the Class Action was filed following the August 20, 2013, announcement by Velti that the Company made a decision to write down more than $100 million in outstanding receivables in its financial results for the second fiscal quarter of 2013. The Plaintiffs allege that, during the Class Period, the Defendants failed to disclose material information concerning, among other things: (1) that the Company was having difficulties collecting certain receivables; (2) that certain of the Company's receivables were uncollectible; (3) that, as a result, the Company's revenues and receivables were overstated during the proposed Class Period; (4) that the Company lacked adequate internal and financial controls; and (5) that, as a result of the foregoing, the Company's statements and reported financial results during the Class Period were materially false and misleading.

---

[1] All capitalized terms herein, unless otherwise defined, have the same meaning as set forth in the May 23, 2014 Stipulation and Agreement of Partial Settlement (the "Settlement Agreement" or the "Settlement"), which is available for inspection at www.veltisecuritieslitigation.com.

1    The Settling Defendants deny any claims of wrongdoing or violations of law, but have agreed

2    to settle the Class Action to avoid the burden and cost of further litigation.

3    **You may be a Settlement Class Member if you purchased or otherwise acquired the**

4    **securities of Velti between January 27, 2011 and August 20, 2013, inclusive.**  If you received this

5    notice, you have been identified as a likely Settlement Class Member based on records provided by

6    Velti to the Claims Administrator appointed by the Court.

7    *Your Legal Rights Are Affected Even If You Do Not Act.  Please Read This Notice*

8    *Carefully.*

9    ## A SUMMARY OF YOUR RIGHTS AND CHOICES

| You May: | Summary: | Due Date: |
|---|---|---|
| Submit a Proof of Claim and Release ("Proof of Claim") | You may be eligible to receive a distribution from the Net Settlement Fund pursuant to the Plan of Distribution if you are a Settlement Class Member, but you must submit a timely and valid Proof of Claim.  If you submit a timely and valid Proof of Claim, you will be bound by the terms of the Settlement and give up your right to sue on your own regarding any claims that are part of the Settlement. | |
| Ask to be Excluded | You can opt out of the Settlement.  If you do so you will not be eligible to receive a distribution from the Net Settlement Fund pursuant to the Plan of Distribution.  You will retain, however, the right to sue on your own regarding any claims that are part of the Settlement. | |
| Submit an Objection | You may write to the Court (with copies to Plaintiffs' Counsel and Settling Defendants' counsel) and explain why you do not like the Settlement.  You may appear and speak at the Settlement Hearing on your own or through a lawyer hired by you.  After your objection is heard by the Court, you may submit a Proof of Claim. | |
| Do Nothing | You will receive no money or compensation.  You also give up whatever existing rights you may have to sue on your own regarding any claims that are part of the Settlement. | |

**THESE RIGHTS AND OPTIONS
AND THE DEADLINE TO EXERCISE THEM
ARE EXPLAINED IN THIS NOTICE**

**WHAT THIS NOTICE CONTAINS**

**BASIC INFORMATION**

    1.    Why is There a Notice?

    2.    What is a Class Action and Who is Involved?

    3.    What Lawsuit is Involved in This Settlement?

    4.    What is This Class Action About?

    5.    Why is There a Settlement

**SETTLEMENT MEMBERS**

    6.    Am I a Settlement Class Member?

**THE PROPOSED SETTLEMENT**

    7.    What Benefits Will I Receive as a Settlement Class Member?

    8.    Are the Settlement Benefits Available Now?

**YOUR RIGHTS AND OPTIONS**

    9.    What Happens if I do Nothing?

    10.    If I Remain in the Settlement Class, What Claims Do I Give Up?

    11.    Why Would I Ask to be Excluded?

    12.    How Do I Exclude Myself From the Settlement Class?

    13.    Can I Object to the Settlement?

    14.    What If I Hold Velti Securities Encompassed By The Settlement On Behalf Of Someone Else?

    15.    When is the Settlement Hearing?

    16.    Do I Have to Attend the Settlement Hearing?

    17.    May I Speak at the Settlement Hearing?

**THE LAWYERS REPRESENTING YOU**

    18.    Does the Settlement Class Have a Lawyer?

    19.    Should I Hire My Own Lawyer?

20.     How Will Class Counsel Be Paid?

21.     Will the Class Representatives Request Any Payments In Addition to the Settlement Benefits?

**MORE INFORMATION**

22.     Where Can I Get More Information?

23.     May I Contact the Court or the Settling Defendants Directly?

BASIC INFORMATION

**1.     Why is There a Notice?**

The purpose of this Notice is to inform potential Settlement Class Members about the proposed partial Settlement of the Class Action, which is a class action lawsuit, before the Court decides whether to approve the Settlement.  This Notice explains:

- What the Class Action lawsuit and the Settlement are about.
- Who is a Settlement Class Member.
- Who represents the Settlement Class Members in the Class Action.
- What your legal rights and choices are.
- How and by when you need to act.

**2.     What is a Class Action and Who is Involved?**

In a class action lawsuit, one or more people (called the "Lead Plaintiff," "Plaintiffs," or proposed "Class Representatives") sue on behalf of persons who are believed by such persons initiating the lawsuit to have similar claims.  These people are collectively called the proposed "Class" or proposed "Class Members."  Certain of the persons or entities that initiated this Class Action, the Lead Plaintiff and Plaintiffs, as well as the company being sued, Velti, and certain of its former officers and directors (who are referred to collectively with Velti as the "Settling Defendants") have reached a proposed partial Settlement of the Class Action.  The Court that is considering whether to approve the Settlement has allowed, or "certified," this case as a class action for purposes of this Settlement only, and all decisions that the Court makes concerning the Settlement will affect everyone in the Settlement Class.

**3.      What Lawsuit is Involved In This Settlement?**

A consolidated securities class action is pending in the United States District Court for the Northern District of California, entitled *In re Velti plc Securities Litigation*, Master File No. 3:13-cv-03889-WHO (defined above as the "Class Action").

**4.      What is This Class Action About?**

The Class Action alleges that Velti, certain of its current and/or former officers and directors (the "Individual Defendants") and Velti's former auditor, Baker Tilly, committed violations of the antifraud provisions of the Exchange Act.  The Class Action also alleges that Velti, certain of the Individual Defendants, Baker Tilly, and the Underwriter Defendants issued materially false statements or omissions in connection with Velti's Initial Public Offering and Secondary Public Offering the in violation of the Securities Act.  The Class Action was filed following the August 20, 2013, announcement by Velti that the Company made a decision to write down more than $100 million in outstanding receivables in its financial results for the second fiscal quarter of 2013.  As set forth in the pleadings on file in the Class Action, the Plaintiffs allege that during the Class Period, the Defendants failed to disclose material information, among other things: (1) that the Company was having difficulties collecting certain receivables; (2) that certain of the Company's receivables were uncollectible; (3) that, as a result, the Company's revenues and receivables were overstated during the proposed Class Period; (4) that the Company lacked adequate internal and financial controls; and (5) that, as a result of the foregoing, the Company's statements and reported financial results during the Class Period were materially false and misleading.

The Settling Defendants deny any claims of wrongdoing or violations of law, but have agreed to settle the Class Action to avoid the burden and cost of further litigation, as further detailed below.

**5.      Why is There a Settlement?**

The Court did not decide in favor of either the Plaintiffs or the Settling Defendants.

The Plaintiffs and Plaintiffs' Counsel believe that the claims asserted in the Class Action have merit, but believe that the Settlement is in the best interests of the Settlement Class.  Plaintiffs and Plaintiffs' Counsel recognize the expense and length of continued proceedings necessary to prosecute the Class Action against the Released Defendants through discovery and trial.  Plaintiffs

and Plaintiffs' Counsel also have taken into account the uncertain outcome and the risk of going to trial, especially in complex actions such as this Class Action, as well as the risks posed by the difficulties and delays inherent in such litigation.  Plaintiffs and Plaintiffs' Counsel also are aware of the defenses to the securities law violations asserted in the Class Action.  Plaintiffs and Plaintiffs' Counsel believe that the Settlement confers substantial benefits upon the Settlement Class in light of the circumstances present here, including the Company's deteriorating financial situation.  Based on their evaluation, Plaintiffs and Plaintiffs' Counsel have determined that the Partial Settlement is in the best interests of Plaintiffs and the Settlement Class.

The Settling Defendants have denied and continue to deny that they have violated the Securities Act or the Exchange Act (also referred to collectively as the federal securities laws) identified in the Class Action or any other laws, and maintain that their conduct was at all times proper and in compliance with all applicable laws.  The Settling Defendants have denied and continue to deny specifically each and all of the claims and contentions alleged in the Class Action, along with all charges of wrongdoing or liability against them arising out of any of the conduct, statements, acts or omissions alleged, or that should have been alleged, in the Class Action.  In addition, the Settling Defendants maintain that they have meritorious defenses to all claims alleged in the Class Action.

Nonetheless, taking into account the uncertainty, risks, and costs inherent in going to trial, especially in complex cases such as this Class Action, the Settling Defendants have concluded that continuing with this Class Action could consume resources and be distracting.  The Settling Defendants have, therefore, determined that it is better that the Class Action be settled in the manner and with the terms and conditions set forth in the Settlement.

The proposed Settlement is with the Settling Defendants only, not all defendants.  The Settlement Agreement provides a release (as defined in the Settlement Agreement as "Released Claims") for the Released Defendants (which includes the Settling Defendants, as well as defendants who did not participate in the Settlement Agreement:  Alex Moukas, Chris Kakavelis, David Mann, David Hobley and Jerry Goldstein).  The Civil Action will continue (absent further action of the parties or the Court) against the other Defendants, namely, Baker Tilly and the Underwriter

1   Defendants.   The Settlement Agreement provides for certain "Voluntary Disclosure and
2   Confirmatory Discovery" to be provided by the Settling Defendants and Potential Witnesses to the
3   Plaintiffs.

4       The Settling Parties engaged in extensive settlement negotiations, participated in mediation
5   before a retired judge who is a professional mediator, and shared significant amounts of information
6   about the Class Action before reaching the Settlement.

7       This Notice does not imply that any Court has found or would have found that the Settling
8   Defendants violated the law, that a class would have been certified during litigation (as opposed to
9   certification for purposes of Settlement), or that any proposed Settlement Class Members would
10  have recovered any amount of damages if the Class Action was not settled.

11  **SETTLEMENT CLASS MEMBERS**

12      To find out if you are entitled to benefits from this Settlement, you first have to determine if
13  you are able to establish that you are a Settlement Class Member.

14  **6.    Am I a Member of the Settlement Class?**

15      You may be a Settlement Class Member if:

16      You are a person who purchased or otherwise acquired the Velti securities between January
17  27, 2011, and August 20, 2013, inclusive.

18  **THE PROPOSED SETTLEMENT**

19      This Notice provides a summary of some, but not all, of the terms of the Settlement
20  Agreement**.   A full copy of the Settlement Agreement may be viewed at**
21  **www.veltisecuritieslitigation.com.**   The Settlement Agreement must be approved by the Court and
22  become "Final" before any of the Net Settlement Fund (*i.e.*, the cash) is distributed pursuant to the
23  Plan of Distribution (*i.e.*, a plan to allocate the cash from the settlement to Settlement Class
24  Members based upon a formula governed by the timing of the purchase/acquisition and
25  sale/disposition of their Velti securities).

26  **7.    What Benefits Will I Receive as a Settlement Class Member?**

27      Settlement Class Members who timely submit a valid Proof of Claim that is approved, and
28  who do not exclude themselves (*i.e.*, "opt out") from the Settlement (referenced in the Settlement

Agreement as an "Authorized Claimant"), will be eligible to receive a distribution from the Net Settlement Fund in accordance with a Plan of Distribution approved by the Court.  The Plan of Distribution essentially provides that you will be eligible to participate in the distribution of the Net Settlement Fund if you have a net loss arising out of all transactions involving Velti securities purchased pursuant to, or traceable to Velti's Initial Public Offering, purchased pursuant to, or traceable to Velti's Secondary Public Offering, or purchased on the open market during the Class Period.  The Plan of Distribution currently proposed for approval at the Settlement Hearing is set forth in Exhibit A hereto.  **A copy of the Plan of Distribution may also be viewed at www.veltisecuritieslitigation.com.  No distributions will be made to Authorized Claimants who would otherwise receive a distribution of less than $10.00.  The *estimate* of the recovery for loss per share is $.18.  The $.18 per share amount is based on the total $9.5 million Settlement Fund, and not the Net Settlement Fund (*i.e.* the amount left for distribution after fees, expenses and costs as detailed in the Settlement Agreement are deducted).**  This is also merely an estimate and reference to the Plan of Distribution should be made to approximate an Authorized Claimant's potential Recognized Loss.[2]

**8.      Are the Settlement Benefits Available Now?**

No.  No money or benefits are available now because the Court has not yet decided whether to approve the Settlement.  If the Settlement is approved and becomes final, money will be distributed to eligible Authorized Claimants after the Claims Administrator determined each eligible

---

[2] As detailed in the Declaration of Paul Mulholland Re: Administrator's Costs and Damages Calculations, filed by Plaintiffs with the Court on July 22, 2014, the following explains the referenced $.18 per share amount: "The estimated average recovery per damaged share of Velti common stock under the Settlement is approximately $0.18 ($9.5 million divided by 51.4 million damaged shares) before deduction of Court-awarded attorneys' fees and expenses.  A damaged share may have been traded more than once during the Class Period, and the indicated average recovery would be the total for all purchasers of that share.  This estimated average amount assumes that *all* Class members will submit timely, valid claims seeking a payment from the Net Settlement Fund.  The number of Class members who submit claims varies widely from case to case, and is often less than 100%.  If not all Class members submit claims, your actual recovery could be more than the estimated average amount.  If the Court approves Lead Counsel's fee and expense application, the average cost of recovery per damaged share is $.05."

Authorized Claimant's share of the Net Settlement Fund to be distributed and the Court orders such distribution.  There is no guarantee that money will ever be distributed.  However, if you want to participate in the Settlement in the event that it obtains approval, you must timely submit a valid Proof of Claim.

*An unexecuted Proof of Claim form is available online at www.veltisecuritieslitigation.com (the "Website").  Directions may be found on the Website for the submission of the executed Proof of Claim electronically.  You may also print the Proof of Claim form for mailing after completion.  Alternatively, you may also call (866) 274-4004 to have a Proof of Claim mailed to you. The deadline to submit a Proof of Claim by mail is midnight PST (or PDT) on [90 days from Notice Date], 2014.  The deadline to submit a Proof of Claim electronically is midnight PST (or PDT) on [90 days from Notice Date], 2014.*

**YOUR RIGHTS AND OPTIONS**

You need to decide whether to participate in the Settlement.

**9.      What Happens if I do Nothing?**

If you do nothing and do not opt out of the Settlement, and if you are indeed a Settlement Class Member, you will automatically be included in the Settlement Class as a Settlement Class Member, and all of the Court's orders concerning the Settlement (including any Judgment) will apply to you and legally bind you, but *you will not receive any benefit*.  **Therefore, in order to receive *any benefit* from the Settlement, you must submit a valid and timely Proof of Claim.** An unexecuted Proof of Claim form is available online at the Website.  Directions may be found on the Website for the submission of the executed Proof of Claim electronically.  You may also print the Proof of Claim form for mailing after completion.  Alternatively, you may also call (866) 274-4004 to have a Proof of Claim mailed to you.  Be aware that being a Settlement Class Member by definition does not, as noted above, entitle you to *any benefit* from the Settlement outright.  Payment to any Settlement Class Member of a portion of the Net Settlement Fund pursuant to the Plan of Distribution requires that a valid and timely Proof of Claim be submitted (and that the Settlement Class Member has not opted out of the Settlement), and that the Claim is allowed by the Court.

**10.     If I Remain in the Settlement Class, What Claims Do I Give Up?**

**If you remain in the Settlement Class, you will essentially give up any and all claims against the Released Persons (which includes the Settling Defendants and Released Defendants).**  In short, this includes the successors in interest of the Released Persons, and those connected to them, to the extent that a claim arises from the allegations in the Class Action.  The full scope of the Released Claims, which you should read, is set forth below:

"Released Claims" means any and all claims (including Unknown Claims as defined in ¶1.28 in the Settlement Agreement and below), demands, rights, liabilities, and causes of action of every nature and description whatsoever, whether known or unknown, contingent or absolute, mature or immature, discoverable or undiscoverable, whether concealed or hidden, suspected or unsuspected, whether arising under federal, state, common or foreign law, which now exist, or heretofore may have existed, asserted or that should have been asserted by Plaintiffs or any Settlement Class Member against the Released Persons, arising out of the purchase or acquisition of Velti Shares during the Class Period and the  facts, events, transactions, statements, disclosures, acts, omissions, or failures to act that were or should have been alleged in the Action.  The Released Claims extend only to any and/or all Released Defendants and any and/or all of their Related Persons.  "Released Claims" includes "Unknown Claims" as set forth below.

"Unknown Claims" means any Released Claims which Plaintiffs or any Settlement Class Member does not know or suspect to exist in his, her or its favor at the time of the release of the Released Persons which, if known by him, her or it, might have affected his, her or its settlement with and release of the Released Persons, or might have affected his, her or its decision not to object to this Partial Settlement.  With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, Plaintiffs shall expressly and each of the Settlement Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived to the fullest extent permitted by law the provisions, rights, and benefits of California Civil Code §1542, which provides:

**A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

1    Plaintiffs shall expressly and each of the Settlement Class Members shall be deemed to have,

2    and by operation of the Judgment shall have, expressly waived any and all provisions, rights, and

3    benefits conferred by any law of any state or territory of the United States, or principle of common

4    law, which is similar, comparable, or equivalent to California Civil Code §1542.  Plaintiffs and

5    Settlement Class Members may hereafter discover facts in addition to or different from those which

6    he, she or it now knows or believes to be true with respect to the subject matter of the Released

7    Claims, but Plaintiffs shall expressly, and each Settlement Class Member, upon the Effective Date,

8    shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever

9    settled and released any and all Released Claims, known or unknown, suspected or unsuspected,

10   contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore

11   have existed, upon any theory of law or equity now existing or coming into existence in the future,

12   including, but not limited to, conduct that is negligent, intentional, with or without malice, or a

13   breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such

14   different or additional facts.  Plaintiffs acknowledge, and the Settlement Class Members shall be

15   deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was

16   separately bargained for and a key element of the Partial Settlement of which this release is a part.

17   **11.    Why Would I ask to be Excluded?**

18       **You may want to exclude yourself from the Settlement Class if you intend to file or**

19   **already filed a lawsuit or arbitration in your own right** against the Settling Defendants or the

20   Released Persons for the Released Claims and want to continue that lawsuit or arbitration.  If you do

21   not exclude yourself, you will be legally bound by all orders of the Court regarding the Settlement

22   Class, the Settlement Agreement, and the Released Claims.  All Settlement Class Members who do

23   not ask to be excluded will be forever barred from asserting against the Settling Defendants and the

24   Released Persons any and all actions, claims, causes of action, proceedings, or rights of any nature

25   and description whatsoever regarding the Released Claims, as more fully described in § 10 above

26   and in the Settlement Agreement.  If you request exclusion you shall not be entitled to recover any

27   benefits from the Settlement.

28

**12.    How Do I Exclude Myself From the Settlement Class?**

You may exclude yourself ("opt out") from the Settlement Class by sending a written and signed request to the Claims Administrator postmarked no later than **_[90 days from Notice Date]**, **_2014**. Your request for exclusion must be signed and must contain the following information:

- Your name, address and telephone number;

- Information concerning your purchases or acquisitions and sales of Velti securities between January 27, 2011, and August 20, 2013, inclusive, including the dates, the number of Velti securities purchased or sold (the class, *i.e.*, common stock ,etc.), and price paid or received for each such purchase or sale; and

- A statement that you wish to be excluded from the Settlement Class.

Please send your request for exclusion to the following address:

> *In re Velti plc Securities Litigation*
> Claims Administrator
> c/o Strategic Claims Services
> P.O. Box 230
> 600 N. Jackson Street, Suite 3
> Media, PA 19063

If you exclude yourself from the Settlement, you cannot object to the Settlement and you will *not* receive any money or other benefits from the Settlement.

**13.    Can I Object to the Settlement?**

Yes, but *not* if you exclude yourself from the Settlement Class. Objecting is simply telling the Court that you do not like something about the Settlement. All objections that are filed by the deadline of **_[90 days from Notice Date]**, **_2014** will be considered at the Settlement Hearing on **January 14, 2015**. After your objection is heard by the Court, you may file a Proof of Claim. If you do not file an objection, you waive your right to appeal any Court order or judgment related to the Settlement.

To object to the Settlement, file and serve (as per the instructions below) a written objection in *In re Velti plc Securities Litigation*, Master File No. 3:13-cv-03889-WHO, in the United States District Court for the Northern District of California.

**File an objection by sending it to, or depositing it at, the addresses below.** Your written objection should be signed and should include or state:

- Your full name, address, and telephone number;

- A demonstration of your membership in the Settlement Class, including the number of Velti securities purchased/acquired and sold from January 27, 2011 through August 20, 2013, inclusive, as well as the dates of purchase or acquisition and sale;

- A written statement of all grounds for your objections accompanied, if possible, by any legal support for such objections;

- Copies of any papers, briefs or other documents upon which your objection is based;

- Whether you intend to appear at the Settlement Hearing;

- If you intend to appear at the Settlement Hearing through counsel, the identity of the attorney(s) representing you who will appear at the Settlement Hearing.

The deadline to submit and serve your objection is **[90 days from Notice Date]**, *2014*. The addresses to which a full and signed copy of the objection should be sent are:

Clerk of the Court
U.S. District Court for the Northern District of California
450 Golden Gate Ave.
San Francisco, CA 94102

THE WEISER LAW FIRM, P.C.
ROBERT WEISER
22 Cassatt Avenue
Berwyn, PA 19312

*Counsel for Lead Plaintiff*

WILSON SONSINI GOODRICH
& ROSATI, Professional Corporation
BORIS FELDMAN
CYNTHIA A. DY
650 Page Mill Road,
Palo Alto, CA 94304

*Counsel for Settling Defendants*

Failure to submit all of the above information will not preclude you from objecting.

**14.    What If I Hold Velti Securities That May Be Covered By The Settlement On Behalf of Someone Else?**

If you hold or held any Velti securities purchased between January 27, 2011, through August 20, 2013, as nominee for a beneficial owner, then, within ten (10) calendar days after you receive this Notice, you must either: (1) send a copy of this Notice and the Proof of Claim and Release by First-Class Mail to all such Persons; or (2) provide a list of the names and addresses of such Persons to the Claims Administrator:

1                                 *Velti Securities Litigation*
2                                 Claims Administrator
                                c/o Strategic Claims Services
3                                 P.O. Box 230
                                600 N. Jackson Street, Suite 3
4                                 Media, PA 19063

If you choose to mail the Notice and Proof of Claim and Release yourself, you may obtain from the Claims Administrator (without cost to you) as many additional copies of these documents as you will need to complete the mailing.  Regardless of whether you choose to complete the mailing yourself or elect to have the mailing performed for you, you may obtain reimbursement for, or advancement of, reasonable administrative costs actually incurred or expected to be incurred in connection with forwarding the Notice and Proof of Claim and Release and which would not have been incurred but for the obligation to forward the Notice and Proof of Claim and Release, upon submission of appropriate documentation to the Claims Administrator.

**15.      When is the Settlement Hearing?**

The Court will hold a Settlement Hearing on ==**January 14, 2015***, at 2 p.m.*== in Courtroom 2 of the United States District Court for the Northern District of California, the Honorable William H. Orrick presiding, located at 450 Golden Gate Ave., San Francisco, CA 94102. The date of the Settlement Hearing may change, so please refer to the Settlement website to confirm the date and time of the Settlement Hearing.  At the Settlement Hearing, the Court will consider if:

- The Settlement is fair, reasonable, and adequate;
- The Settlement should be approved; and
- If there are any objections to the Settlement.

**16.      Do I Have to Attend the Settlement Hearing?**

No.  Your attendance at the Settlement Hearing is not required even if you submit a written objection.  However, you or your attorney may attend the hearing at your own expense.

**17.      May I Speak at the Settlement Hearing?**

Yes:  if you submit an objection pursuant to the procedures set forth herein, you may address the Court at the Settlement Hearing.  The Court will determine the order of the speakers, and may limit the number if many objectors appear to (or have) the same argument to make.  You should file

a written objection as described above that indicates that you intend to appear.  You may also enter an appearance through an attorney hired at your own expense.

**THE LAWYERS REPRESENTING YOU**

**18.    Does the Settlement Class Have a Lawyer?**

Yes.  The Court appointed The Weiser Law Firm, P.C., as Lead Counsel and as Class Counsel to represent you and the other Settlement Class Members in your capacity as members of the Settlement Class (not in your individual capacity).  More information about the law firm, its practice, and lawyers is available at www.weiserlawfirm.com.

**19.    Should I Hire My Own Lawyer?**

You do not need to hire your own lawyer because Lead Counsel/Class Counsel is working on your behalf in your capacity as a Settlement Class Member.  However, you may hire an attorney at your own expense to represent you and speak on your behalf.

**20.    How Will Class Counsel be Paid?**

If the Court approves the Settlement Agreement at the Settlement Hearing, then Lead Counsel/Class Counsel will ask the Court for an award of reasonable attorney's fees in an amount of 25 percent of the Settlement Fund (or $2.375 million), and reimbursement of expenses incurred as a result of the Class Action in the amount of $225,000, plus interest thereon.  **In other words, these amounts will be subtracted from the total Settlement Fund, and the remainder of the fund will be used to distribute awards to Class Members.**  The Court will determine how much will be paid, which shall be paid to Lead Counsel, who shall thereafter allocate the payment amongst Plaintiffs' Counsel (according to the terms of the Settlement Agreement).  As detailed in the Declaration of Paul Mulholland Re: Administrator's Costs and Damages Calculations, filed by Plaintiffs with the Court on July 22, 2014, **if the Court approves Lead Counsel's fee and expense application, the average cost of recovery per damaged share is $0.05**.

**21.    Will the Plaintiffs or Class Representatives Request Any Payments in Addition to the Settlement Benefits?**

No.

**MORE INFORMATION**

**22.     Where Can I Get More Information?**

         This Notice is only a summary of relevant court documents.  Copies of the moving papers filed with the Court by Plaintiffs in connection with the preliminary approval of the Settlement may be found on the Website.  **These papers include the Partial Settlement, and they may be inspected at *www.veltisecuritieslitigation.com.***

         If you have further questions, you may:

- •     Call the Claims Administrator at the toll free number: (866) 274-4004

- •     Write to the Claims Administrator:

- •     If you wish to contact Plaintiffs' Counsel regarding the Settlement, you may contact them as follows:

| | |
|---|---|
| James M. Ficaro, Esq. | Nicole Lavallee, Esq. |
| The Weiser Law Firm, P.C. | Berman DeValerio |
| 22 Cassatt Avenue, First Floor | One California Street, Suite 900 |
| Berwyn, PA 19312 | San Francisco, CA 94111 |
| (610) 225-2677 | (415) 433-3200 |
| | |
| Counsel for Lead Plaintiff and Class Counsel | Counsel for Plaintiff St. Paul Teachers' Retirement Fund Association |

**23.     May I Contact the Court or the Settling Defendants Directly?**

         Other than filing an objection, please do not contact the Court or the Settling Defendants' attorneys regarding this Settlement.  They cannot provide you any advice.

**NOTICE ENDS HERE**

THE WEISER LAW FIRM, P.C.
KATHLEEN A. HERKENHOFF (168562)
12707 High Bluff Drive, Suite 200
San Diego, CA 92130
Telephone:  (858) 794-1441
Facsimile:  (858) 794-1450
kah@weiserlawfirm.com

Lead Counsel for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re VELTI PLC SECURITIES LITIGATION | Master File No. 3:13-cv-03889-WHO |
| | (Consolidated with Case Nos. 3:13-cv-03954-WHO 3:13-cv-04140-WHO 3:13-cv-04606-WHO 3:14-cv-00372-WHO) |
| This Document Relates To: | |
| ALL ACTIONS. | |
| | CLASS ACTION |
| | PROOF OF CLAIM AND RELEASE |
| | EXHIBIT A-2 |

## II.      GENERAL INSTRUCTIONS

1.       To recover as a member of the Settlement Class based on your claims in the action entitled *In re Velti plc Securities Litigation*, Civil Action No. 3:13-cv-03889-WHO (the "Action"), you must complete and, on pages 3-10 hereof, sign this Proof of Claim and Release ("Claim Form"). If you fail to file a properly addressed (as set forth in paragraph 3 below) Proof of Claim and Release, your claim may be rejected and you may be precluded from any recovery from the Net Settlement Fund created in connection with the proposed Partial Settlement of the Action.

2.       Submission of this Proof of Claim and Release, however, does not assure that you will share in the proceeds of the Partial Settlement of the Action.

3.       **IF YOU CHOOSE TO SUBMIT THE COMPLETED PROOF OF CLAIM ELECTRONICALLY, IT MUST BE SUBMITTED BEFORE MIDNIGHT PST (OR PDT) ON [90 days from Notice Date], 2014**.

4.       **IF YOU DO NOT CHOOSE TO SUBMIT THE COMPLETED AND SIGNED PROOF OF CLAIM ELECTRONICALLY, YOU MUST MAIL YOUR COMPLETED AND SIGNED PROOF OF CLAIM POSTMARKED ON OR BEFORE [90 days from Notice Date], 2014, ADDRESSED AS FOLLOWS**:

*In re Velti plc Securities Litigation*
Claims Administrator
c/o Strategic Claims Services
P.O. Box 230
600 N. Jackson Street, Suite 3
Media, PA 19063

If you are NOT a member of the Settlement Class (as defined in the Notice of Pendency and Proposed Partial Settlement of Class Action (the "Notice")), DO NOT submit a Proof of Claim and Release form.

5.       <u>**If you are a member of the Settlement Class and you do not timely request exclusion in connection with the proposed Partial Settlement, you will be bound by the terms of any judgment entered in the Action, including the releases provided therein, WHETHER OR NOT YOU SUBMIT A PROOF OF CLAIM AND RELEASE FORM.**</u>

### III.   CLAIMANT IDENTIFICATION

If you purchased or otherwise acquired the Shares[3] of Velti plc ("Velti" or the "Company") between January 27, 2011, and August 20, 2013, inclusive, and held the Shares in your name, you are the beneficial purchaser as well as the record purchaser.  If, however, you purchased Velti Shares that were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial purchaser and the third party is the record purchaser.

Use Part I of this form entitled "Claimant Identification" to identify each purchaser of record ("nominee"), if different from the beneficial purchaser of the Shares which form the basis of this claim. **THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL PURCHASER(S) OR THE LEGAL REPRESENTATIVE OF SUCH PURCHASER(S) OF THE SHARES UPON WHICH THIS CLAIM IS BASED**.

All joint purchasers must sign this claim.  Executors, administrators, guardians, conservators, and trustees must complete and sign this claim on behalf of persons represented by them and their authority must accompany this claim and their titles or capacities must be stated.  The Social Security (or taxpayer identification) number and telephone number of the beneficial owner may be used in verifying the claim.  Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

If you are acting in a representative capacity on behalf of a Settlement Class Member (for example, as an executor, administrator, trustee, or other representative), you must submit evidence of your current authority to act on behalf of that Settlement Class Member.  Such evidence would include, for example, letters testamentary, letters of administration, or a copy of the trust documents.

### IV.   CLAIM FORM

Use Part II of this form entitled "Schedule of Transactions in Velti Shares" to supply all required details of your transaction(s) in Velti Shares.  If you need more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form.  Sign and print or type your name on each additional sheet.

---

[3]   All capitalized terms not defined herein have the same meaning as set forth in the Settlement Agreement dated May 23, 2014, which can be viewed at www.veltisecuritieslitigation.com.

On the schedules, provide all of the requested information with respect to **all** of your purchases of Velti Shares between January 27, 2011, and August 20, 2013, inclusive, and **all** of your sales of Velti Shares between January 27, 2011, and August 20, 2013, inclusive, whether such transactions resulted in a profit or a loss.  You must also provide all of the requested information with respect to **all** of the Velti Shares you held at the close of trading on August 20, 2013.  Failure to report all such transactions may result in the rejection of your claim.

List these transactions separately and in chronological order, by trade date, beginning with the earliest.  You must accurately provide the month, day, and year of each transaction you list.

The date of covering a "short sale" is deemed to be the date of purchase of Velti Shares.  The date of a "short sale" is deemed to be the date of sale of Velti Shares.

Copies of stockbroker confirmation slips, stockbroker statements, or other documents evidencing your transactions in Velti Shares should be attached to your claim.  If any such documents are not in your possession, please obtain a copy or equivalent documents from your broker because these documents are necessary to prove and process your claim.  Failure to provide this documentation could delay verification of your claim or result in rejection of your claim.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

*In re Velti plc Securities Litigation,*

Civil Action No. 3:13-cv-0889-WHO

**PROOF OF CLAIM AND RELEASE**

**Must Be Postmarked No Later Than:**

**_[90 days from Notice Date], 2014**

**Or Submitted Electronically No Later Than:**

**[90 days from Notice Date] 2014**

**Please Type or Print**

3

1   **PART I: CLAIMANT IDENTIFICATION**

2

3   Beneficial Owner's Name (First, Middle, Last)

4

5   Street Address

6

7   City                                          State or Province

8

9   Zip Code or Postal Code                       Country

10                                                              Individual
                                                               Corporation/Other
11  Social Security Number or
    Taxpayer Identification Number

12

13  Area Code            Telephone Number (work)

14

15  Area Code            Telephone Number (home)

16

17  Record Owner's Name (if different from beneficial owner listed above)

18

19  Check appropriate box (check only one box):
    ☐ Individual/Sole Proprietor     ☐ Joint Owners          ☐ Pension Plan

20  ☐ Corporation                    ☐ Partnership           ☐ Trust

21  ☐ IRA                            ☐ Other (describe:

22                                   _____)

23

24  NOTE:  Separate Claim Forms should be submitted for each separate legal entity (*e.g.*, a claim from

25  Joint Owners should not include separate transactions of just one of the Joint Owners, an Individual

26  should not combine his or her IRA transactions with transactions made solely in the Individual's

27  name).

28          NOTICE REGARDING ELECTRONIC FILES: Certain claimants with large numbers of

    transactions may request to, or may be requested to, submit information regarding their transactions

                                                                                                        4

in electronic files.  **All claimants MUST submit a manually signed paper Proof of Claim and Release form listing all their transactions whether or not they also submit electronic copies.  If you wish to file your claim electronically, you must contact the Claims Administrator at (866) 274-4004 or visit the website at www.veltisecuritieslitigation.com to obtain the required file format.**  No electronic files will be considered to have been properly submitted unless the Claims Administrator issues to the claimant a written acknowledgement of receipt and acceptance of electronically submitted data.

**PART II:      SCHEDULE OF TRANSACTIONS IN VELTI SHARES**

    **A.      Purchases of Velti Shares between January 27, 2011, and August 20, 2013, inclusive:**

| Trade Date Mo. Day Year | Number of Shares Purchased or Acquired | Total Purchase or Acquisition Price |
|---|---|---|
| 1._____ | 1._____ | 1._____ |
| 2._____ | 2._____ | 2._____ |
| 3._____ | 3._____ | 3._____ |

IMPORTANT: Identify by number listed above all purchases in which you covered a "short sale": _____

    **B.      Sales of Velti Shares between January 27, 2011 and August 20, 2013:**

| Trade Date Mo. Day Year | Number of Shares Sold | Total Sales Price |
|---|---|---|
| 1._____ | 1._____ | 1._____ |
| 2._____ | 2._____ | 2._____ |
| 3._____ | 3._____ | 3._____ |

    **C.      Number of Velti Shares held at the close of trading on August 20, 2013: _____.**

IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS PLEASE PHOTOCOPY THIS PAGE, WRITE YOUR NAME ON THE COPY AND CHECK THIS BOX: [___].

1    IF YOU DO NOT CHECK THIS BOX THESE ADDITIONAL PAGES MAY NOT BE

2    REVIEWED.

3    **V.      RELEASE OF CLAIMS AND SIGNATURE**

4           1.      I (We) hereby acknowledge full and complete satisfaction of, and do hereby fully,

5    finally and forever settle, release and discharge from the Released Claims each and all of the

6    Released Persons as provided in the Settlement Agreement.

7           2.      "Related Persons" means, with respect to the Released Defendants, each and all of

8    their respective present or former parents, subsidiaries, affiliates, successors and assigns and each

9    and all of their respective present or former officers, directors, employees, employers, attorneys,

10   accountants, financial advisors, commercial bank lenders, insurers (including Released Defendants'

11   insurers and those insurers' respective businesses, affiliates, subsidiaries, parents and affiliated

12   corporations, divisions, predecessors, shareholders partners, joint venturers, principals, insurers,

13   reinsurers, successors and assigns, and their respective past and present employees, officers,

14   directors, attorneys, accountants, auditors, agents and representatives), reinsurers, investment

15   bankers, representatives, general and limited partners and partnerships, heirs, executors,

16   administrators, successors, affiliates, agents, spouses, associates and assigns of each of them or any

17   trust of which any Released Defendant and/or their Related Persons is the settlor or which is for the

18   benefit of any Released Defendant and/or their Related Persons and/or member(s) of his or her

19   family and any entity in which any such Released Defendant and/or their Related Persons has a

20   controlling interest.  The Non-Settling Defendants are specifically excluded from the definition of

21   "Related Persons."

22          3.      "Released Claims" means any and all claims (including Unknown Claims as defined

23   in ¶1.28 of the Settlement Agreement), demands, rights, liabilities, and causes of action of every

24   nature and description whatsoever, whether known or unknown, contingent or absolute, mature or

25   immature, discoverable or undiscoverable, whether concealed or hidden, suspected or unsuspected,

26   whether arising under federal, state, common or foreign law, which now exist, or heretofore may

27   have existed, asserted or that should have been asserted by Plaintiffs or any Settlement Class

28   Member against the Released Persons, arising out of the purchase or acquisition of Velti Shares

6

during the Class Period and the facts, events, transactions, statements, disclosures, acts, omissions, or failures to act that were or should have been alleged in the Action. The Released Claims extend only to any and/or all Released Defendants and any and/or all of their Related Persons. "Released Claims" includes "Unknown Claims" as defined in ¶ 1.28 of the Settlement Agreement.

4. "Released Persons" means each and all of Released Defendants in their individual and corporate capacities and each and all of their Related Persons.

5. "Unknown Claims" means any Released Claims which Plaintiffs or any Settlement Class Member does not know or suspect to exist in his, her or its favor at the time of the release of the Released Persons which, if known by him, her or it, might have affected his, her or its settlement with and release of the Released Persons, or might have affected his, her or its decision not to object to this Partial Settlement. With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, Plaintiffs shall expressly and each of the Settlement Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived to the fullest extent permitted by law the provisions, rights, and benefits of California Civil Code §1542, which provides:

**A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor**.

Plaintiffs shall expressly and each of the Settlement Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code §1542. Plaintiffs and Settlement Class Members may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Claims, but Plaintiffs shall expressly, and each Settlement Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future,

7

including, but not limited to, conduct that is negligent, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts.  Plaintiffs acknowledge, and the Settlement Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Partial Settlement of which this release is a part.

6.     This release shall be of no force or effect unless and until the Court approves the Settlement Agreement and the Partial Settlement becomes effective on the Effective Date.

**SIGNATURE AND CERTIFICATIONS**

By signing and submitting this Claim Form, the Claimant(s) or the person(s) who represents the Claimant(s) certifies, as follows:

1.     I (We) submit this Claim Form under the terms of the Stipulation described in the Notice.

2.     I (We) also submit to the jurisdiction of the United States District Court for the Northern District of California, with respect to my (our) claim as a Settlement Class Member and for purposes of enforcing the release set forth herein.

3.     I (We) further acknowledge that I (we) am (are) bound by and subject to the terms of any judgment that may be entered in the Action.

4.     I (We) agree to furnish additional information to the Claims Administrator to support this claim if requested to do so.

5.     I (We) have not submitted any other claim covering the same purchases or acquisitions of the Shares and alleging the Released Claims (including Unknown Claims) and know of no other person having done so on my (our) behalf.

6.     I (We) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally and forever release, relinquish, waive, discharge and dismiss each and every Released Claim (including Unknown Claims) against each and all the Released Persons as defined above.

7.     That the Claimant(s) is a (are) Settlement Class Member(s), as defined herein and in the Notice;

8.    That I (we) have not filed a request for exclusion from the Settlement Class and that I (we) do not know of any request for exclusion from the Settlement Class filed on my (our) behalf with respect to my (our) transactions in the Shares at issue herein;

9.    That I (we) own(ed) the Shares identified in the Proof of Claim Form, or that, in signing and submitting this Claim Form, I (we) have the authority to act on behalf of the owner(s) thereof;

10.   That Claimant(s) may be eligible to receive a distribution from the Net Settlement Fund;

11.   That I (we) agree to furnish such additional information with respect to this Claim Form as the parties, the Claims Administrator or the Court may require;

12.   That I (we) waive trial by jury for claims against the Released Parties, to the extent it exists, and agree to the Court's summary disposition of the determination of the validity or amount of the claim made by this Claim Form;

13.   That I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof;

14.   That I (we) have included information requested above about all of my (our) transactions in the Shares during the Class Period and as otherwise requested in this Claim Form; and

15.   That I (we) certify that I am (we are) not subject to backup withholding under the provisions of Section 3406(a)(1)(c) of the Internal Revenue Code.

**NOTE**: If you have been notified by the Internal Revenue Service that you are subject to backup withholding, please strike the language that you are not subject to backup withholding in the certification above.  The Internal Revenue Service does not require your consent to any provision other than the certification required to avoid backup withholding.

I (We) declare, under penalty of perjury under the laws of the United States of America, that the statements made and answers given in this Claim Form are true and correct and that the documents submitted herewith are true and genuine.

_____
Signature of Claimant

_____   _____
Print Name of Claimant                                    Date

_____   _____
Signature of Joint Claimant, if any                  Date

**_If Claimant is other than an individual, or is not the person_**
**_completing this form, the following also must be provided_**:

_____
Signature of Person Completing Form

_____   _____
Print Name of Person Completing Form             Date

Capacity of Person Signing (Executor, President, Trustee, etc.)

**ACCURATE CLAIMS PROCESSING TAKES A**
**SIGNIFICANT AMOUNT OF TIME.**
**THANK YOU FOR YOUR PATIENCE.**

**Reminder Checklist:**

16.    Please sign the above release and declaration.

17.    Remember to attach supporting documentation, if available.

18.    Do not send original stock certificates.

19.    Keep a copy of your claim form for your records.

20.    If you desire an acknowledgment of receipt of your claim form, please send it Certified Mail, Return Receipt Requested.

21.    If you move, please send us your new address.

THE WEISER LAW FIRM, P.C.

KATHLEEN A. HERKENHOFF (168562)
12707 High Bluff Drive, Suite 200
San Diego, CA 92130
Telephone: (858) 794-1441
Facsimile: (858) 794-1450
kah@weiserlawfirm.com

Lead Counsel for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE VELTI PLC SECURITIES LITIGATION | Master File No. 3:13-cv-03889-WHO |
| | CLASS ACTION |
| This Document Relates To: | SUMMARY NOTICE |
| ALL ACTIONS. | EXHIBIT A-3 |

11

TO:     **ALL PERSONS AND ENTITIES WHO PURCHASED OR OTHERWISE**

**ACQUIRED THE SECURITIES OF VELTI PLC ("SHARES") BETWEEN**

**JANUARY 27, 2011, AND AUGUST 20, 2013, INCLUSIVE.**

YOU ARE HEREBY NOTIFIED that pursuant to an Order of the United States District Court for the Northern District of California, a hearing will be held on ==January 14, 2015, at 2:00 p.m.==, before the Honorable William H. Orrick, United States District Judge, at the San Francisco Courthouse of the United States District Court for the Northern District of California, 450 Golden Gate Avenue, Courtroom 2, San Francisco, CA, for the purpose of determining: (1) whether the Court should certify the Settlement Class for purposes of the Partial Settlement pursuant to Federal Rule of Civil Procedure 23; (2) whether the Partial Settlement of the Action consisting of Nine Million Five Hundred Thousand Dollars ($9,500,000.00) in cash plus accrued interest on the Settlement Fund should be approved as fair, reasonable, and adequate; (3) whether, thereafter, this Action should be dismissed with prejudice against the Released Defendants as set forth in the Settlement Agreement dated May 23, 2014; (4) whether the Plan of Distribution of settlement proceeds is fair, reasonable, and adequate and therefore should be approved; (5) the reasonableness of the application of Lead Counsel for the payment of attorneys' fees and expenses in connection with this Action, together with interest thereon, which will be subtracted from the Settlement Fund prior to distribution of any award to the Class Members; and (5) such other matters as the Court may deem appropriate.

**IF YOU PURCHASED VELTI SHARES, YOUR RIGHTS MAY BE AFFECTED BY THIS ACTION AND THE SETTLEMENT THEREOF, WHETHER OR NOT YOU TAKE ANY ACTION.**  If you have not received a detailed Notice of Pendency and Proposed Partial Settlement of Class Action and a copy of the Proof of Claim and Release Form, you may view and print copies at www.veltisecuritieslitigation.com.  You may also obtain copies by writing to Velti Securities Litigation, Claims Administrator, c/o Strategic Claims Services P.O. Box 230, 600 N. Jackson Street, Suite 3, Media, PA 19063.  If you are a Settlement Class Member, in order to share in the distribution of the Net Settlement Fund, you must timely submit

a valid Proof of Claim and Release form, either by U.S. Mail and postmarked no later than midnight on **[90 days from Notice Date], 2014**, or submitted by electronic means not later than midnight PST/PDT on **[90 days from Notice Date], 2014**.  Instructions for electronic submission of the Proof of Claim are available at www.veltisecuritieslitigation.com.   The submitted Proof of Claim must establish that you are entitled to a recovery.  **You will be bound by any judgment rendered in the Action unless you request to be excluded, in writing, to the above address, postmarked by [90 days from Notice Date], 2014.**

Any objection to any aspect of the settlement must be filed with the Clerk of the Court no later than **[90 days from Notice Date], 2014**, and received by the following law firms no later than [**90 days from Notice Date**], 2014:

THE WEISER LAW FIRM, P.C.
ROBERT WEISER
22 Cassatt Avenue
Berwyn, PA 19312

*Lead Counsel for Lead Plaintiff*

WILSON SONSINI GOODRICH
   & ROSATI, Professional Corporation
BORIS FELDMAN
CYNTHIA A. DY
650 Page Mill Road
Palo Alto, CA 94304

*Counsel for Settling Defendants*

EXCEPT AS OTHERWISE INSTRUCTED, PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE REGARDING THIS NOTICE.

DATED: _____, 2014

BY ORDER OF THE COURT
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

- 2 -