UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANIKA R. RIECKBORN, et al.,<br><br>        Plaintiffs,<br><br>   v.<br><br>VELTI PLC, et al.,<br><br>        Defendants. | Case No. 13-cv-03889-WHO<br><br>**ORDER DENYING ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br><br>Re: Dkt. No. 144 |

## INTRODUCTION

Lead Plaintiff Bobby Yadegar seeks to file under seal forty different portions of his Amended Consolidated Complaint for Violations of the Securities Act of 1933 and the Securities Exchange Act of 1934 (the "complaint"). [1] Mot. 1-2 (Dkt. No. 144). The request arises from a partial class action settlement agreement reached between Yadegar and defendants Velti plc ("Velti"), Wilson W. Cheung, Jeffrey G. Ross, Winnie W. Tso, and Nicholas P. Negroponte (collectively, the "Settling Defendants"). [2] *Id.* As part of the agreement, the Settling Defendants provided to Yadegar certain documents and information which the Settling Defendants designated as confidential. Nelson Decl. ¶ 3 (Dkt. No. 144-1); Dy Decl. ¶ 4 (Dkt. No. 146-1). The Court subsequently entered a protective order governing the disclosure of confidential materials produced pursuant to the agreement. Dkt. No. 135.

Yadegar states that the sole reason he seeks sealing is that the relevant portions of the complaint reference the contents of the confidential documents and information produced by the Settling Defendants. *Id.* Accordingly, and as required by Civil Local Rule 79-5(e)(1), the Settling

---

[1] Yadegar initially moved to seal forty-seven different portions of the complaint. Dkt. No. 144-2. Yadegar has since removed seven portions from his request. Dkt. Nos. 155, 155-1.

[2] The Court preliminarily approved the settlement on August 19, 2014. Dkt. No. 147.

Defendants submitted a declaration in support of Yadegar's motion. *See* Dy Decl. ¶¶ 1-12.

For the reasons discussed below, the motion is DENIED.

## LEGAL STANDARD

Courts have long recognized "a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). This right is not absolute. To balance the competing interests of the public's right of access against litigants' need for confidentiality, a party seeking to file under seal materials related to dispositive motions must provide "compelling reasons" to do so. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006). Similarly, a party seeking to file under seal materials related to non-dispositive motions must make a showing of "good cause." *Id.*

Under the standard governing dispositive motions, a party seeking to seal materials must "articulate compelling reasons supported by specific factual findings," providing the court with "articulable facts" identifying the particular interests favoring secrecy and showing how those interests outweigh the "strong presumption" favoring disclosure. *Id.* at 1178-81. In general, compelling reasons sufficient to justify sealing exist when the materials "might have become a vehicle for improper purposes, such as…to gratify private spite, promote public scandal,…or release trade secrets." *Id.* at 1179. "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.*

Even under the laxer standard governing non-dispositive motions, a party seeking to seal materials must make a "particularized showing" of good cause with respect to each individual document. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1138 (9th Cir. 2003). "Tepid and general justifications" are not enough to support the showing of "specific prejudice or harm" required to justify sealing. *Kamakana*, 447 F.3d at 1186. "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning," are also insufficient. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (internal quotation marks and citation omitted).

Although neither the Supreme Court nor the Ninth Circuit has squarely addressed the

2

issue, courts in this District making sealing determinations treat a complaint as a dispositive motion. *See In re NVIDIA Corp. Derivative Litig.*, No. 06-cv-06110-SBA, 2008 WL 1859067, at *3-4 (N.D. Cal. Apr. 23, 2008) (holding that a request to seal all or part of a complaint is governed by the compelling reasons standard because "[w]hile a complaint is not, per se, the actual pleading by which a suit may be disposed of, it is the root, the foundation, the basis by which a suit arises and must be disposed of"); *see also, Delphix Corp. v. Actifio, Inc.*, No. 13-cv-04613-BLF, 2014 WL 4145520, at*1 n.2 (N.D. Cal. Aug. 20, 2014); *Adema Technologies, Inc. v. Wacker Chemie AG*, No. 13-cv-05599-PSG, 2013 WL 6622904, at *1 (N.D. Cal. Dec. 16, 2013); *In re Google Inc. Gmail Litig.*, No. 13-cv-02430-LHK, 2013 WL 5366963, at *2 (N.D. Cal. Sept. 25, 2013). Accordingly, the parties must satisfy the compelling reasons standard to justify sealing the requested forty portions of the complaint.

**DISCUSSION**

The motion to seal is DENIED. The declarations submitted by the parties in support of the motion are not sufficient to overcome the strong presumption in favor of public access. Yadegar's declaration provides no justification for sealing except that the relevant portions of the complaint reference information the Settling Defendants have designated as confidential pursuant to the agreement between the parties and the subsequent protective order. Nelson Decl. ¶ 3. The declaration submitted by the Settling Defendants emphasizes the same point. Dy Decl. ¶ 8. Under Civil Local Rule 79-5(d)(1)(A), however, "[r]eference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable." N.D. Cal. Civ. L.R. 79-5(d)(1)(A). The parties are not excused from this plain rule merely because the agreement and protective order in this case concern a partial class action settlement agreement. Indeed, the protective order entered by this Court states that any administrative motion to file under seal submitted by the parties must comply with Civil Local Rule 79-5 and other applicable law. *See* Dkt. No. 135 at 2 n.2.

Apart from their reliance on the agreement and protective order, the Settling Defendants provide only two additional justifications for sealing. Neither satisfies the compelling reasons standard.

First, the Settling Defendants state that Velti and affiliated entities "continue to have a significant interest in maintaining the confidentiality of sensitive business, financial, and customer information," and that certain proceedings taking place in the United Kingdom and Ireland "might be negatively impacted" by disclosure of such information. Dy Decl. ¶ 9. The Settling Defendants add that disclosure of the information "has the potential to cause harm" to Velti and affiliated entities in that it would "harm business relationships" and "negatively impact the operations of Velti's subsidiaries and affiliated entities." Dy Decl. ¶ 9.

Second, the Settling Defendants state that certain portions of the complaint "do or might implicate third-party confidentiality interests and/or confidentiality obligations of Velti," and that disclosure of the information "could harm customer and business relationships and/or potentially might violate confidentiality obligations owed to third parties." Dy Decl. ¶ 11.

The Settling Defendants' stated justifications for sealing are the very definition of "broad allegations of harm, unsubstantiated by specific examples or articulated reasoning." *Beckman Indus.*, 966 F.2d at 476 (internal quotation marks and citation omitted). The justifications are thus insufficient to satisfy even the laxer good cause standard and fall far short of satisfying the compelling reasons standard that applies here. Under Ninth Circuit case law, the party seeking to seal materials related to a dispositive motion must present "specific factual findings" that identify the particular interests favoring secrecy and that show how those interests trump the public's general right of access to court records. *Kamakana*, 447 F.3d at 1178-81. The Settling Defendants' vague references to uncertain and unspecified harms, made with regard to forty different portions of the complaint without any serious attempt to differentiate between them, do not comport with this requirement.

## CONCLUSION

The motion to file under seal is DENIED WITHOUT PREJUDICE. If the Settling Defendants still wish to have any portions of the complaint filed under seal, they must submit a new declaration within twenty one days of this order that articulates "compelling reasons supported by specific factual findings" that justify sealing. *Kamakana*, 447 F.3d at 1178-79.

4

1  Yadegar is not required to file a new motion or declaration.

2  **IT IS SO ORDERED**.

3  Dated: October 3, 2014

_____
WILLIAM H. ORRICK
United States District Judge