1

2

3                  UNITED STATES DISTRICT COURT

4                NORTHERN DISTRICT OF CALIFORNIA

5                   SAN FRANCISCO DIVISION

6  In re VELTI PLC SECURITIES          )  Master File No. 3:13-cv-03889-WHO
   LITIGATION                          )
7                                      )  (Consolidated with Case Nos.
                                       )  3:13-cv-03954-WHO
8  This Document Relates To:           )  3:13-cv-04140-WHO
                                       )  3:13-cv-04606-WHO
9       ALL ACTIONS.                   )  3:14-cv-00372-WHO)
                                       )
10                                     )  CLASS ACTION

11

**FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE**
12
**UNDER FEDERAL RULE OF CIVIL PROCEDURE 54(b)**
13
        This matter came before the Court for hearing pursuant to the Order Preliminarily
14
Approving Partial Settlement and Providing for Notice ("Preliminary Approval Order") dated
15
August 19, 2014, on the application of plaintiffs Bobby Yadegar / Ygar Capital LLC, St. Paul
16
Teachers' Retirement Association, Newport News Employees' Retirement Fund, and Oklahoma
17
Firefighters Pension and Retirement System, on behalf of themselves and each member of the
18
Settlement Class, and defendants Velti plc, Wilson W. Cheung, Nicholas P. Negroponte, Jeffrey
19
G. Ross, and Winnie W. Tso (collectively, the "Settling Parties"), for approval of the settlement
20
set forth in the Stipulation and Agreement of Partial Settlement dated May 23, 2014 (the
21
"Stipulation" or the "Settlement Agreement").  Due and adequate notice having been given to the
22
Settlement Class as required in said Order, and the Court having considered all papers filed and
23
proceedings had herein and otherwise being fully informed in the premises and good cause
24
appearing therefore, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:
25
        1.      This Final Judgment incorporates by reference the definitions in the Settlement
26
Agreement, and all terms used herein shall have the same meanings as set forth in the Settlement
27
Agreement, unless otherwise set forth herein.
28

1     2.      This Court has jurisdiction over the subject matter of the Action and over all

2  Settling Parties to the Action, including all members of the Settlement Class.

3     3.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby

4  certifies for purposes of settlement only a Settlement Class defined as all Persons who purchased

5  or otherwise acquired Velti Shares between January 27, 2011 and August 20, 2013, inclusive.

6  Excluded from the Settlement Class are:

7         (a)      Persons who submit valid and timely requests for exclusion from the

8  Settlement Class, a list of which is attached hereto as Exhibit 1; and

9         (b)      Defendants, members of the immediate family of any Defendant, any

10  person, firm, trust, corporation, officer, director or other individual or entity in which any

11  Defendant has or had a controlling interest, the officers and directors of any Defendant, and legal

12  representatives, agents, executors, heirs, successors or assigns of any such excluded Person.  The

13  Defendants or any entity in which any of the Defendants has or had a controlling interest (for

14  purposes of this paragraph, together a "Defendant-Controlled Entity") are excluded from the

15  Settlement Class only to the extent that such Defendant-Controlled Entity itself purchased a

16  proprietary (*i.e.*, for its own account) interest in the Company's Shares.  To the extent that a

17  Defendant-Controlled Entity purchased Velti Shares in a fiduciary capacity or otherwise on

18  behalf of any third-party client, account, fund, trust, or employee benefit plan that otherwise falls

19  within the Settlement Class, neither such Defendant-Controlled Entity nor the third-party client,

20  account, fund, trust, or employee benefit plan shall be excluded from the Settlement Class with

21  respect to such Velti Shares.

22     4.      Solely for purposes of this Partial Settlement and for no other purpose, the Court

23  finds that the prerequisites for a class action under Rule 23 of the Federal Rules of Civil

24  Procedure have been satisfied in that: (a) the members of the Settlement Class are so numerous

25  that joinder of all Settlement Class Members in the class action is impracticable; (b) there are

26  questions of law and fact common to the Settlement Class that predominate over any individual

27  question; (c) the claims of Plaintiffs are typical of the claims of the Settlement Class;

28  (d) Plaintiffs and Class Counsel have fairly and adequately represented and protected the

1   interests of Settlement Class Members; and (e) a class action is superior to other available

2   methods for the fair and efficient adjudication of the controversy.

3       5.       Pursuant to Federal Rule of Civil Procedure 23, this Court hereby approves the

4   Partial Settlement set forth in the Settlement Agreement and finds that said Partial Settlement is,

5   in all respects, fair, reasonable, and adequate to the Settlement Class.

6       6.       Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court finds that

7   the Settlement Agreement and Partial Settlement are fair, reasonable, and adequate as to each of

8   the Settling Parties, and that the Settlement Agreement and Partial Settlement are hereby finally

9   approved in all respects, and the Settling Parties are hereby directed to perform its terms.

10      7.       Accordingly, the Court authorizes and directs implementation of all the terms and

11  provisions of the Settlement Agreement, as well as the terms and provisions hereof.  The Court

12  orders that payment from the Settlement Fund for administration of this Partial Settlement shall

13  not exceed $500,000.  The Court hereby dismisses, as to the Released Defendants, the Action

14  and all Released Claims of the Settlement Class with prejudice, without costs as to any of the

15  Released Persons, except as and to the extent provided in the Settlement Agreement and herein.

16      8.       Upon the Effective Date hereof, and as provided in the Settlement Agreement,

17  Plaintiffs and each of the Settlement Class Members (i.e. those who have not validly opted out

18  of, or timely requested exclusion from, the Settlement Class) and their predecessors, successors,

19  agents, representatives, attorneys, and affiliates, and the heirs, executors, administrators,

20  successors, and assigns of each of them shall be deemed to have, and by operation of this Final

21  Judgment shall have, fully, finally, and forever released, relinquished, and discharged against the

22  Released Persons any and all Released Claims (including, without limitation, Unknown Claims),

23  as well as any claims arising out of, relating to, or in connection with, the defense, the settlement,

24  or the resolution of the Action or the Released Claims, and the distribution or investment of the

25  Settlement Fund, whether or not such Settlement Class Member executes and delivers the Proof

26  of Claim and Release and whether or not such Settlement Class Member shares in the Settlement

27  Fund.

28

1      9.      Upon the Effective Date hereof, and as provided in the Settlement Agreement,

2  each of the Released Persons shall be deemed to have, and by operation of this Final Judgment

3  and Order of Dismissal with Prejudice shall have, fully, finally, and forever released,

4  relinquished, and discharged Plaintiffs, each and all of the Settlement Class Members, and

5  Plaintiffs' Counsel from all claims (including, without limitation, Unknown Claims) arising out

6  of, relating to, or in connection with, the institution, prosecution, assertion, settlement, or

7  resolution of the Action or the Released Claims.

8      10.      Upon the Effective Date hereof, and as provided in the Settlement Agreement,

9  Plaintiffs and each of the Settlement Class Members, and their predecessors, successors, agents,

10  representatives, attorneys and affiliates, and the heirs, executors, administrators, successors, and

11  assigns of each of them, shall also be deemed to have, and by operation of this Judgment shall

12  have, fully, finally, and forever released, relinquished, and discharged the Released Persons and

13  their counsel from all Released Claims (including, without limitation, Unknown Claims) arising

14  out of the defense, conduct, settlement, or resolution of the Action or the Released Claims.

15      11.      Upon the Effective Date, Plaintiffs and each of the Settlement Class Members

16  (i.e. those who have not timely opted out of, or timely requested exclusion from, the Settlement

17  Class) and their predecessors, successors, agents, representatives, attorneys, and affiliates, and

18  the heirs, executors, administrators, successors, and assigns of each of them, directly or

19  indirectly, individually, representatively, or in any other capacity, shall be permanently barred

20  and enjoined from the assertion, institution, maintenance, prosecution, or enforcement of any

21  action or other proceeding against any Released Persons in any state or federal court or arbitral

22  forum, or in the court of any foreign jurisdiction, of any and all Released Claims (including,

23  without limitation, Unknown Claims), as well as any other claims arising out of, relating to, or in

24  connection with, the defense, settlement, or resolution of the Action or the Released Claims.

25      12.      Upon the Effective Date, all Persons, including, but not limited to, Plaintiffs, on

26  behalf of themselves and the Settlement Class, Settlement Class Members (i.e. those who have

27  not timely opted out of, or timely requested exclusion from, the Settlement Class), and the Non-

28  Settling Defendants, shall be enjoined and barred from commencing or continuing any claim,

1   cross-claim, third-party claim, claim over, or action in any forum against the Released Persons,

2   seeking, as damages, indemnity, contribution, or otherwise, the recovery of all or part of any

3   liability or settlement which such persons (i) paid, (ii) were obligated to pay or agreed to pay, or

4   (iii) may become obligated to pay to the Settlement Class, as a result of such persons' liability

5   for or participation in any acts, facts, statements or omissions that were or could have been

6   alleged in the Action.  In addition, all Released Persons shall be enjoined and barred from

7   commencing or continuing any claim, cross-claim, third-party claim, claim over, or action in any

8   forum against any other person, seeking, as damages, indemnity, contribution, or otherwise, the

9   recovery of all or part of any liability or settlement which such persons (i) paid, (ii) were

10  obligated to pay or agreed to pay, or (iii) may become obligated to pay to the Settlement Class,

11  as a result of such Released Persons' liability for or participation in any acts, facts, statements or

12  omissions that were or could have been alleged in the Action.  Nothing in this or any other

13  paragraph in this Judgment shall bar claims asserted in the Velti plc liquidation proceedings for

14  alleged breach of the underwriting agreements dated January 27, 2011 and June 14, 2011.

15          13.      Accordingly, to the full extent provided by Section 21D(f)(7)(A) of the Private

16  Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §78u-4(f)(7)(A), and other

17  applicable law, the Court hereby bars all barred claims against and by the Released Persons as

18  provided herein and in the Settlement Agreement.

19          14.      Any final verdict or judgment obtained by or on behalf of Plaintiffs or the

20  Settlement Class against any Person, other than the Released Persons, relating to the Released

21  Claims, shall be reduced by the greater of (i) an amount that corresponds to the percentage of

22  responsibility of the Released Persons, or (ii) the amount paid on behalf of the Released Persons

23  in the Partial Settlement.

24          15.      The Notice of Pendency and Proposed Partial Settlement of Class Action given to

25  the Settlement Class in accordance with the Preliminary Approval Order was the best notice

26  practicable under the circumstances, including the individual notice to all members of the

27  Settlement Class who could be identified through reasonable effort.  Said notice provided the

28  best notice practicable under the circumstances of those proceedings and of the matters set forth

1  therein, including the proposed Partial Settlement set forth in the Settlement Agreement, to all

2  Persons entitled to such notice, and said notice fully satisfied the requirements of Federal Rule of

3  Civil Procedure 23 and the requirements of due process.

4        16.    Any plan of distribution submitted by Lead Counsel or any order entered

5  regarding any attorneys' fee and expense application shall in no way disturb or affect this

6  Judgment and shall be considered separate from this Judgment.

7        17.    Neither the Settlement Agreement nor the Partial Settlement contained therein,

8  nor any act performed or document executed pursuant to or in furtherance of the Settlement

9  Agreement or the Partial Settlement (a) is or may be deemed to be or may be used as an

10  admission of, or evidence of, the validity of any Released Claim or of any wrongdoing or

11  liability of the Released Persons; or (b) is or may be deemed to be or may be used as an

12  admission of, or evidence of, any fault or omission of any of the Released Persons; or (c) is or

13  may be deemed to be or may be used as an admission or evidence that any claims asserted by

14  Plaintiffs were not valid or that the amount recoverable was not greater than the Partial

15  Settlement amount, in any civil, criminal, or administrative proceeding in any court,

16  administrative agency, or other tribunal.  The Released Persons may file the Settlement

17  Agreement and/or this Judgment in any action that may be brought against them in order to

18  support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release,

19  good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue

20  preclusion or similar defense or counterclaim.

21        18.    Without affecting the finality of this Judgment in any way, this Court hereby

22  retains continuing exclusive jurisdiction over: (a) implementation of this Partial Settlement and

23  any award or distribution of the Settlement Fund, including interest earned thereon;

24  (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys'

25  fees, interest, and expenses in the Action; and (d) all Settling Parties hereto for the purpose of

26  construing, enforcing, and administering the Settlement Agreement.

27

28

1        19.    The Court finds that during the course of the Action, the Settling Parties and their

2   respective counsel at all times complied with the requirements of Federal Rule of Civil

3   Procedure 11.

4        20.    In the event that the Partial Settlement does not become effective in accordance

5   with the terms of the Settlement Agreement, or the Effective Date does not occur, or in the event

6   that the Settlement Fund, or any portion thereof, is returned to the Settling Defendants, then this

7   Judgment shall be rendered null and void to the extent provided by and in accordance with the

8   Settlement Agreement and shall be vacated and, in such event, all orders entered and releases

9   delivered in connection herewith shall be null and void to the extent provided by and in

10   accordance with the Settlement Agreement.

11        21.    Without further order of the Court, the Settling Parties may agree to reasonable

12   extensions of time to carry out any of the provisions of the Settlement Agreement.

13   The Action is hereby dismissed with prejudice as to the Released Defendants and without

14   costs.

15   Pursuant to Rule 54(b), the Court finds that there is no just reason for delay and direct the

16   Clerk of the Court to immediately enter this Final Judgment.  IT IS SO ORDERED.

18   DATED:  _February 3, 2015_____

19           THE HONORABLE WILLIAM H. ORRICK

20           UNITED STATES DISTRICT JUDGE

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT 1**

**Requests for Exclusion**


Risha Sharma

Syamasundar Kammanadiminti

Anthony and Susan Engelmore

James Hinterlong

Mark Gabriel