THE WEISER LAW FIRM, P.C.
KATHLEEN A. HERKENHOFF (SBN 168562)
12707 High Bluff Drive, Suite 200
San Diego, CA 92130
Telephone: (858) 794-1441
Facsimile: (858) 794-1450
kah@weiserlawfirm.com

Lead Counsel for Plaintiffs and
Counsel for Lead Plaintiff Bobby Yadegar/Ygar Capital LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| In re VELTI PLC SECURITIES LITIGATION | ) ) ) ) ) ) ) ) ) ) ) ) ) | Master File No. 3:13-cv-03889-WHO<br><br>(Consolidated with Case Nos.<br>3:13-cv-03954-WHO<br>3:13-cv-04140-WHO<br>3:13-cv-04606-WHO<br>3:14-cv-00372-WHO)<br><br><u>CLASS ACTION</u> |

This Document Relates To:

ALL ACTIONS.

<u>CLASS ACTION</u>

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF SETTLEMENT WITH REMAINING DEFENDANTS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

DATE: February 8, 2017
TIME: 2:00 p.m.
CTRM: 2, 17th Floor
JUDGE: The Hon. William H. Orrick

Date Action Filed: 8/22/13

# TABLE OF CONTENTS

**Page**

NOTICE OF MOTION AND MOTION ...................................................................1

STATEMENT OF ISSUES TO BE DECIDED .........................................................2

MEMORANDUM OF POINTS AND AUTHORITIES ...........................................2

I.      INTRODUCTION AND OVERVIEW OF SETTLEMENT ...............................2

II.     STATEMENT OF FACTS AND PROCEDURAL HISTORY.............................3

III.    FINAL APPROVAL OF THE SETTLEMENT IS WARRANTED.....................7

        A.    Judicial Policy And Precedent Favor Final Approval..........................7

        B.    The Settlement Is Fair, Adequate and Reasonable, and Meets All Ninth
              Circuit Requirements for Final Approval ............................................9

              1.    The Strength of Plaintiffs' Case When Balanced Against the Risk,
                    Expense, Complexity, and Likely Duration of Further Litigation
                    Supports Approval of the Settlement ...........................................10

                    a.    The Risks of Establishing Liability and Damages........................11

                    b.    The Complexity, Expense, and Likely Duration of the
                          Litigation Justifies the Partial Settlement ......................................13

                    c.    Amount of the Settlement ..............................................................14

              2.    Plaintiffs Have Sufficient Information to Determine the Propriety
                    of the Settlement ..............................................................................15

              3.    The Recommendations of Experienced Counsel After Extensive
                    Litigation and Arm's-Length Settlement Negotiations Favor the
                    Approval of the Settlement ...............................................................16

              4.    Presence of a Governmental Participant .............................................18

              5.    Reaction of the Settlement Class .......................................................18

        C.    The Proposed Settlement Involves None of the *Bluetooth* Indicia of
              Collusion ............................................................................................19

IV.     THE PLAN OF DISTRIBUTION IS FAIR AND REASONABLE .....................19

V.      CERTIFICATION OF THE SETTLEMENT CLASS IS APPROPRIATE.....................20

        A.    The Proposed Settlement Class Meets the Prerequisites for Class
              Certification Under Rule 23................................................................20

Page

1. Numerosity ................................................................................21

2. Commonality ..............................................................................22

3. Typicality ...................................................................................23

4. Adequacy ...................................................................................23

5. Common Questions of Law Predominate and a Class Action Is the
Superior Method of Adjudication ..............................................24

VI. NOTICE AS ORDERED BY THE COURT HAS BEEN PROVIDED TO THE
SETTLEMENT CLASS AND COMPORTS WITH DUE PROCESS ...........................25

VII. CONCLUSION ........................................................................................26

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF SETTLEMENT
WITH REMAINING DEFENDANTS; MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT THEREOF –
3:13-cv-03889-WHO

- ii

# TABLE OF AUTHORITIES

**Page**

CASES

*Alfus v. Pyramid Tech. Corp.*,
764 F. Supp. 598 (N.D. Cal. 1991) ................................................................23

*Amchem Prods., Inc. v. Windsor*,
521 U.S. 591 (1997)............................................................................23, 24

*Athale v. Sinotech Energy Ltd.*,
No. 11-cv-05831 (S.D.N.Y. Sept. 4, 2013) (ORDER) ........................................16

*Beecher v. Able*,
575 F.2d 1010 (2d Cir. 1978)...................................................................20

*Bellinghausen v. Tractor Supply Co.*,
306 F.R.D. 245 (N.D. Cal. 2015) ...............................................................18

*Blackie v. Barrack*,
524 F.2d 891 (9th Cir. 1975) ..............................................................21, 22

*Boyd v. Bechtel Corp.*,
485 F. Supp. 610 (N.D. Cal. 1979) ........................................................10, 17

*Church v. Consol. Freightways, Inc.*,
No. C-90-2290-DLJ, 1993 U.S. Dist. LEXIS 6439 (N.D. Cal. May 3, 1993)..........................9

*Churchill Vill., L.L.C. v. Gen. Elec.*,
361 F.3d 566 (9th Cir. 2004) .................................................................8, 13

*Class Plaintiffs v. City of Seattle*,
955 F.2d 1268 (9th Cir. 1992) ............................................................7, 9, 20

*Crossen v. CV Therapeutics*,
No. C 03-03709 SI, 2005 WL 1910928 (N.D. Cal. Aug. 10, 2005) ........................................23

*Dura Pharm., Inc. v. Broudo*,
544 U.S. 336 (2005)..........................................................................11, 13

*Ellis v. Naval Air Rework Facility*,
87 F.R.D. 15 (N.D. Cal. 1980), *aff'd*, 661 F.2d 939 (9th Cir. 1981) .................................8, 17

*Erica P. John Fund, Inc. v. Halliburton Co.*,
131 S. Ct. 2179 (2011).........................................................................24

*Gittin v. KCI USA, Inc.*,
No. 09-CV-0583 RS, 2011 WL 1467360 (N.D. Cal. Apr. 12, 2011) ........................................25

*Hanlon v. Chrysler Corp.*,
150 F.3d 1011 (9th Cir. 1998) ........................................................8, 18, 20, 24

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF SETTLEMENT
WITH REMAINING DEFENDANTS; MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT THEREOF –
3:13-cv-03889-WHO

- iii

1

2                                                                                          **Page**

3

*Harris v. Palm Springs Alpine Estates, Inc.*,
   329 F. 2d 909 (9th Cir. 1964) ................................................................21

*Hodges v. Akeena Solar, Inc.*,
   274 F.R.D 259 (N.D. Cal. 2011) ....................................................21, 23

*In re Adobe Sys., Inc. Sec. Litig.*,
   139 F.R.D. 150 (N.D. Cal. 1991) .............................................................21

*In re Apollo Grp., Inc. Sec. Litig.*,
   No. CV 04-2147-PHx-JAT, 2008 U.S. Dist. LEXIS 61995 (D. Ariz. Aug. 4,
   2008), *rev'd*, No. 08-16971, 2010 U.S. App. LEXIS 14478 (9th Cir. June 23,
   2010) ............................................................................................12

*In re BankAtlantic Bancorp, Inc.*,
   No. 07-61542-CIV, 2011 WL 1585605 (S.D. Fla. Apr. 25, 2011) ........................12

*In re Bluetooth Headset Prods. Liab. Litig.*,
   654 F.3d 935 (9th Cir. 2011) ................................................................19

*In re Chicken Antitrust Litig. Am. Poultry*,
   669 F.2d 228 (5th Cir. 1982) ................................................................20

*In re Cooper Cos. Inc. Sec. Litig.*,
   254 F.R.D. 628 (C.D. Cal. 2009) ....................................................21, 23, 25

*In re Emulex Corp., Sec. Litig.*,
   210 F.R.D. 717 (C.D. Cal. 2002) ....................................................22, 23, 25

*In re First Capital Holdings Corp. Fin. Prods. Sec. Litig.*,
   No. MDL 901, 1992 WL 226321 (C.D. Cal. June 10, 1992) ..............................17

*In re Gulf Oil/Cities Serv. Tender Offer Litig.*,
   142 F.R.D. 588 (S.D.N.Y. 1992) .............................................................20

*In re Ikon Office Sols., Inc.*,
   194 F.R.D. 166 (E.D. Pa. 2000) .............................................................10

*In re LDK Solar Sec. Litig.*,
   255 F.R.D. 519 (N.D. Cal. 2009) ...........................................................24

*In re Mego Fin. Corp. Sec. Litig.*,
   213 F.3d 454 (9th Cir. 2000) ....................................................10, 14, 15, 16

*In re Omnivision Techs., Inc.*,
   559 F. Supp. 2d 1036 (N.D. Cal. 2007) ...........................................7, 16, 17

**Page**

*In re Oracle Corp. Sec. Litig.,*
No. C 01-00988 SI, 2009 WL 1709050 (N.D. Cal. June 19, 2009) *aff'd sub
nom. In re Oracle Corp. Sec. Litig.,* 627 F.3d 376 (9th Cir. 2010) .........................................12

*In re Oracle Sec. Litig.,*
No. C-90-0931-VRW, 1994 WL 502054 (N.D. Cal. Jun. 18, 1994)....................................20

*In re Pac. Enters. Sec. Litig.,*
47 F.3d 373 (9th Cir. 1995) ...............................................................................................8, 9

*In re Portal Software, Inc. Sec. Litig.,*
No. C 03 5138 VRW, 2007 WL 1991529 (N.D. Cal. June 30, 2007) ...................................25

*In re Seagate Tech. II Sec. Litig.,*
843 F. Supp. 1341 (N.D. Cal. 1994) ....................................................................................21

*In re Tableware Antitrust Litig.,*
484 F. Supp. 2d 1078 (N.D. Cal. 2007) ...............................................................................17

*In re Tyco Int'l, Ltd. Multidist. Litig.,*
535 F. Supp. 2d 249 (D.N.H. 2007)......................................................................................12

*In re UTStarcom, Inc. Sec. Litig.,*
No. C 04-04908 JW, 2010 WL 1945737 (N.D. Cal. May 12, 2010).........................20, 22, 23

*In re VeriSign, Inc. Sec. Litig.,*
No. C 02-02270-JW, 2005 U.S. Dist. LEXIS 10438 (N.D. Cal. Jan. 13, 2005)....................22

*In re Warner Commc'ns Sec. Litig.,*
618 F. Supp. 735 (S.D.N.Y. 1985) *aff'd,* 798 F.2d 35 (2d Cir. 1986) ...................................13

*In re Wash. Pub. Power Supply Sys. Sec. Litig.,*
720 F. Supp. 1379 (D. Ariz. 1989) ........................................................................................9

*In re Wireless Facilities, Inc. Sec. Litig. II,*
253 F.R.D. 607 (S.D. Cal. 2008) ....................................................................................17, 25

*Larsen v. Trader Joe's Co.,*
No. 11-CV-05188-WHO, 2014 WL 3404531 (N.D. Cal. July 11, 2014)...............................18

*Lerwill v. Inflight Motion Pictures, Inc.,*
582 F. 2d 507 (9th Cir. 1978) ..............................................................................................24

*Lewis v. Newman,*
59 F.R.D. 525 (S.D.N.Y. 1973) ...........................................................................................10

*Linney v. Cellular Alaska P'ship,*
151 F.3d 1234 (9th Cir. 1998) ...............................................................................................7

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF SETTLEMENT
WITH REMAINING DEFENDANTS; MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT THEREOF –
3:13-cv-03889-WHO

**Page**

*Linney v. Cellular Alaska P'ship*,
No. C-96-3008 DLJ, 1997 WL 450064 (N.D. Cal. July 18, 1997), *aff'd*, 151
F.3d 1234 (9th Cir. 1998) ...........................................................................................17

*Marshall v. Holiday Magic, Inc.*,
550 F.2d 1173 (9th Cir. 1977) .......................................................................................9

*Murillo v. Pac. Gas & Elec. Co.*,
266 F.R.D. 468 (E.D. Cal. 2010) ..................................................................................24

*MWS Wire Indus., Inc. v. Cal. Fine Wire Co.*,
797 F.2d 799 (9th Cir. 1986) .........................................................................................8

*Nat'l Rural Telecommc'ns Coop. v. DIRECTV, Inc.*,
221 F.R.D. 523 (C.D. Cal. 2004) ........................................................................... *passim*

*Officers for Justice v. Civil Serv. Comm'n of City & Cnty. of San Francisco*,
688 F.2d 615 (9th Cir. 1982) ................................................................................. *passim*

*Perez-Funez v. Dist. Director, Immigration & Naturalization Serv.*,
611 F. Supp. 990 (C.D. Cal. 1984) ...............................................................................21

*Republic Nat'l Life Ins. Co. v. Beasley*,
73 F.R.D. 658 (S.D.N.Y. 1977) ....................................................................................10

*Robbins v. Koger Props.*,
116 F.3d 1441 (11th Cir. 1997) ....................................................................................12

*Rodriguez v. W. Publ'g Corp.*,
563 F.3d 948 (9th Cir. 2009) ..................................................................................16, 17

*Torrisi v. Tucson Elec. Power Co.*,
8 F.3d 1370 (9th Cir. 1993) ..................................................................................8, 9, 13

*Util. Reform Project v. Bonneville Power Admin.*,
869 F.2d 437 (9th Cir. 1989) .........................................................................................8

*Van Bronkhorst v. Safeco Corp.*,
529 F.2d 943 (9th Cir. 1976) .........................................................................................8

*Vathana v. EverBank*,
No. C 09-02338 RS, 2010 WL 934219 (N.D. Cal. Mar. 15, 2010) ...........................24

*Wahl v. Am. Sec. Ins. Co.*,
No. C08-00555-RS, 2011 U.S. Dist. LEXIS 59559 (N.D. Cal. June 2, 2011) ..........25

*Wehner v. Syntex Corp.*,
715 F.R.D. 641 (N.D. Cal. 1987) .................................................................................22

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF SETTLEMENT
WITH REMAINING DEFENDANTS; MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT THEREOF –
3:13-cv-03889-WHO

- vi

Page

*Welling v. Alexy*,
    155 F.R.D. 654 (N.D. Cal. 1994) ........................................................................21

*West v. Circle K Stores, Inc.*,
    No. S-04-0438 WBS GGH, 2006 WL 1652598 (E.D. Cal. June 13, 2006) .......................7, 23

*White v. NFL*,
    822 F. Supp. 1389 (D. Minn. 1993) ........................................................................20

*Williams v. First Nat'l Bank*,
    216 U.S. 582 (1910) ........................................................................8

*Woo v. Home Loan Grp., L.P.*,
    No. 07-CV-202 H (POR), 2008 WL 3925854 (S.D. Cal. Aug. 25, 2008) ................................9

*Yamner v. Boich*,
    No. C-92-20597 RPA, 1994 WL 514035 (N.D. Cal. Sept. 15, 1994) ...................................22

*Ybarrondo v. NCO Fin. Sys., Inc.*,
    No. 05cv 2057-L(JMA), 2009 WL 3612864 (S.D. Cal. Oct. 28, 2009) ................................24

STATUTES, RULES AND REGULATIONS

15 U.S.C.
    §77a ........................................................................2, 5, 6
    §77k ........................................................................4
    §77o ........................................................................4

Federal Rules of Civil Procedure
    Rule 23 ........................................................................19, 20
    Rule 23(a) ........................................................................20, 21, 23, 25
    Rule 23(a)(1) ........................................................................21
    Rule 23(a)(2) ........................................................................22, 23
    Rule 23(a)(3) ........................................................................23
    Rule 23(a)(4) ........................................................................24
    Rule 23(b) ........................................................................20, 25
    Rule 23(b)(3) ........................................................................2, 21, 24
    Rule 23(c)(2)(B) ........................................................................2, 25
    Rule 23(e) ........................................................................1, 2, 7, 9

17 C.F.R.
    §240.10b-5 ........................................................................3, 6, 12

Class Action Fairness Act of 2005 ........................................................................18

Private Securities Litigation Reform Act of 1995 ........................................................................4, 10

Securities Exchange Act of 1934 ........................................................................3

**Page**

**SECONDARY AUTHORITIES**

L.T. Bulan, E.M. Ryan, L.E. Simmons, *Securities Class Action Settlements, 2014
    Review and Analysis* ................................................................................................................15

## NOTICE OF MOTION AND MOTION

TO:      ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on February 8, 2017, at 2:00 p.m., or as soon thereafter as the matter may be heard, Plaintiffs will, and hereby do, move (the "Motion") the Honorable William H. Orrick, located in Courtroom 2, 17th Floor, 450 Golden Gate Avenue, San Francisco, California 94101, for an order pursuant to Fed. R. Civ. P. 23(e): (1) granting final approval of the proposed $750,000 settlement (the "Settlement") documented in the July 28, 2016 Stipulation and Agreement with Remaining Defendants (the "Stipulation" or the "Settlement Agreement")[1], entered between the Settling Parties[2] to the above-captioned securities class action (the "Action"); (2) granting final certification of the Settlement Class, appointing Plaintiffs as representatives for the Settlement Class (the "Class Representatives"), and appointing Lead Counsel as counsel for the Settlement Class ("Class Counsel")[3]; (3) finding that the mailing and/or publication of the Notices of the proposed Settlement to the Settlement Class met all due process requirements; and (4) granting final approval to the Amended Plan of Distribution.

---

[1]      Unless otherwise defined herein, all capitalized terms have the same meaning as set forth in the Stipulation.  A true and correct copy of the Stipulation is attached as Exhibit A to the Declaration of Christopher L. Nelson in Support of Plaintiffs' Motion for Final Approval of Settlement and Motion for Plaintiffs' Counsel's Fee and Expense Award (the "Nelson Decl."). Citations to the paragraphs of the Nelson Decl. appear in the following format: "Nelson Decl. at __."  All cites to "ECF Dkt. No. _" are to the docket in Master File No. 3:13-cv-03889-WHO.  All citations to "¶_" are to paragraphs of the Second Amended Consolidated Complaint for Violations of the Securities Act of 1933 and the Securities and Exchange Act of 1934 (the "Second Amended Consolidated Complaint"), ECF Dkt. No. 209.

[2]      As defined in the Stipulation, the "Settling Parties" include: the Lead Plaintiff, Plaintiff St. Paul Teachers' Retirement Fund Association, Plaintiff Newport News Employees' Retirement Fund, Plaintiff Oklahoma Firefighters Pension and Retirement System (collectively the "Plaintiffs") and Jefferies LLC (f/k/a Jefferies and Company, Inc.), RBC Capital Markets, LLC, Needham & Company, LLC and Canaccord Genuity Inc. (the "Underwriter Defendants") and Baker Tilly Virchow Krause LLP ("Baker Tilly" and collectively with the Underwriter Defendants, the "Settling Defendants" or "Remaining Defendants").

[3]      The Court provisionally certified the Settlement Class in the October 6, 2016 Order Preliminarily Approving Settlement and Providing for Notice (the "Preliminary Approval Order") (ECF Dkt. No. 240).

As demonstrated herein, the proposed Settlement is a strong result for the Settlement Class under the circumstances, is fair, reasonable and adequate under the governing standards within the Ninth Circuit, as well as Rules 23(b)(3) and 23(e) of the Federal Rules of Civil Procedure, and warrants final approval of this Court.  In support of this Motion, Plaintiffs submit herewith a Memorandum of Points and Authorities, the Nelson Declaration exhibits thereto, and the [Proposed] Final Judgment and Order of Dismissal with Prejudice (the "Judgment").

The deadline for filing objections to the Settlement, Amended Plan of Distribution and Request for Attorneys' Fees is January 18, 2017.  Lead Counsel will address all objections that are timely received in their reply brief to be filed on or before February 1, 2017.

## STATEMENT OF ISSUES TO BE DECIDED

1.       Whether the $750,000 Settlement should be finally approved as fair, reasonable and adequate?

2.       Whether the proposed Amended Plan of Distribution should be finally approved as fair and reasonable?

3.       Whether the proposed Settlement Class should be certified, the Plaintiffs appointed as Class Representatives, and Lead Counsel appointed as Class Counsel?

4.       Whether the method and manner of issuance of the Notices satisfied due process and Fed. R. Civ. P. 23(c)(2)(B)?

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.       INTRODUCTION AND OVERVIEW OF THE SETTLEMENT

The proposed Settlement provides an additional recovery of $750,000 in cash, combined with the $9,500,000 approved as part of the Partial Settlement, to finally resolve the claims in this Action as to the Remaining Defendants.  The Settlement, as detailed herein, is the product of extensive investigation of the relevant claims asserted in the Action, and follows the filing of three complex and detailed complaints by Plaintiffs in their efforts to plead and prosecute claims against the Remaining Defendants pursuant to Sections 11 and 12 of the Securities Act of 1933 (the "Securities Act") (15 U.S.C. §77a), in connection with the Company's January 28, 2011 initial

1   public offering (the "IPO") and the Company's June 14, 2011 secondary public offering (the

2   "SPO"), as well as claims pursuant to the Securities Exchange Act of 1934 (the "Exchange Act").

3   During the course of such investigation and litigation efforts, Plaintiffs engaged in extensive

4   discussions and negotiations with the Remaining Defendants, in the interest of securing a sound,

5   well-considered recovery for the Settlement Class.  Although the Settlement amount is not large,

6   when balanced against the very substantial risks here, it is a favorable result.  Here, this Court has

7   dismissed all of the claims against the Remaining Defendants (even though Plaintiffs had the

8   unique benefit of some discovery and cooperation from Velti and certain of its former directors

9   and officers (the "Velti Defendants") pursuant to the Partial Settlement with them in drafting their

10  complaints against the Remaining Defendants).  Thus, Plaintiffs would need to be successful on

11  appeal of that decision in order to have any chance of moving their claims forward.  And even if

12  Plaintiffs were successful on appeal, there would still be substantial risks as to the ultimate success

13  of their claims.

14          The diligent efforts of Plaintiffs' Counsel has secured a combined Settlement Fund of

15  $10.25 million.  Plaintiffs submit that the Settlement amply warrants final approval.

16  **II.      STATEMENT OF FACTS AND PROCEDURAL HISTORY**

17          Between August 22, 2013 and September 6, 2013, three related securities class actions (the

18  "First Three Related Actions") were filed in this District against Velti and the Individual

19  Defendants on behalf of all persons who purchased Velti shares during the period January 27, 2011

20  and August 20, 2013 (the "Class Period").  The First Three Related Actions alleged violations of

21  Sections 10(b) and 20(a) of the Exchange Act and Rule 10b-5 promulgated thereunder (17 C.F.R.

22  §240.10b-5).

23          The First Three Related Actions were filed following the August 21, 2013 announcement

24  by the Company of its 2013 fiscal second quarter financial results, wherein it was revealed that the

25  Company had made the decision to write-down approximately $111 million of its trade receivables

26  and accrued contract receivables relating to its enterprise business.  ¶32.  A "major restructuring"

27  of Velti's business was also announced.  ¶232.  In response to this news, shares of Velti declined

28

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF SETTLEMENT
WITH REMAINING DEFENDANTS; MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT THEREOF – 3:13-cv-03889-WHO                                                          - 3 -

$0.66 per share, or more than 66%, to close on August 21, 2013, at $0.34 per share, on heavy trading volume.  ¶36.  The First Three Related Actions, consistent with the allegations in the current Complaint, allege that throughout the proposed Class Period, certain of the Velti Defendants, among other things, made materially false and/or misleading statements, as well as failed to disclose material adverse facts about Velti's financial statements and reported financial results.  ¶37.  Specifically, the First Three Related Actions alleged that Defendants made false and/or misleading statements regarding and/or failed to disclose, *inter alia*: (1) that the Company was having difficulties collecting certain receivables; (2) that certain of the Company's receivables were uncollectible; (3) that, as a result, the Company's revenues and receivables were overstated during the proposed Class Period; (4) that the Company lacked adequate internal and financial controls; and (5) that, as a result of the foregoing, the Company's statements and reported financial results were materially false and misleading.  *Id.*

On October 4, 2013, a fourth related securities class action (the "Fourth Action") was also filed in this District.  The Fourth Action included substantially the same factual claims and counts filed in the First Three Related Actions, but also alleged violations of Sections 11 and 15 of the Securities Act (15 U.S.C. §§77k and 77o) on behalf of persons or entities who purchased or otherwise acquired Velti shares pursuant and/or traceable to the IPO and SPO, and added the Underwriter Defendants as defendants.  Baker Tilly was not named as a defendant in any of the Initial Related Actions.[4]

On October 21, 2013, Lead Plaintiff filed one of several competing motions seeking consolidation of the Initial Related Actions (and any subsequently filed actions related thereto), appointment as Lead Plaintiff and appointment of Lead Counsel pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA").  ECF Dkt. No. 44.

On December 3, 2013, following briefing and oral argument (held November 27, 2013), the Court entered an Order Granting Motion to Consolidate and Appoint Lead Plaintiff (the "Lead

---

[4]     The First Three Related Actions and the Fourth Action are referred to herein as the "Initial Related Actions."

Order") ECF Dkt. No. 80, which appointed the aforementioned Lead Plaintiff and its choice of counsel, The Weiser Law Firm, P.C. (the "Weiser Firm"), as Lead Counsel.  On December 3, 2013, the Court also entered an Order Consolidating Cases and Setting Case Management Deadlines (the "Consolidation Order"), therein consolidating the Initial Related Actions, and providing a mechanism for the consolidation of additional related actions filed at a subsequent time.[5]  ECF Dkt. No. 81.

On December 13, 2013, pursuant to the Consolidation Order, Plaintiffs filed a Stipulation and [Proposed] Order Setting Schedule for Filing of Consolidated Complaint and Related Matters (the "Initial Scheduling Stipulation"), which was entered as an order of the Court on December 26, 2013.  *See* ECF Dkt. No. 89.

On January 24, 2014, a fifth action, the Yadegar/Ygar Capital LLC Action was filed, and was later consolidated with, and into, the Action.  The Yadegar/Ygar Capital LLC Action was filed proactively to preserve certain claims as to Baker Tilly (not named in the Initial Related Actions), and claims pursuant to Section 12 of the Securities Act (15 U.S.C. §77a) in connection with the IPO and SPO.  While continuing to protect the Settlement Class at every step of the litigation already underway, Plaintiffs also began a dialogue with Velti concerning possible resolution of the Action, particularly in view of the Velti U.S. Bankruptcy and diminishing insurance funds.

Accordingly, on March 14, 2014, counsel for Plaintiffs and counsel for the Velti Defendants participated in an in-person mediation (the "Mediation") before the Honorable Layn R. Phillips (the "Mediator").  While a settlement of the Action was not reached at the Mediation, these parties continued their ongoing dialogue with the Mediator and with each other.

On April 22, 2014, Plaintiffs filed a 130 page, consolidated complaint in the Action.  *See* ECF Dkt. No. 105.  After the Complaint was filed, Plaintiffs reached an agreement with the Velti

---

[5]     Pursuant to the Consolidation Order, the following five securities class actions have been consolidated: (1) *Rieckborn v. Velti plc, et al.*, No. 3:13-cv-03889-WHO (filed Aug. 22, 2013); and (2) *Vafinis v. Velti plc, et al.*, No. 4:13-cv-03954-WHO (filed Aug. 26, 2013); (3) *Lee v. Velti plc, et al.*, No. 3:13-cv-04140-WHO (filed Sept. 6, 2013); (4) *Manabat v. Velti plc, et al.*, No. 3:13-cv-04606-JSC (filed Oct. 4, 2013); and (5) *Yadegar v. Velti plc*, No. 3:14-cv-00372-WHO (filed January 24, 2014) (the "Yadegar/Ygar Capital LLC Action").

1  Defendants and entered into the Partial Settlement which, among other provisions, contained an

2  agreement that the defendants to the Partial Settlement would provide voluntary disclosures and

3  confirmatory discovery to Plaintiffs including cooperating with Plaintiffs in providing information

4  reasonably necessary for the then-ongoing litigation of its claims against the Remaining

5  Defendants.  Furthermore, the subsequently issued Final Judgment Order as to the claims against

6  the Velti Defendants pursuant to the Partial Settlement expressly provides for a judgment reduction

7  for any verdict arising from the claims against the Remaining Defendants.  *See* February 3, 2015

8  Final Judgment and Dismissal with Prejudice ("Partial Sett. Final Judgment") at ¶14 (ECF Dkt.

9  No. 200).  Specifically, it states, "[a]ny final verdict or judgment obtained by or on behalf of

10  Plaintiffs or the Settlement Class against any Person, other than the Released Persons, relating to

11  the Released Claims, shall be reduced by the greater of (i) an amount that corresponds to the

12  percentage of responsibility of the Released Persons [in the Partial Settlement], or (ii) the amount

13  paid on behalf of the Released Persons in the Partial Settlement."  *Id.*

14       Plaintiffs filed an Amended Consolidated Complaint on August 12, 2014 which included

15  information and discovery provided to Plaintiffs pursuant to the Partial Settlement.  The Amended

16  Consolidated Complaint alleged violations of Section 11 of the Securities Act against the

17  Underwriter Defendants and Baker Tilly, violations of Section 12(a)(2) of the Securities Act

18  against the Underwriter Defendants, and violations of Section 10(b) of the Securities Exchange

19  Act and SEC Rule 10b-5 against Baker Tilly.  On October 15, 2014, the Underwriter Defendants

20  and Baker Tilly moved to dismiss the Amended Consolidated Complaint.  After oral argument was

21  held on February 18, 2015, the Court granted the Underwriter Defendants' and Baker Tilly's

22  motions to dismiss and granted Plaintiffs leave to amend.

23       Plaintiffs filed the Second Amended Consolidated Complaint on April 13, 2015, which the

24  Underwriter Defendants and Baker Tilly moved to dismiss on May 18, 2015.  After hearing oral

25  argument on September 11, 2015, the Court granted the Underwriter Defendants' and Baker Tilly's

26  motions to dismiss the Second Amended Consolidated Complaint on October 1, 2015 finding,

27  *inter alia*, that Plaintiffs failed to adequately allege a material misstatement or omission and failed

28

1  to adequately allege scienter, and that the plaintiffs who sought to establish standing under Section

2  11 have loss causation and other threshold problems. ECF No. 224.

3       Plaintiffs filed a notice of appeal to the Ninth Circuit on December 1, 2015.  ECF No. 225.

4  Thereafter, the parties engaged in settlement discussions and on or about February 29, 2016, the

5  Settling Parties agreed to a settlement in principle of the outstanding claims against the

6  Underwriter Defendants and Baker Tilly.  On March 23, 2016, the Settling Parties submitted a

7  stipulation to the Ninth Circuit voluntarily dismissing the appeal without prejudice in order to

8  present the Settlement to the Court.  The stipulation was entered by the Ninth Circuit on April 4,

9  2016. ECF No. 230.

10       The proposed Settlement was the result of fully informed and arms'-length negotiations

11  and was reached by experienced litigators only after a comprehensive investigation at the direction

12  of Lead Counsel.  For the reasons stated herein, Plaintiffs respectfully request that the Court grant

13  its motion for final approval of the Settlement.

14  **III.    FINAL APPROVAL OF THE SETTLEMENT IS WARRANTED**

15      **A.    Judicial Policy and Precedent Favor Final Approval**

16       Rule 23(e) of the Federal Rules of Civil Procedure requires Court approval for a class

17  action settlement.  It is well-established in the Ninth Circuit that "voluntary conciliation and

18  settlement are the preferred means of dispute resolution."  *Officers for Justice v. Civil Serv.*

19  *Comm'n of City & Cnty. of San Francisco*, 688 F.2d 615, 625 (9th Cir. 1982); *see also In re*

20  *Omnivision Techs., Inc.*, 559 F. Supp. 2d 1036, 1041 (N.D. Cal. 2007) ("[T]he court must also be

21  mindful of the Ninth Circuit's policy favoring settlement, particularly in class action law suits.").[6]

22  Class action suits readily lend themselves to compromise because of the difficulties of proof, the

23  uncertainties of the outcome, and the typical length of the litigation.  It is beyond question that

24  "there is an overriding public interest in settling and quieting litigation," and this is "particularly

25

26        [6]    *See also Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992) ("strong judicial policy ... favors settlements, particularly where complex class action litigation is concerned."); *Linney v. Cellular Alaska P'ship*, 151 F.3d 1234, 1238 (9th Cir. 1998); *West v. Circle K Stores, Inc.*, No. S-04-0438 WBS GGH, 2006 WL 1652598, at *1 (E.D. Cal. June 13, 2006).

27

28

1    true in class action suits." *Van Bronkhorst v. Safeco Corp.*, 529 F.2d 943, 950 (9th Cir. 1976); *see*

2    *also Util. Reform Project v. Bonneville Power Admin.*, 869 F.2d 437, 443 (9th Cir. 1989).[7]

3          The district court must exercise "sound discretion" in approving a settlement.  *Ellis v.*

4    *Naval Air Rework Facility*, 87 F.R.D. 15, 18 (N.D. Cal. 1980), *aff'd*, 661 F.2d 939 (9th Cir. 1981);

5    *Torrisi v. Tucson Elec. Power Co.*, 8 F.3d 1370, 1375 (9th Cir. 1993).  In exercising its discretion:

6
7         the court's intrusion upon what is otherwise a private consensual agreement negotiated between the parties to a lawsuit must be limited to the extent necessary to reach a reasoned judgment that the agreement is not the product of fraud or overreaching by, or collusion between, the negotiating parties, and that the
8         settlement, taken as a whole, is fair, reasonable and adequate to all concerned.

9    *Officers for Justice*, 688 F.2d at 625.  The Ninth Circuit defines the limits of the inquiry to be made

10   by the court in the following manner:

11        [T]he settlement or fairness hearing is not to be turned into a trial or rehearsal for trial on the merits.  Neither the trial court nor this court is to reach any ultimate
12        conclusions on the contested issues of fact and law which underlie the merits of the dispute, for it is the very uncertainty of outcome in litigation and avoidance of
13        wasteful and expensive litigation that induce consensual settlements.  The proposed settlement is not to be judged against a hypothetical or speculative measure of what
14        **might** have been achieved by the negotiators.

15   *Id.* (emphasis in original).

16         Courts have taken a liberal approach toward approval of class action settlements,

17   recognizing that the settlement process involves the exercise of judgment and that the concept of

18   "reasonableness" can encompass a broad range of results.   "'In most situations, unless the

19   settlement is clearly inadequate, its acceptance and approval are preferable to lengthy and

20   expensive litigation with uncertain results.'"  *Nat'l Rural Telecommc'ns Coop. v. DIRECTV, Inc.*,

21   221 F.R.D. 523, 526 (C.D. Cal. 2004) (citations omitted).

22

23

24

---

25   [7]    The law consistently favors the compromise of disputed class action claims.  *See Williams v. First Nat'l Bank*, 216 U.S. 582, 595 (1910); *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1025 (9th
26   Cir. 1998); *In re Pac. Enters. Sec. Litig.*, 47 F.3d 373, 378 (9th Cir. 1995); *Churchill Vill., L.L.C. v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004); *MWS Wire Indus., Inc. v. Cal. Fine Wire Co.*,
27   797 F.2d 799, 802 (9th Cir. 1986).

28

**B.    The Settlement Is Fair, Adequate and Reasonable, and Meets All Ninth Circuit Requirements for Final Approval**

In deciding whether to approve a proposed settlement of a stockholders' class action under Rule 23(e), the court must first find that the proposed settlement is "'fair, adequate, and reasonable.'"[8]  The Ninth Circuit has provided factors which may be considered in evaluating the fairness of a class action settlement:

> Although Rule 23(e) is silent respecting the standard by which a proposed settlement is to be evaluated, the universally applied standard is whether the settlement is fundamentally fair, adequate and reasonable.  The district court's ultimate determination will necessarily involve a balancing of several factors which may include, among others, some or all of the following: the strength of plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed, and the stage of the proceedings; the experience and views of counsel; the presence of a governmental participant; and the reaction of the class members to the proposed settlement.[9]

*Officers for Justice*, 688 F.2d at 625 (citations omitted).[10]  "'The relative degree of importance to be attached to any particular factor will depend upon . . . the nature of the claim(s) advanced, the type(s) of relief sought, and the unique facts and circumstances presented by each individual case.'"  *Woo*, 2008 WL 3925854, at *3 (quoting *Officers for Justice*, 688 F.2d at 625).  As detailed herein, the Stipulation meets all applicable Ninth Circuit requirements for final approval.

---

[8]    *Pac. Enters.*, 47 F.3d at 377 (citations omitted); *Officers for Justice*, 688 F.2d at 625; *Marshall v. Holiday Magic, Inc.*, 550 F.2d 1173, 1178 (9th Cir. 1977).

[9]    The deadline for objections by Settlement Class Members to the Settlement is January 18, 2017.  To date, neither Lead Counsel or Strategic Claims Services, the Claims Administrator, have received any objections, and it is reported to Lead Counsel that no other Plaintiffs' Counsel have received objections. Nelson Decl. at 34. In the event any objections are filed, they will be fully addressed in the reply brief to be submitted in further support of this Motion, which will be filed on or before February 1, 2017.

[10]    *Accord Torrisi*, 8 F.3d at1375; *Woo v. Home Loan Grp., L.P.*, No. 07-CV-202 H (POR), 2008 WL 3925854, at *3 (S.D. Cal. Aug. 25, 2008); *Church v. Consol. Freightways, Inc.*, No. C-90-2290-DLJ, 1993 U.S. Dist. LEXIS 6439 (N.D. Cal. May 3, 1993); *In re Wash. Pub. Power Supply Sys. Sec. Litig.*, 720 F. Supp. 1379 (D. Ariz. 1989), *aff'd sub nom. Class Plaintiffs v. City of Seattle*, 955 F.2d 1268 (9th Cir. 1992).

1

**1.  The Strength of Plaintiffs' Case When Balanced Against the Risk, Expense, Complexity, and Likely Duration of Further Litigation Supports Approval of the Settlement**

2

3    In determining whether the Settlement is fair, reasonable, and adequate, the Court should

4    balance against the continuing risks of litigation, the benefits afforded to the Settlement Class and

5    the immediacy and certainty of a substantial recovery.  *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d

6    454, 458 (9th Cir. 2000); *Boyd v. Bechtel Corp.*, 485 F. Supp. 610, 616-17 (N.D. Cal. 1979).

7    In the context of approving class action settlements, courts attempting to balance these

8    factors have recognized "that stockholder litigation is notably difficult and notoriously uncertain."

9    *Lewis v. Newman*, 59 F.R.D. 525, 528 (S.D.N.Y. 1973); *see also Republic Nat'l Life Ins. Co. v.*

10   *Beasley*, 73 F.R.D. 658, 667 (S.D.N.Y. 1977).  This is even more so today in this post-PSLRA

11   environment amid defendants' constant attempts to push the envelope and contours of the PSLRA.

12   *In re Ikon Office Sols., Inc.*, 194 F.R.D. 166, 194 (E.D. Pa. 2000) ("securities actions have become

13   more difficult from a plaintiff's perspective in the wake of the PSLRA").

14   While Plaintiffs believe that the Action against the Remaining Defendants has significant

15   merit, they recognize that Plaintiffs faced numerous risks and uncertainties and were well aware

16   that many other similar actions have been prosecuted in the belief that they were meritorious, only

17   to lose on dispositive motions, at trial, or on appeal.  The Settlement recognizes the risks of

18   complex litigation involving difficult legal and factual issues, particularly given the posture of the

19   case here.  As discussed herein and in the Nelson Decl., the risks of continued litigation when

20   weighed against the substantial and certain recovery for the Settlement Class confirms the

21   reasonableness of the Settlement.  The Settlement is unquestionably better than another distinct

22   possibility – no additional recovery for the Class.  At this stage, Plaintiffs would need to be

23   successful on appeal in the Ninth Circuit in order to have any chance of even moving their claims

24   forward.  And even if Plaintiffs were successful on appeal, there would still be substantial risks as

25   to the ultimate success of their claims.  Moreover, this Court's final judgment order as to the claims

26   against the Velti Defendants expressly provides for a judgment reduction for claims against the

27   Remaining Defendants.  *See* Partial Sett. Final Judgment at ¶14.

28

**a.    The Risks of Establishing Liability and Damages**

Based on Plaintiffs' investigation and the evidence gathered to date, Plaintiffs believe that they would be able to present sufficient evidence to support their claims. However, Plaintiffs have been unsuccessful to date in overcoming the Remaining Defendants' motions to dismiss.  ECF No. 224.  Indeed, at the time of entry of the Stipulation, Plaintiffs' *only* chance of even moving their claims forward was if they were successful on their appeal of the Court's dismissal of the Action – an appeal the Remaining Defendants would certainly vigorously oppose.

Furthermore, even if Plaintiffs were successful on appeal in the Ninth Circuit in reversing the dismissal of the Action, one of the next procedural battlegrounds in this Action would be class certification and there are always risks and uncertainties attendant to this process and the Remaining Defendants would surely and vigorously contest certification.  In addition to uncertainties of class certification, Plaintiffs would still likely face a summary judgment motion in advance of any trial.  Even if Plaintiffs ultimately survived the Remaining Defendants' anticipated motion(s) for summary judgment, presenting the complex issues to a jury posed a risk to Plaintiffs' hopes for success at trial.  The risks of establishing liability posed by complex issues with conflicting testimony and evidence would be exacerbated by the risks inherent in all shareholder litigation, including the unpredictability of a lengthy and complex jury trial, the risk that witnesses could be unavailable or jurors could react to the evidence in unforeseen ways, the risk that a jury would find that some or all of the alleged misrepresentations were not material, and the risk that the jury could find that the Settling Defendants believed in the appropriateness of their actions at the time.

Further, Baker Tilly (one of the Remaining Defendants who faced claims under the Exchange Act) would vigorously contest loss causation if the litigation continued as to them.  The United States Supreme Court's decision in *Dura Pharm., Inc. v. Broudo*, 544 U.S. 336, 346 (2005), and subsequent cases interpreting *Dura*, have made proving loss causation, arguably, much  more difficult.  Two examples illustrate this point.  In *In re Oracle Corp. Sec. Litig.*, No. C 01-00988 SI, 2009 WL 1709050 (N.D. Cal. June 19, 2009) *aff'd sub nom. In re Oracle Corp. Sec. Litig.*, 627

1    F.3d 376 (9th Cir. 2010), the court granted summary judgment in defendants' favor holding that

2    shareholder plaintiffs failed to present sufficient evidence to establish loss causation under Rule

3    10b-5.  While the Ninth Circuit reversed the decision, the court in *In re Apollo Grp., Inc. Sec.*

4    *Litig.*, No. CV 04-2147-PHx-JAT, 2008 U.S. Dist. LEXIS 61995 (D. Ariz. Aug. 4, 2008), *rev'd*,

5    No. 08-16971, 2010 U.S. App. LEXIS 14478 (9th Cir. June 23, 2010), on a motion for judgment

6    as a matter of law, overturned a jury verdict in favor of shareholders based on insufficient evidence

7    presented at trial to establish loss causation.[11]

8         The amount of damages incurred by Settlement Class Members also would have been

9    hotly- contested at trial.  Damages in securities class action cases are always difficult to prove. At

10   trial, the damage assessments of Plaintiffs' and the Remaining Defendants' experts were sure to

11   vary substantially, and in the end, this crucial element at trial would have been reduced to a "battle

12   of the experts."  *In re Tyco Int'l, Ltd. Multidist. Litig.*, 535 F. Supp. 2d 249, 260-61 (D.N.H. 2007)

13   ("even if the jury agreed to impose liability, the trial would likely involve a confusing "battle of

14   the experts" over damages").  The determination of damages is a complicated and uncertain

15   process involving conflicting expert testimony.  Expert testimony could rest on many subjective

16   assumptions, any of which could potentially be rejected by a jury as speculative or unreliable.

17   Plaintiffs would have likely faced a motion *in limine* by the Settling Defendants to preclude

18   Plaintiffs' damage expert's testimony under the *Daubert* test and risked a decision that a valuation

19   model might not be admissible in evidence.  The reaction of a jury to battling expert testimony is

20   highly unpredictable and in such a battle, Lead Counsel recognize the possibility that a jury could

21   be swayed by convincing experts for the Remaining Defendants, and find that there were no

22   damages or only a fraction of the amount of damages to which Plaintiffs contended they were

23   entitled.  *See, e.g.*, *In re Warner Commc'ns Sec. Litig.*, 618 F. Supp. 735, 744-45 (S.D.N.Y. 1985)

24   *aff'd,* 798 F.2d 35 (2d Cir. 1986) (approving settlement where "it is virtually impossible to predict

25
     _____
26   [11]     *See also In re BankAtlantic Bancorp, Inc.*, No. 07-61542-CIV, 2011 WL 1585605 (S.D.
     Fla. Apr. 25, 2011) (court granted defendants' judgment as a matter of law on the basis of loss
     causation, overturning jury verdict and award in plaintiff's favor); *Robbins v. Koger Props.*, 116
27   F.3d 1441 (11th Cir. 1997) (finding no loss causation and overturning $81 million jury verdict).

28

1   with any certainty which testimony would be credited, and ultimately, which damages would be

2   found to have been caused by actionable, rather than the myriad nonactionable factors such as

3   general market conditions").

4          While it is certain that Plaintiffs would present evidence at trial that the aggregate damages

5   exceed the amount of the proposed Settlement, that assumes that most, if not all, of the significant

6   liability and damage issues would have been resolved in the Settlement Class's favor, and under

7   *Dura* and its progeny that would be unlikely, perhaps, highly unlikely.  Even if Plaintiffs prevailed

8   and obtained a substantial judgment after trial, there is little doubt that the Remaining Defendants

9   would have appealed.  The appeals process would have likely spanned several years, during which

10  the Settlement Class would have received no distribution on any damage award.  In addition, an

11  appeal of any verdict would carry the risk of reversal, in which case the Settlement Class would

12  receive no recovery after having prevailed on the claims at trial.

13            **b.      The Complexity, Expense, and Likely Duration of the
                       Litigation Justifies the Settlement**

14

15         Final approval is also supported by the expense and likely duration of continuing to litigate

16  the claims against the Remaining Defendants.  *Torrisi,* 8 F.3d at 1376 ("the cost, complexity and

17  time of fully litigating the case all suggest that this settlement was fair").  "In most situations,

18  unless the settlement is clearly inadequate, its acceptance and approval are preferable to lengthy

19  and expensive litigation with uncertain results." *Nat'l Rural*, 221 F.R.D. at 526.  *See also Officers*

20  *for Justice*, 688 F.2d at 626.

21         The fairness of the Settlement is underscored when the obstacles the Settlement Class faced

22  in succeeding on the merits, as well as the expense and likely duration of the litigation, are

23  considered.  *See Churchill,* 361 F.3d at 576.  Although Plaintiffs believe that any arguments by the

24  Remaining Defendants against liability lack merit, in any litigation the risk remains that defendants

25  may prevail on one or more of these arguments on a motion for judgment on the pleadings,

26  summary judgment, or ultimately at trial and, here, this is further exacerbated by the fact that

27

28

1    Plaintiffs would have to be successful on their appeal to even move the case forward.[12]   The

2    Settlement will confer an immediate benefit to the Settlement Class and eliminate the risk of

3    continued litigation as to the Remaining Defendants under circumstances where a favorable

4    outcome against such defendants is far from certain.  *See Nat'l Rural*, 221 F.R.D. at 526-27

5    ("Given the length, complexity, and number of issues involved, it is very possible that a jury may

6    not have reached a unanimous verdict on all issues . . . [a]voiding such a trial and the subsequent

7    appeals in this complex case strong militates in favor of settlement rather than further protected

8    and uncertain litigation.").  *Mego*, 213 F.3d at 463 (affirming approval of settlement because

9    "[c]omplex litigation is inherently uncertain and Plaintiffs would have had much difficulty proving

10   scienter").

11        Here, the expense and duration of the pending appeal and, if successful, motion practice

12   on class certification and summary judgment, trial preparation, the trial itself, post-trial motions,

13   and any appeals would be significant and could match the substantial time and money already

14   spent.  Barring this Settlement, there is no question that this Action, already over three years old,

15   would continue to take a considerable amount of court time with the possibility that the end result

16   would be no better for the Settlement Class, and could be worse.  This fact supports Plaintiffs'

17   decision to agree to the Settlement.

18                    **c.      Amount of the Settlement**

19        After several unsuccessful attempts to move the Action beyond the pleading stage,

20   Plaintiffs' lone opportunity for advancing the Action was the Appeal.  It was against this backdrop

21   that Plaintiffs agreed to the Settlement, which ensures an additional recovery for the Settlement

22   Class Members beyond the benefits of the Partial Settlement.

23        Total damages in the Action, as calculated by Plaintiffs' consulting expert are estimated to

24   be approximately $34 million to $287 million, depending on which curative disclosures are

25   accounted for.  *See* Declaration of Paul Mulholland at ¶6 (discussing varying scenarios for

26   _____

27   [12]      Even if Plaintiffs were to prevail at trial, risks to the Settlement Class would remain, including but not limited to, the court overturning a jury verdict, or an appeal.

28   PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF SETTLEMENT WITH REMAINING DEFENDANTS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF – 3:13-cv-03889-WHO                                               - 14 -

damages), attached as exhibit 2 to the previously submitted Declaration of Christopher L. Nelson in Support of Preliminary Approval of Settlement (ECF Dkt. No. 233-1).  Plaintiffs believe that there were four partial curative disclosures that led to drops in Velti's stock price; however, if the Court found that *any* of these partial disclosures was not curative of the fraud, then the damages would fall considerably.  Moreover, any judgment against the Remaining Defendants would be reduced "by the greater of (i) an amount that corresponds to the percentage of responsibility of the Released Persons [in the Partial Settlement], or (ii) the amount paid on behalf of the Released Persons in the Partial Settlement."  Partial Sett. Final Order at ¶14.  Thus, the Settlement amount of $750,000 is reasonable, especially given the very substantial risks here as the claims against the Remaining Defendants have been dismissed thus there was a very significant risk of Class Members recovering nothing from the Remaining Defendants, and that the combined recovery for the Class from both settlement totals $10.25 million.  *See also* L.T. Bulan, E.M. Ryan, L.E. Simmons, *Securities Class Action Settlements, 2014 Review and Analysis*, Cornerstone Research (2015), at 8 (*available at* http://securities.stanford.edu/research-reports/1996-2014/Settlements-Through-12-2014.pdf) (stating that securities class action settlements in both 2013 and 2014 recovered a median of 2.2% of plaintiffs' estimated damages, which actually is an increase from a median recovery of 2.1% in 2011 and 1.8% in 2012).

### 2. Plaintiffs Have Sufficient Information to Determine the Propriety of the Settlement

While the Settlement comes before the end of the discovery process, both the knowledge of Lead Counsel and the proceeding itself have reached a stage where an intelligent evaluation of the Action and the propriety of the Settlement could be made.  *See Officers for Justice*, 688 F.2d at 625, *Mego*, 213 F.3d at 458.  As discussed above and in the Nelson Decl., Lead Counsel conducted an extensive investigation of the facts alleged, reviewed and analyzed witness accounts of Velti's operations and finances given by former Velti employees and other witnesses, engaged consultants with expertise in accounting and damages, and reviewed and analyzed documents produced by Velti. Nelson Decl. at ¶28.  The Settling Parties also participated in settlement

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF SETTLEMENT WITH REMAINING DEFENDANTS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF – 3:13-cv-03889-WHO

- 15

1    negotiations which involved an analysis of the Settlement Class's claims as well as the Remaining

2    Defendants' defenses.  As a result, Lead Counsel was able to assess the strengths and weaknesses

3    of the claims asserted and resolve the claims against the Remaining Defendants on a positive basis

4    for the Settlement Class.  *See Mego*, 213 F.3d at 459 (''"formal discovery is not a necessary ticket

5    to the bargaining table' where the parties have sufficient information to make an informed decision

6    about settlement'") (citations omitted).

7           Plaintiffs, through Lead Counsel, are thoroughly familiar with the factual and legal issues

8    in this Action.  Plaintiffs filed three complaints prior to entering into the Settlement, including the

9    Second Amended Complaint, after extensive investigation and research.  As a result, Lead Counsel

10   is thoroughly familiar with the facts of the case and has had ample opportunity to assess the

11   strengths and weaknesses of the claims in which to appraise the sufficiency of the Settlement.  *See*

12   *e.g.*, *Athale v. Sinotech Energy Ltd.,* No. 11-cv-05831, slip op. (S.D.N.Y. Sept. 4, 2013) (approving

13   partial settlement of securities class action at parallel stage of proceedings).

14                  **3.      The Recommendations of Experienced Counsel After**
                             **Extensive Litigation and Arm's-Length Settlement**
15                           **Negotiations Favor the Approval of the Settlement**

16          As the Ninth Circuit observed, "[t]his circuit has long deferred to the private consensual

17   decision of the parties" and their counsel in settling an action.  *Rodriguez v. W. Publ'g Corp.,* 563

18   F.3d 948, 965 (9th Cir. 2009).  Courts have recognized that "'[g]reat weight is accorded to the

19   recommendation of counsel, who are most closely acquainted with the facts of the underlying

20   litigation.'"  *Nat'l Rural,* 221 F.R.D. at 528.  As this Court previously recognized, "'[t]he

21   recommendations of plaintiffs' counsel should be given a presumption of reasonableness.'"

22   *Omnivision*, 559 F. Supp. 2d at 1043 (citations omitted).  Lead Counsel, having carefully

23   considered and evaluated, *inter alia*, the relevant legal authorities and evidence to support the

24   claims asserted against the Remaining Defendants, the likelihood of prevailing on these claims,

25   including the threshold matter of Plaintiffs' appeal, the risk, expense, and duration of continued

26   litigation, and the likely appeals and subsequent proceedings necessary if Plaintiffs did prevail

27   against the Remaining Defendants at trial, have concluded that the Settlement is a favorable result

28

1  for the Settlement Class.  Plaintiffs' Counsel have significant experience in securities and other

2  complex class action litigation and have negotiated numerous other substantial class action

3  settlements throughout the country.  *See* Nelson Decl. at Exs. C-E.  Here, "[t]here is nothing to

4  counter the presumption that Lead Counsel's recommendation is reasonable." *Omnivision*, 559 F.

5  Supp. 2d at 1043.

6          Indeed, the Ninth Circuit "put[s] a good deal of stock in the product of an arms-length,

7  non-collusive, negotiated resolution" in approving a class action settlement.  *Rodriguez*, 563 F.3d

8  at 965.  Indeed, there is an initial presumption of fairness for a proposed settlement that results

9  from arm's-length negotiations.  *OmniVision*, 559 F. Supp. 2d at 1043; *In re Wireless Facilities,*

10 *Inc. Sec. Litig. II*, 253 F.R.D. 607, 610 (S.D. Cal. 2008).  Here, the Settlement is the product of

11 arm's-length negotiations through counsel for the parties.  As a result, the Settling Parties were

12 able to negotiate a fair settlement, taking into account the costs and risks of litigation.

13         The settlement negotiations undertaken in connection with the Settlement produced a result

14 that the Settling Parties believe to be within their respective best interests.  Indeed, the opinion of

15 well-informed and experienced counsel in favor of the Settlement is also entitled to significant

16 weight.  *See, e.g.*, *In re Tableware Antitrust Litig.*, 484 F. Supp. 2d 1078, 1080 (N.D. Cal. 2007);

17 *In re First Capital Holdings Corp. Fin. Prods. Sec. Litig.*, No. MDL 901, 1992 WL 226321, at *2

18 (C.D. Cal. June 10, 1992) (counsel's opinion favoring settlement is a compelling factor); *Boyd*,

19 485 F. Supp. at 622.[13]  Plaintiffs and their counsel consider their claims meritorious, but not

20 without immediate and long-term risks.  They have concluded that it is in the best interests of the

21 Settlement Class to settle with the Remaining Defendants.

22

23

24

25

---

[13]     *Linney v. Cellular Alaska P'ship*, No. C-96-3008 DLJ, 1997 WL 450064, at *5 (N.D. Cal.

26 July 18, 1997), *aff'd*, 151 F.3d 1234 (9th Cir. 1998) ("the fact that the settlement agreement was
reached in arm's length negotiations, after relevant discovery [has] taken place create[s] a

27 presumption that the agreement is fair"); *Ellis*, 87 F.R.D. at 18.

28

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF SETTLEMENT
WITH REMAINING DEFENDANTS; MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT THEREOF – 3:13-cv-03889-WHO                                                    - 17 -

1    As a result of the negotiations, there can be no question that the Settlement is the result of

2  hard-fought, arm's-length negotiations and is "not the product of fraud or overreaching by, or

3  collusion between, the negotiating parties."  *Officers for Justice*, 688 F.2d at 625.  Accordingly,

4  this factor, like the other factors discussed above, strongly favors approval of the Settlement.

5                    **4.      Presence of a Governmental Participant**

6    Courts may also consider the impact of a governmental participant in the litigation.  No

7  such actor is present in this Action.  In such situations, courts have found that this consideration is

8  inapplicable.  *Nat'l Rural*, 221 F.R.D. at 528 ("There is no governmental participant in this Class

9  Action.  As a result, this factor does not apply to the Court's analysis.").  Further, the relevant

10 governmental officials were notified of the Settlement pursuant to the notice provision of the Class

11 Action Fairness Act of 2005 ("CAFA").  *See* Nelson Decl. ¶35.  "Although CAFA does not create

12 an affirmative duty for either state or federal officials to take any action in response to a class

13 action settlement, CAFA presumes that, once put on notice, state or federal officials will raise any

14 concerns that they may have during the normal course of the class action settlement procedures."

15 *See Bellinghausen v. Tractor Supply Co.*, 306 F.R.D. 245, 258 (N.D. Cal. 2015).  Lead Counsel is

16 aware of no state or federal official that has raised an objection or concern regarding the

17 Settlement.  *See* Nelson Decl. ¶35.  Thus, even if considered, this weighs in favor of Settlement.

18                    **5.      Reaction of the Settlement Class**

19    The deadline for filing objections to the Settlement, Amended Plan of Distribution and

20 Request for Attorneys' Fees is January 18, 2017.  To date, Plaintiffs' Counsel have received no

21 objections and only one request for exclusion. This reaction of the Settlement Class supports the

22 final approval of the Settlement.  *See Hanlon*, 150 F.3d at 1027 ("[T]he fact that the overwhelming

23 majority of the class willingly approved the offer and stayed in the class presents at least some

24 objective positive commentary as to its fairness."); *Larsen v. Trader Joe's Co.*, No. 11-CV-05188-

25 WHO, 2014 WL 3404531, at *5 (N.D. Cal. July 11, 2014) ("'[T]he absence of a large number of

26 objections to a proposed class action settlement raises a strong presumption that the terms of a

27

28

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF SETTLEMENT
WITH REMAINING DEFENDANTS; MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT THEREOF – 3:13-cv-03889-WHO                                          - 18 -

1   proposed class settlement action are favorable to the class members.'" (*quoting Nat'l Rural*, 221

2   F.R.D. at 529)).

3       **C.       The Proposed Settlement Involves None of the *Bluetooth* Indicia of Collusion**

4           Where, as here, a settlement agreement is negotiated prior to formal class certification,

5   there are additional issues that should be considered.  *See In re Bluetooth Headset Prods. Liab.*

6   *Litig.*, 654 F.3d 935, 946 (9th Cir. 2011).   The Ninth Circuit in *Bluetooth* outlined three

7   settlement terms that "could" indicate collusion – "signs that class counsel have allowed pursuit

8   of their own self-interests and that of certain class members to infect the negotiations." *Id.* at

9   947.   These are: (1) when counsel receive a disproportionate distribution of the settlement, or

10  when the class receives no monetary distribution but class counsel are amply rewarded; (2) when

11  the parties negotiate a "clear sailing" arrangement providing for the payment of attorneys' fees

12  separate and apart from class funds which carries the potential of enabling a defendant to pay

13  class counsel excessive fees and costs in exchange for counsel accepting an unfair settlement on

14  behalf of the class; and (3) when the parties arrange for fees not awarded to revert to defendants

15  rather than be added to the class fund.  *Id.*

16          None of the indicia of collusion identified in *Bluetooth* is present in this proposed

17  Settlement.  The Settlement establishes a common fund which provides a monetary payment to

18  the Class, and Lead Counsel is seeking attorneys' fees of 15% of the Settlement Fund, which is

19  far less than the 25% "benchmark" in the Ninth Circuit for a reasonable fee.  *Bluetooth*, 654 F.3d

20  at 942.  Moreover, there is no "clear sailing" arrangement in the Stipulation which provides that

21  any order regarding the attorneys' fee and expense request shall not be grounds for termination

22  of the Stipulation.   *See* Stipulation at ¶¶8.3, 9.5. 10.9.   Further, the Stipulation also expressly

23  provides that there will be no reversion to the Settling Defendants.  *See id.* at ¶7.9.

24  **IV.     THE PLAN OF DISTRIBUTION IS FAIR AND REASONABLE**

25          Assessment of the Amended Plan of Distribution pursuant to Rule 23 is governed by the

26  same standards of review applicable to the Settlement as a whole – the plan must be fair and

27  reasonable.  *See Class Plaintiffs*, 955 F.2d at 1284.   District courts enjoy "broad supervisory

28

1   powers over the administration of class-action settlements to allocate the proceeds among the

2   claiming class members . . . equitably." *Beecher v. Able*, 575 F.2d 1010, 1016 (2d Cir. 1978);

3   *accord In re Chicken Antitrust Litig. Am. Poultry*, 669 F.2d 228, 238 (5th Cir. 1982). An allocation

4   formula need only have a reasonable, rational basis, particularly if recommended by "experienced

5   and competent" class counsel. *White v. NFL*, 822 F. Supp. 1389, 1420 (D. Minn. 1993); *In re Gulf*

6   *Oil/Cities Serv. Tender Offer Litig.*, 142 F.R.D. 588, 596 (S.D.N.Y. 1992). *See also In re Oracle*

7   *Sec. Litig.*, No. C-90-0931-VRW, 1994 WL 502054, at *1 (N.D. Cal. Jun. 18, 1994) (reasonable

8   to allocate more to class members with stronger claims).

9        As already addressed with the Court, the proposed Amended Plan of Distribution was

10   prepared by Lead Counsel in consultation with its consultants and its proposed settlement

11   administrator, Strategic Claims Services, who found it to be fair and equitable and have assured

12   its accuracy. *See* ECF Dkt. No. 234. The Amended Plan of Distribution provides an equitable

13   basis to allocate the Net Settlement Fund among all Settlement Class Members who submit an

14   acceptable and timely Proof of Claim and Release, and is comparable to plans of distribution that

15   have been used in numerous securities class actions. The Amended Plan of Distribution will result

16   in a fair distribution and should be approved. Nelson Decl. at ¶¶36-43.

17   **V.     CERTIFICATION OF THE SETTLEMENT CLASS IS APPROPRIATE**

18       **A.     The Proposed Settlement Class Meets the Prerequisites for Class
             Certification Under Rule 23**

19        Class actions may be certified for the purpose of settlement only. *Hanlon*, 150 F.3d 1019.

20   Rule 23(a) sets forth the following four prerequisites to class certification: (i) numerosity, (ii)

21   commonality, (iii) typicality, and (iv) adequacy of representation. In addition, the class must meet

22   one of the three requirements of Rule 23(b). *See* Fed. R. Civ. P. 23; *In re UTStarcom, Inc. Sec.*

23   *Litig.*, No. C 04-04908 JW, 2010 WL 1945737, at * 3 (N.D. Cal. May 12, 2010) (citing *Hanlon*,

24   150 F.3d at 1019). The Settlement Class is defined as "all Persons . . . who purchased or otherwise

25   acquired the Shares of Velti between January 27, 2011 and August 20, 2013, inclusive".

26

27

28

1      Courts routinely endorse the use of the class action device to resolve claims brought

2 pursuant to the federal securities laws. *See, e.g.*, *Hodges v. Akeena Solar, Inc.*, 274 F.R.D 259,

3 266 (N.D. Cal. 2011); *In re Cooper Cos. Inc. Sec. Litig.*, 254 F.R.D. 628, 642 (C.D. Cal. 2009).

4 "[C]lass actions commonly arise in securities fraud cases as the claims of separate investors are

5 often too small to justify individual lawsuits, making class actions the only efficient deterrent

6 against securities fraud. Accordingly, the Ninth Circuit and courts in this district hold a liberal

7 view of class actions in securities litigation." *In re Adobe Sys., Inc. Sec. Litig.*, 139 F.R.D. 150,

8 152-53 (N.D. Cal. 1991) (citations omitted); *see also In re Seagate Tech. II Sec. Litig.*, 843 F.

9 Supp. 1341, 1350 (N.D. Cal. 1994) (same); *Cooper*, 254 F.R.D. at 642 ("The availability of the

10 class action to redress such frauds has been consistently upheld, in large part because of the

11 substantial role that the deterrent effect of class actions plays in accomplishing the objectives of

12 the securities laws.") (quoting *Blackie v. Barrack*, 524 F.2d 891, 903 (9th Cir. 1975)). This Action

13 is no exception, just as the Court already found as to the Partial Settlement, and Plaintiffs submit

14 that the proposed Settlement Class satisfies each of the requirements of Rules 23(a) and 23(b)(3).

15 *See* Partial Sett. Final Judgment at ¶ 4.

16          **1.**     **Numerosity**

17      Rule 23(a)(1) requires that the class be so numerous that joinder of all class members is

18 impracticable. The Ninth Circuit has stated that "'impracticability' does not mean 'impossibility,'

19 but only the difficulty or inconvenience of joining all members of the class." *Harris v. Palm*

20 *Springs Alpine Estates, Inc.*, 329 F. 2d 909, 913-14 (9th Cir. 1964) (citation omitted). Indeed,

21 classes consisting of 25 members have been held to be large enough to justify certification. *See*

22 *Perez-Funez v. Dist. Director, Immigration & Naturalization Serv.*, 611 F. Supp. 990, 995 (C.D.

23 Cal. 1984); s*ee also Welling v. Alexy*, 155 F.R.D. 654, 656 (N.D. Cal. 1994) (no set number cut-

24 off for numerosity).

25      Here, Velti's shares traded on the NASDAQ, with more than 65 million shares of common

26 stock outstanding during the Class Period and over 3,500 validly accepted claims received as part

27 of the Partial Settlement. ECF Dkt. No. 181. Accordingly, the proposed Settlement Class consists

28

1    of thousands of investors who purchased Velti shares during the Class Period.  A class of this size

2    is sufficiently numerous to make individual joinder impracticable.  *See UTStarcom*, 2010 WL

3    1945737, at *4; *Yamner v. Boich*, No. C-92-20597 RPA, 1994 WL 514035, at *3 (N.D. Cal. Sept.

4    15, 1994).  Numerosity is satisfied.

5                        **2.      Commonality**

6            Rule 23(a)(2) is satisfied where the proposed class representatives share at least one

7    question of fact or law with the claims of the prospective class.  *Wehner v. Syntex Corp.*, 715

8    F.R.D. 641, 644 (N.D. Cal. 1987).  Further, commonality exists even if there are varying fact

9    situations among individual members of the class so long as the claims of the plaintiffs and other

10   class members are based on the same legal or remedial theory.  *Blackie*, 524 F.2d at 902.

11           The common questions of fact and law include: (i) whether the Remaining Defendants

12   violated the federal securities laws; (ii) whether the Remaining Defendants misstated and/or

13   omitted to state material facts in public statements and SEC filings; (iii) whether the Remaining

14   Defendants participated directly or indirectly in the misconduct; (iv) whether the Remaining

15   Defendants knew or recklessly disregarded that their statements were false and misleading; (v)

16   whether the price of Velti shares was artificially inflated; and (vi) the appropriate measure of

17   damages.[14]   Securities actions containing common questions such as the ones listed above

18   repeatedly have been held to be prime candidates for class certification.  Additionally, because the

19   core complaint of all Settlement Class Members is that they purchased shares of Velti at artificially

20   inflated prices, the commonality requirement of Rule 23(a)(2) is satisfied.

21

22   [14]       *See also UTStarcom*, 2010 WL 1945737, at *4 (finding common questions of law and fact
     as to whether "Defendants engaged in a fraudulent scheme and omitted or misrepresented material

23   facts," whether the "publicly traded securities were artificially inflated," and whether
     "Defendants' . . . omissions caused class members to suffer economic losses").  Here, there are

24   common questions of law and fact because Defendants' alleged misconduct affected all Settlement
     Class Members in the same manner; *i.e.*, Defendants' false and misleading statements and

25   omissions artificially inflated the price of Velti's Securities.  *See, e.g.*, *In re VeriSign, Inc. Sec.
     Litig.*, No. C 02-02270-JW, 2005 U.S. Dist. LEXIS 10438, at *32 (N.D. Cal. Jan. 13, 2005) ("Here,

26   the issues common to the class – namely, the nature and extent of Defendants' alleged
     misrepresentations and the like – are predominant."); *In re Emulex Corp., Sec. Litig.*, 210 F.R.D.

27   717, 721 (C.D. Cal.  2002).

28
     PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF SETTLEMENT
     WITH REMAINING DEFENDANTS; MEMORANDUM OF POINTS AND AUTHORITIES IN
     SUPPORT THEREOF – 3:13-cv-03889-WHO                                                              - 22

1

### 3.    Typicality

2       The typicality requirement of Rule 23(a)(3) is satisfied when the claims or defenses of the

3  party or parties representing the class are typical of the claims or defenses of the other class

4  members.  *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 625 (1997) (common-issues test

5  readily met in securities cases); *Crossen v. CV Therapeutics*, No. C 03-03709 SI, 2005 WL

6  1910928, at *4 (N.D. Cal. Aug. 10, 2005) (same). Differences in the amount of damage, the size

7  or manner of purchase, the nature of the purchaser, and the date of purchase are insufficient to

8  defeat class certification.  *See Alfus v. Pyramid Tech. Corp.*, 764 F. Supp. 598, 606 (N.D. Cal.

9  1991).  *See also West*, 2006 WL 1652598, at *5.

10      Here, because the claims of Plaintiffs arise from the same events or course of conduct that

11  give rise to claims of other Settlement Class Members the typicality requirement is satisfied.  *See*

12  *UTStarcom*, 2010 WL 1945737, at *5.  That is, Plaintiffs, like the other Settlement Class Members,

13  purchased Velti shares in the same manner and those shares were all inflated based on the same

14  conduct by the Remaining Defendants.  *See, e.g.*, *Emulex*, 210 F.R.D. at 287.

15      Finally, Plaintiffs are not subject to any unique defenses that could render them atypical.

16  Therefore, Lead Counsel submits that this Court should find that Plaintiffs' claims are typical of

17  the claims of the Settlement Class.  *See Akeena Solar*, 274 F.R.D. at 266-67; *Cooper*, 254 F.R.D.

18  at 635-36.

19

### 4.    Adequacy

20      The representative parties must satisfy Rule 23(a)'s adequacy requirement by showing that

21  they will fairly and adequately protect the interests of the Settlement Class.  The proposed class

22  representative must be free of interests that are antagonistic to the other members of the class, and

23  counsel representing the class must be qualified, experienced and capable of conducting the

24  litigation.  *See Lerwill v. Inflight Motion Pictures, Inc.*, 582 F. 2d 507, 512 (9th Cir. 1978); *Hanlon*,

25  150 F.3d at 1020.

26      Plaintiffs, like all Settlement Class Members, purchased Velti shares at artificially inflated

27  prices as a result of the Remaining Defendants' alleged materially false and misleading statements

28

1    and/or omissions.  Further, Plaintiffs have retained counsel highly experienced in securities class

2    action litigation and who have successfully prosecuted many securities and other complex class

3    actions throughout the United States.[15]   Thus, Plaintiffs are adequate representatives of the

4    Settlement Class, and its counsel are qualified, experienced and capable of prosecuting this Action,

5    in satisfaction of Rule 23(a)(4).

### 5.   Common Questions of Law Predominate and a Class Action Is the Superior Method of Adjudication

7          The Settlement also satisfies Rule 23(b)(3), which requires that the proposed class

8    representatives establish that common questions of law or fact predominate over individual

9    questions, and that a class action is superior to other available methods of adjudication.  *See Erica*

10   *P. John Fund, Inc. v. Halliburton Co.*, 131 S. Ct. 2179, 2184 (2011) (common questions must

11   predominate); *In re LDK Solar Sec. Litig.*, 255 F.R.D. 519, 525 (N.D. Cal. 2009); *Vathana v.*

12   *EverBank*, No. C 09-02338 RS, 2010 WL 934219, at *2 (N.D. Cal. Mar. 15, 2010).

13         Common questions of law and fact predominate and a class action is the superior method

14   available to fairly and efficiently litigate this securities action.[16]   The superiority of class actions

15   in large securities cases is well recognized.  *See Amchem Prods.*, 521 U.S. at 625 (finding common

16   questions predominated in securities class action certified for settlement).

17         As discussed above, there are a number of common questions of law and fact that would

18   warrant class certification.  These questions clearly predominate over individual questions because

19   Defendants' alleged conduct affected all Settlement Class Members in the same manner.  *See, e.g.*,

20   *Cooper*, 254 F.R.D. at 63 ("The common questions of whether misrepresentations were made and

21   whether Defendants had the requisite scienter predominate over any individual questions of

22   reliance and damages."); *Emulex*, 210 F.R.D. at 721 ("The predominant questions of law or fact at

23

24   _____

25   [15]      *See* ECF Dkt. No. 44.

26   [16]      When certifying a settlement class, the "superiority" element under Rule 23(b)(3) may be
     relaxed as the Court need not consider the difficulties of future litigation or trial.  *See, e.g.*,
     *Ybarrondo v. NCO Fin. Sys., Inc.*, No. 05cv 2057-L(JMA), 2009 WL 3612864, at *7 n.3 (S.D. Cal.
27   Oct. 28, 2009); *Murillo v. Pac. Gas & Elec. Co.*, 266 F.R.D. 468, 477 (E.D. Cal. 2010).

28

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF SETTLEMENT
WITH REMAINING DEFENDANTS; MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT THEREOF – 3:13-cv-03889-WHO                                          - 24 -

1   issue in this case are the alleged misrepresentation Defendants made during the Class Period and

2   are common to the class.").

3        All requirements of Rule 23(a) and (b) are satisfied, and there are no issues that would

4   prevent the Court from certifying this Settlement Class for settlement purposes, appointing

5   Plaintiffs as the Class Representatives, and appointing Lead Counsel as Class Counsel for the

6   Settlement Class. *See, e.g.*, *Wahl v. Am. Sec. Ins. Co*., No. C08-00555-RS, 2011 U.S. Dist. LEXIS

7   59559, at *5-*6 (N.D. Cal. June 2, 2011) (class certified for settlement purposes); *Gittin v. KCI

8   USA, Inc*., No. 09-CV-0583 RS, 2011 WL 1467360, at *19 (N.D. Cal. Apr. 12, 2011) (same).

9   **VI.    NOTICE AS ORDERED BY THE COURT HAS BEEN PROVIDED TO**
       **THE SETTLEMENT CLASS AND COMPORTS WITH DUE PROCESS**

10

11       The Preliminary Approval Order directed Notices to the Settlement Class by mail and

    publication. ECF Dkt. No. 240.  The Court's method of Notice satisfies Fed. R. Civ. P. 23(c)(2)(B)

12  and due process.  *See e.g.*, *Wireless Facilities*, 253 F.R.D. 607; *In re Portal Software, Inc. Sec.

13  Litig.*, No. C 03 5138 VRW, 2007 WL 1991529, at *7 (N.D. Cal. June 30, 2007) (holding that

14  "notice by mail and publication is the 'best notice practicable under the circumstances,' as

15  mandated by FRCP 23(c)(2)(B)").  Pursuant to the Preliminary Approval Order, mailing of the

16  Postcard Notice was completed by October 24, 2016, the Summary Notice was published in the

17  national edition of *Investor's Business Daily* as well as over the *Business Wire* on October 31,

18  2016, and the Notice of Pendency and Proposed Settlement of Class Action and other relevant

19  documents, including the Stipulation, were posted on the Settlement website,

20  www.veltisecuritieslitigation.com.[17]  Nelson Decl. at ¶¶30-33.

21       The Postcard Notice was mailed to all registered holders of Velti common stock during the

22  Settlement Class Period, as identified by Velti's transfer agent, additional potential class members

23  who were identified in connection with the administration of the Partial Settlement, and to a list of

24

25

26  [17]    Plaintiff's Motion for Final Approval of Proposed Class Action Settlement and supporting
    papers and Plaintiff's Motion for Attorneys' Fees and Reimbursement of Litigation Expenses and

27  supporting papers will also be posted on www.veltisecuritieslitigation.com after these documents
    are filed with the Court.

28  PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF SETTLEMENT
    WITH REMAINING DEFENDANTS; MEMORANDUM OF POINTS AND AUTHORITIES IN
    SUPPORT THEREOF – 3:13-cv-03889-WHO                                              - 25 -

1   the largest and most common banks, brokers and other nominees maintained by the Claims

2   Administrator.  Nelson Decl. at ¶ 31.

3          As such, under the circumstances of this case, the "best notice practicable" was

4   disseminated.

5   **VII.    CONCLUSION**

6          Based upon the foregoing reasons, Plaintiffs respectfully request that the Court: (1) certify

7   the Settlement Class; (2) grant final approval to the Settlement; (3) grant final approval to the

8   Amended Plan of Distribution; and (4) find the Notice Procedures employed herein meet due

9   process requirements.

10   DATED:  December 22, 2016                    Respectfully submitted,

11                                               THE WEISER LAW FIRM, P.C.
                                                 KATHLEEN A. HERKENHOFF (SBN 168562)
12

13

14                                               _____s/ KATHLEEN A. HERKENHOFF_____
                                                      KATHLEEN A. HERKENHOFF
15

16                                               12707 High Bluff Drive, Suite 200
                                                 San Diego, CA 92130
17                                               Telephone:  (858) 794-1441
                                                 Facsimile:  (858) 794-1450
18                                               kah@weiserlawfirm.com

19                                               THE WEISER LAW FIRM, P.C.
                                                 ROBERT B. WEISER
20                                               (admitted *pro hac vice*)
                                                 CHRISTOPHER L. NELSON
21                                               (admitted *pro hac vice*)
                                                 JAMES M. FICARO
22                                               (admitted *pro hac vice*)
                                                 22 Cassatt Avenue, First Floor
23                                               Berwyn, PA 19312
                                                 Telephone: (610) 225-2677
24                                               Facsimile:  (610) 408-8062
                                                 rw@weiserlawfirm.com
25                                               cln@weiserlawfirm.com
                                                 jmf@weiserlawfirm.com
26
                                                 *Lead Counsel for Plaintiffs and Counsel for Lead*
27                                               *Plaintiff Bobby Yadegar/Ygar Capital LLC*

28

1      BERMAN DEVALERIO
       JOSEPH J. TABACCO, JR. (SBN 75284)

2      NICOLE LAVALLEE (SBN 165755)
       KRISTIN MOODY (SBN 206326)

3      One California Street, Suite 900
       San Francisco, CA 94111

4      Telephone: (415) 433-3200
       Facsimile:  (415) 433-6382

5      jtabacco@bermandevalerio.com
       nlavallee@bermandevalerio.com

6      kmoody@bermandevalerio.com

7      *Attorneys for Plaintiff St. Paul Teachers'*
       *Retirement Fund Association*

8

9      LABATON SUCHAROW LLP
       JONATHAN GARDNER

10     (admitted *pro hac vice*)
      140 Broadway, 34th Floor

11     New York, NY 10005
      Telephone: (212) 907-0700

12     Facsimile: (212) 818-0470
      jgardner@labaton.com

13     *Attorneys for Plaintiffs Newport News*
      *Employees' Retirement Fund and Oklahoma*

14     *Firefighters Pension and Retirement System*

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

<u>CERTIFICATE OF SERVICE</u>

2

I hereby certify that on December 22, 2016, I authorized the electronic filing of the

3

foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of

4

such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List.

5

I certify under penalty of perjury under the laws of the United States of America that the

6

foregoing is true and correct.  Executed on December 22, 2016.

7

8

                                    s/ KATHLEEN A. HERKENHOFF
                                    KATHLEEN A. HERKENHOFF

9

10

THE WEISER LAW FIRM, P.C.
12707 High Bluff Drive, Suite 200
San Diego, CA 92130
Telephone:  (858) 794-1441
Facsimile:  (858) 794-1450

11

12

Email:  kah@weiserlawfirm.com

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Mailing Information for a Case 3:13-cv-03889-WHO Rieckborn v. Velti plc et al**

**Electronic Mail Notice List**

The following are those who are currently on the list to receive e-mail notices for this case.

- **AYM Aggressive Value Fund, LP**
  asteyer@steyerlaw.com

- **Peter E. Borkon**
  peterb@hbsslaw.com

- **Donald A. Broggi**
  dbroi@scott-scott.com

- **Joseph Daniel Cohen**
  jcohen@scott-scott.com

- **Hal Davis Cunningham**
  hcunningham@scott-scott.com,efile@scott-scott.com

- **Brock Dahl**
  bdahl@wsgr.com

- **Patrick Norton Downes**
  pdownes@loeb.com,ptaylor@loeb.com

- **Cynthia A. Dy**
  cdy@wsgr.com

- **Boris Feldman**
  boris.feldman@wsgr.com

- **Christine M. Fox**
  cfox@labaton.com,lmehringer@labaton.com,electroniccasefilings@labaton.com,fmalonzo@labaton.com

- **Jonathan Gardner**
  jgardner@labaton.com,jjohnson@labaton.com,cvillegas@labaton.com,acoquin@labaton.com,lmehringer@labaton.com,fmalonzo@labaton.com,acarpio@labaton.com,agreenbaum@labaton.com

- **Lionel Z. Glancy**
  info@glancylaw.com,lglancy@glancylaw.com

- **Michael M. Goldberg**
  michael@goldberglawpc.com

- **Joseph P. Guglielmo**
  jguglielmo@scott-scott.com

- **Christopher T. Heffelfinger**
  cheffelfinger@bermandevalerio.com,ysoboleva@bermandevalerio.com

- **Kathleen Ann Herkenhoff**
  kah@weiserlawfirm.com,jmf@weiserlawfirm.com,hl@weiserlawfirm.com

- **Reed R. Kathrein**
  reed@hbsslaw.com,peterb@hbsslaw.com,brianm@hbsslaw.com,sf_filings@hbsslaw.com

- **Nicole Catherine Lavallee**
  nlavallee@bermandevalerio.com,kmoody@bermandevalerio.com,ysoboleva@bermandevalerio.com

- **Luke Anthony Liss**
  lliss@wsgr.com,fgarcia@wsgr.com

- **Robert Alan Meyer**
  rmeyer@loeb.com,ptaylor@loeb.com

- **Donald Anthony Miller**
  dmiller@loeb.com,vmanssourian@loeb.com

- **Matthew C Moehlman**
  mmoehlman@labaton.com

- **Kristin J. Moody**
  kmoody@bermandevalerio.com

- **Christopher Leigh Nelson**
  cln@weiserlawfirm.com

- **Park West Investors Market Fund, Limited**
  asteyer@steyerlaw.com

- **Park West Investors Master Fund, Limited**
  asteyer@steyerlaw.com

- **Park West Partners International Limited**
  asteyer@steyerlaw.com

- **Anthony David Phillips**
  aphillips@archernorris.com,dtatmon@archernorris.com

- **Joseph Mark Profy**
  jmp@weiserlawfirm.com

- **Robert Vincent Prongay**
  rprongay@glancylaw.com,info@glancylaw.com,echang@glancylaw.com,bmurray@glancylaw.com

- **Mark Punzalan**
  markp@punzalanlaw.com,office@punzalanlaw.com

markp@panzialanlaw.com,office@panzialanlaw.com

- **Brian J. Robbins**
  notice@robbinsarroyo.com

- **Casey Edwards Sadler**
  csadler@glancylaw.com

- **Charlene Sachi Shimada**
  charlene.shimada@morganlewis.com

- **Evan Jason Smith**
  esmith@brodsky-smith.com

- **Allan Steyer**
  asteyer@steyerlaw.com,lrorem@steyerlaw.com

- **Michael Walter Stocker**
  mstocker@labaton.com,drogers@labaton.com,ravan@labaton.com,ElectronicCaseFiling@labaton.com,lmehringer@labaton.com

- **Jon A Tostrud**
  jtostrud@tostrudlaw.com,acarter@tostrudlaw.com

- **Diane Marie Walters**
  dwalters@wsgr.com,vshreve@wsgr.com

- **Lucy Han Wang**
  lucy.wang@morganlewis.com

- **Robert Brian Weiser**
  rw@weiserlawfirm.com

- **Wendy Hope Zoberman**
  wzoberman@bermandevalerio.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)